FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
2005 FEB 18 P 12:46
District of Massachusetts

U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil Docket No.

_____

JOSEPH PETER SCHMITT, PRO SE

PLAINTIFF

-vs- 05 - 10571 RCL

CARTER THOMAS,

WILLIAM GROSSI,

ERNEST THERIEN,

PETER ALLEN,

MA. DEPT. OF CORRECTION,

MA. DEPT. OF PUBLIC SAFETY,

DEFENDANTS

## COMPLAINT

### INTRODUCTION

This is an action for Declaratory Judgement pursuant to 28
U.S.C.A. § 220, U.S.C.A. 18 § 242 for Willful Deprivation of Rights,
and for Damagages pursuant to 42 U.S.C.A. § 1983, brought by the
pro se plaintiff, Joseph Peter Schmitt. Plaintiff alleges that the
defendants individually and/or collectively violated his Due Process
right and Freedom of Speech guaranteed under the United States
Constitution and Massachusetts Declaration of Rights.

### PARTIES

Plaintiff, Joseph Peter Schmitt, is a pro se litigant who is
presently being detained at the Treatment Center in Bridgewater
pursuant to M.G.L.c. 123A pending trial.

Defendant number one is Carter Thomas who held the position of IPS CO at MCI-Cedar Junction at times described in the complaint. This defendant has a mailing address of MCI-Cedar Junction P.O. Box 100 South Walpole Massachusetts 02071-0100. He is sued in his official and individual capacities.

Defendant number two is William Grossi who held the position of IPS Commander, the direct supervisor of defendant number one, at MCI-Cedar Junction at times described in the complaint. This defendant has the mailing address of MCI-Cedar Junction P.O. Box 100 South Walpole Massachusetts 02071-0100. He is sued in his official and individual capacities.

Defendant number three is Ernest Therien who held the position of Disciplinary Sergeant at MCI-Cedar Junction at times described in the complaint. This defendant has the mailing address of MCI-Cedar Junction P.O. Box 100 South Walpole Massachusetts 02071-0100. He is sued in his official and individual capacities.

Defendant number four is  Peter Allen who held the position of Superintendent at MCI-Cedar Junction at the times described in the complaint. The present address for this defendant is unknown as he is nolonger superintendent of MCI-Cedar Junction. This defendant is sued in his official and individual capacities.

Defendant number five is  Massachusetts Department of Correction and is the employer of all the forementioned defendants. This defendant is liable for all of its employees actions. This defendant has a mailing address of 50 Maple Street Milford Massachusetts 01757-3698.

02-1223, charged the Plaintiff with the following offenses for
writing a personal letter intended for Joseph T. Chavez; #2
VIOLATING ANY DEPARTMENTAL RULE OR ANY OTHER RULE, REGULATION, OR
CONDITION OF AN INSTITUTION OR COMMUNITY-BASED PROGRAM, #18 FIGHTING
WITH, ASSAULTING, OR THREATENING ANOTHER PERSON WITH ANY OFFENSE
AGAINST HIS PERSON OR PROPERTY, #19 USE OF OBSCENE, ABUSIVE OR
THREATENING LANGUAGE, ACTION, OR GESTURE TO ANY INMATE, STAFF MEMBER,
OR VISITORS, #32 VIOLATING ANY LAW OF THE COMMONWEALTH OF MASSACHUSETTS
OR THE UNITED STATE, #33 ATTEMPTING TO COMMIT ANY OF THE ABOVE OFFENSES,
MAKING PLANS TO COMMIT ANY OF THE ABOVE OFFENSE, SHALL BE CONSIDERED
THE SAME AS THE COMMISSION OF THE OFFENSE ITSELF.

8)    On numerous occassions Plaintiff wrote and submitted official
letters of complaint to defendants Peter Allen, Ernest Therien,
William Grossi, and the Department of Correction regarding the fact
that defendant Carter Thomas used the disciplinary procedure as a
weapon for retaliation against the Plaintiff because he wrote a letter
to a friend and expressed unkind facts and opinions about defendant
Carter Thomas. Plaintiff received absolutely no response on any of
his complaint letters.

9)    Defendant Carter Thomas did in fact issue and author two seperate
disciplinary reports, dated June 12,2002 and June 20,2002, which use
the exact same 12 page letter dated 5-30-02 through 6-4-02 addressed
to Joseph T. Chavez.

10)    Due to the fact that Plaintiff was serving a Department
Disciplinary Unit sanction the issuance of a disciplinary report
was sufficient to prevent him from gaining privileges to use the

phone, receive a radio and or television as a DDU inmate. This fact is well know among the staff of MCI-Cedar Junction and its inmate population. This is a blatant violation of inmates due process as guaranteed under the Massachusetts Declaration of Rights and the United States Constitution.

## DISCUSSION OF FACTS

11) Carter Thomas clearly used his official position and official disciplinary procedure and regulations,which are promulgated pursuant to the State's Administrative Procedure Act and carries the force of law, for his personal retaliation against Plaintiff who, as defendant Carter Thomas indicates in his written disciplinary reports, refered to this defendant as a "NIGGER" and "ZEBRA" in his personal letter to Joseph T. Chavez.

12) Defendant Ernest Therien negligently allowed defendant Carter Thomas to file two seperate yet identical disciplinary reports against the PLaintiff. This shows a deliberate indifferance towards Plaintiff's rights and towards the regulations of the Department of Correction and the law of the Commonwealth.

13) Defendant Peter Allen, as superintendent of MCI-Cedar Junction, had complete authority over all officials at MCI-Cedar Junction yet he deliberately failed to take action against defendant IPS CO Carter Thomas when the illegal issue noted in this complaint was brought to his attention in written form.

14) It can be proven by evidence obtained from the Department of Correction by the Worcester County District Attorney's Office that defendant Carter Thomas, and without doubt many other MCI-Cedar

Junction officials had complete knowledge that Plaintiff was going to be subject to M.G.L.c. 123A SDP Civil Committment Trial. This fact is noted in defendant Carter Thomas's official EXECUTIVE SUMMARY/101-19 dated October 17,2001. With this undeniable fact exposed it is extremely questionable as to why Plaintiff received so many disciplinary reports revolving around allegations that he threatened staff members and staff members children and other subject matter that would only harm him when reviewed for civil committment pursuant to M.G.L.c. 123A. It surely would not be any stretch of the imagination to accuse the defendants of conspirering to get the Plaintiff civilly committed by filing false allegations and bogus disciplinary reports against PLaintiff, when defendants and defendants co-workers know full well that Plaintiff's institutional records would be used against him, especially any and all allegations involving children and threats to hurt anyone.

## LEGAL ARGUMENT

15)  Defendants actions have deprived Plaintiff of due process right and as a direct result of said action Plaintiff was unable to obtain the liberties allowed him according to Department of Correction Rules and Regulations, and also caused a permanate blemish upon his inmate records which are now being used to possibly civilly commit him for upwards of natural life. "Prisoners have a due process right to hearing before he may be deprived of liberty interest on basis of misbehavior report. BODDIE vs SCHNIEDER, 105 F3d 857 (2nd Cir. 1997)".

16)  Defendants actions have violated the Plaintiff's Freedom of Speech as guaranteed by the Massachusetts Declaration of Rights and

the United States Constitution.

17) Defendants actions have violated Plaintiff First Amendment Right as well as the intended recipient of the letter for which this action is based upon. See HALL vs CURRAN, 818 F2d 1040 (2nd Cir. 1987).

18) Prison inmates have a recognized First Amendment interest in receiving mail. And, prisoners constitutional right to send and receive mail may be restricted only for legitimate penological interests only. See PHELPS vs FEDERAL GOVERNMENT, 15 F3d 735 8th Cir. 1994) also see GRIFFIN vs LOMBARDI, 946 F2d 604 (8th Cir. 1991.

19) The Supreme Court has held unconstitutional the censorship of prisoners mail when prison officials censor simply by indulging their "personal prejudices and opinions" while purporting to apply constitutional standard. Other Courts have agreed that when reviewing officials merely "apply their own personal prejudices for mail censorship," they deprive prisoners of Constitutional Protection. See PROCUNIER vs MARTINEZ, 416 US at 415, 94 S.Ct at 1812. Also see TRAPNELL vs RIGGSBY, 622 F.2d 290, 293 (7th Cir. 1980. Also see ACCORD PEPPERLING vs CRIST, 678 F. 2d 787, 790 (9th Cir. 1982). (Prison officials have no legitimate governmental interest in imposing their own standards of sexual morality on the inmates.)

20) "...Prisoners are not wholly striped of their Constitutional Protected Rights..." See WOLFF vs MCDONNELL, 94 S.Ct 2963, 2974, 41 L.Ed 2d 935 (1974).

21) "An inmate has the right to expect prison official to follow its own polocies and regulations." See PAYNE vs BLOCK, 714 2nd 1510

(11th Cir. 1984).

22)   Prison walls are not a barrier seperating inmates from the protections of the Constitution. See GIANO vs SENKOWSKI, 84 F3d 1050 (2nd Cir. 1995).

23)   Retaliation against inmate for exersizing his constitutional rights is itself  violation of constition. THADDEUS-X vs BLATTER, 110 F3d 1233 (6th Cir 1997).

24)   Speech that stirs passions, resentments, or anger is fully protected by the First Amentment. See COLLINS vs JORDAN, 102 F.3d 406 (9th Cir. 1996).


## CONCLUSSION

25)   Defendant Carter Thomas official actions against the Plaintiff can not be viewed as anything short of retaliation with vicious intent to cause Plaintiff greater struggles in his SDP Civil Trial.

26)   Other defendants and/or co-workers shared a knowlege of Plaintiff's pending release and his immediate criminal charges which have caused Plaintiff great pregudice over the years of his incarceration at the hands of Correctional Officials/Employees.

27)   Plaintiff's permanate records are blemished with two disciplinary reports authored by defendant Carter Thomas and Plaintiff was not afforded any opportunity to challenged the reports.

28)   None of MCI-Cedar Junction officials named as defendants who had the authority to review and/or dismiss the disciplinary reports did so which allowed defendant Carter Thomas's blantant acts of corrupt abusive retaliation to go unchecked. This constitutes supervisorial negligence and deliberate indifferance.

29) Defendants named with addresses or authority at MCI-Cedar Junction had an obligation to protect plaintiff. Plaintiff was sentenced to prison as a punishment, not to be punished. See BATTLE vs ANDERSON, 447 F.Supp. 516 (S.D. New York 1997) also see WOLFISH vs LEVI, 439 F Supp. 114 (S.D. New York 1997).

30) As indicated by the various actions before this Court, the Plaintiff has been violated by named and other Department of Correction officials over his long years of incarceration, but the noticable portion of the abuse only starts during the period it is known by defendants that Plaintiff is being subjected to M.G.L.c. 123A SDP Civil Commitment Trial. This in itself shines light on the true intentions and level of corruption the defendants rose to against the Plaintiff.

## JURISDICTION

31) This Court has jurisdiction of this case pusuant to 28 U.S.C.A. 1331, and the Constitution of the United States, et. seq.

## CLAIMS FOR RELIEF

32) The actions of the defendants violated the Plaintiff's Due Process Rights as established by 103-CMR 430 et seq., which are the Disciplinary Regulations for the Department of Correction. These regulations are promulgated pursuant to the State Administrative Procedure Act and have the force of law.

33) The actions of the defendants violated the Plaintiff's Due Process Rights as guaranteed by the Massachusetts Declaration of

Rights.

34)   The actions of the defendants violated the Plaintiff's Due
Process Rights as guaranteed by the United States Constitution.

35)   The actions of the defendants violated the Plaintiff's Freedom
of Speech Rights as guaranteed by the Massachusetts Declaration of
Rights.

36)   The actions of the defendants violated the Plaintiff's Freedom
of Speech Rights as guaranteed by the United States Constitution.

37)   The actions of the defendants, who are state official acting
under color of law, violated 42 U.S.C.A. § 1983 and U.S.C.A. § 242.


## PRAYERS FOR RELIEF

38)   **WHEREFORE,** Plaintiff requests this Honorable Court:

39)   Declare that the actions of the defendants violated the laws
of the Commonwealth of Massachusetts; the Massachusetts Declaration
of Rights; and, the United States of America Constitution.

40)   Enjoin defendants to expunge the above related material and
all records created by said material from Plaintiff's prison records.
And also to declare the name and address of whom if anyone any of
the forementioned materials, records were given a copy of or the
original materials noted above. And, to return all material to Plaintiff.

41)   Grant monetary damages to Plaintiff

42)   Grant punitive damages to PLaintiff.

43)   Grant damages to Plaintiff pursuant to 42 U.S.C.A. § 1983 and
the Massachusetts Declaration of Rights.

44)   Grant Plaintiff all cost of this action and reasonable attorney

fees as a pro se litigant.

45) Take action against defendants pursuant to 18 U.S.C.A. §242.

46) Grant such other and further relief as this Honorable Court deems just and proper.

Dated: February 16, 2005

Respectfully submitted,

Joseph Peter Schmitt, pro se
MA. Treatment Center
30 Administration Road
Bridgewater, MA. 02324-3230

Cc: JPS FILE

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Joseph Peter Schmitt, Pro se

IN CLERKS OFFICE

2005 FEB 18 P 12: 46

**DEFENDANTS**

Carter Thomas, et al

US DISTRICT COURT
DISTRICT OF MASS.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Norfolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mass. Treatment Center
30 Administration Road
Bridgewater, MA. 02324-3230

ATTORNEYS (IF KNOWN)

05 - 10571 RCL

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C.A. §220 and 18 U.S.C.A. § 242 and 42 U.S.C.A. §1983 Plaintiff alleges
abuse of his state and federal rights.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE RWZ

DOCKET NUMBER 04-10717

DATE
February 16, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FILED
CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 FEB 18 P 12: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) ____ Schmitt vs Thomas

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

___   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

_X_   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

___   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

___   IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

___   V.   150, 152, 153.

05-10571 RCL

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

Schmitt vs Mulvey et al 04-10717-RWZ

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                YES          NO  X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                YES          NO  X

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                YES          NO  X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                YES  X       NO

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION   X      CENTRAL DIVISION          WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ____ Joseph Peter Schmitt

ADDRESS _ 30 Administration Road  Bridgewater, MA. 02324-3230

TELEPHONE NO. ____

(Cover sheet local.wpd - 11/27/00)