```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JOSEPH P. SCHMITT, pro se,      )
                                )
         Plaintiff,             )
                                )
    v.                          )    C.A. No. 05-10571-RWZ
                                )
CARTER THOMAS, et al.,          )
                                )
         Defendants.            )
_____


JOSEPH P. SCHMITT, pro se,      )
                                )
         Plaintiff,             )
                                )
    v.                          )    C.A. No. 05-10573-RWZ
                                )
MA. DEPARTMENT OF CORRECTION,   )
et al.,                         )
                                )
         Defendants.            )
```

### ORDER ON PLAINTIFF'S MOTIONS
### TO PROCEED IN FORMA PAUPERIS

Before the Court are the motions of plaintiff Joseph P. Schmitt to proceed without the prepayment of filing fees. For the reasons set forth below, the Court denies the motions with prejudice.

### BACKGROUND

On February 2005, Schmitt, currently in custody at the Massachusetts Treatment Center in Bridgewater, Massachusetts, filed complaints in the above-captioned actions in which he alleges that, during his incarceration at MCI Concord from 2001 through August 2002, correctional officers and others violated Schmitt's civil rights.

Schmitt also filed applications to waive the $250.00 filing fee assessed for commencing each action. According to the applications, Schmitt's canteen and savings account balances are $2,450.00 and $1.12, respectively. Schmitt reports that he does not have any other liquid assets and did not receive any income in the past six months. He spends approximately $240 a month on food, stationary, and cosmetics.

## DISCUSSION

In enacting the federal *in forma pauperis* statute, codified at 28 U.S.C. § 1915, "Congress 'intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible ... to pay or secure the costs' of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948) (alteration in original)). Leave to file *in forma pauperis* "has always been a matter of grace, a privilege granted in the court's discretion ...," *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000), and is reserved only for those who cannot pay the filing fee "and still be able to provide [themselves] and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotation marks omitted).

Here, Schmitt has not shown that he does not have an

opportunity to prosecute a claim "solely because ... poverty makes it impossible ... to pay or secure the costs of litigation." Denton, 504 U.S. at 31. Because the Commonwealth of Massachusetts pays for the necessities of Schmitt's life, Schmitt may use a portion of his $2,450.00 to pay filing fees and still afford small amenities. Schmitt's access to the courts is not "blocked by his financial condition; rather, he is merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case." Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 686 F. Supp. 385, 388 (N.D.N.Y.), aff'd, 865 F.2d 22 (1988) (internal quotation marks omitted) (alteration in original).

## CONCLUSION

ACCORDINGLY, the plaintiff's applications to proceed without prepayment of fees are therefore DENIED. If the plaintiff does not pay the $250.00 filing fee for each case within thirty-five (35) days of the date of this order, the case or cases will be dismissed without prejudice for failure to pay the filing fee. SO ORDERED.

```
 July 22, 2005              /s/ Rya W. Zobel
DATE                        UNITED STATES DISTRICT JUDGE
```