UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAY -5

U.S. DISTRICT COURT
DISTRICT OF MASS

JOSEPH PETER SCHMITT, pro se.,
        Plaintiff,

   -vs-

CARTER THOMAS, et al.,
MA. DEPT. OF CORRECTION, et al.,
MA. DEPT. OF CORRECTION, et al.,
        Defendants.

CIVIL ACTION DOCKET NOS.
05-10571-RWZ
05-10573-RWZ
05-11039-RWZ

### PLAINTIFF'S EMERGENCY MOTION FOR COURT ORDER

Now comes the pro se PLaintiff in the above captioned actions, Joseph Peter Schmitt, and hereby moves this Honorable Court for and emergency ORDER against the defendant, MA. Department of Correction.

As grounds thereof, Plaintiff states the following under pains and penalties of perjury.

1.      On the morning of Thursday, April 20, 2006 Plaintiff did mail five certified Return REceipt 9 x 12 packages containing complaint ans summonses for Department of Correction officials named in a state civil action.

2.      On or about the morning of April 24, 2006 PLaintiff mailed five 10 x 13 envelopes addressed to the US Marshals Office in Boston. These packages contained complaints and summonses for all defendants regarding the above captioned cases.

3.      On the same morning, April 24, 2006, PLaintiff mailed three 10 x 13 envelopes to the law firm Ropes & Gray, LLP at their Boston address. These three packages contained a copy of the above three cases.

4.      On the Morning of April 21, 2006 Plaintiff was approached by the CPO Mr. Marrow and asked about the five certified mail packages he had previously mailed the day prior as explained in §1 above. Plaintiff explained to Mr. Marrow that he was indigent and said mail was placed into the facilities mail receptical during a period of time when he was indigent. Mr. Marrow later informed the PLaintiff that the five certified packages were in fact being mailed as indigent mail at no cost to PLaintiff.

5.      During mail call, at 4:15PM on April 25 all of the above described mail was returned to Plaintiff with notes from the treasurer informing PLaintiff

that he must use charge slips for postage because he received a financial gift from his friend in New Mexico. This financial gift was received by the PLaintiff on the evening of April 24, 2006. Plaintiff also received a receipt for said funds and said receipt states very clearly that the funds were placed onto the PLaintiff's institutional account at 9:03:42, which is very clearly after the fact of PLaintiff mailing any and all mail discussed in this motion.

6. In accordance to the Defendants very own policies, which in fact the specific page was sent to PLaintiff with his returned maul, the mail should have been processed as indigent mail.

7. Plaintiff has filed a motion in the lower court on matters simular to this matter. See attached PLYMOUTH, ss PLCV2006-00369-B Emergency Motion For Court Order.

8. The fact that PLaintiff received any funds after the fact that he mailed the above packages is completely irrelevant to the matter of said mail being processed as indigent mail. The very written policy provided to PLaintiff by the treasurer, see attacjed motion exhibit "A" page 4. PLaintiff met all the noted standards to be considered indigent at the time he mailed the packages.

9. There are no privisions within the CMR Policy goveerning indigent mail that states the Defendants may hold my mail for an extended period of time and then reject the indigent postage simply because PLaintiff receives a gift from a friend, regardless of the amount of said gift. Every written word of the established policy completely controdicts this action now taken by the defendants in the above cases. So much so that it is a clear and blatant violation of this Plaintiff Constitutional and STate Rights. The defendants are willfully depriving the PLaintiff access to the courts, and his due process by having refused to mail his packages and holding them for any period over the allowed and very clearly established time period of 24 Hours as recorded in 103-CMR-481 which is the Inmate Mail Policy promulagetd by the States Administration Act and which carries the force of law.

10. Plaintiff's cases are over violations of his Constitutional Rights, and in the very act of sueing the offenders, PLaintiff is suffering yet further violations of his Constitutional Rights by the exact defendants and those who are co-workers of the defendants. THIS ABUSE MUST COME TO AN END.

11. Plaintiff has no option but to file this emergency motion for court order to obtain justice and to force the defendants to obey the laws and rights of this Commonwealth/Country and PLaintiff.

12. Plaintiff further states that the defendants have now further refused to place postage upon PLaintiff's legal mail when said PLaintiff uses a "Charge Slip" for postage, which he does specifically to obtain receipts for future use to prove his expendatures in his legal actions against the defendants. Plaintiff refers this Honorable Court to USDC caes 04-10451-RWZ & 04-10717-RWZ in which counsel, C. Raye Poole has filed motions of opposition for PLaintiff being granted costs because he has no proof of said expendatures. Plaintiff is simply trying to prevent such action from repeating in future actions he has ongoing before this court and other justices of the courts.

**WHEREFORE,** Plaintiff pray for relief as follows:

1. This Honorable Court issue and Order the Defendants to mail the above described legal packes as indigent mail as Plaintiff was lawfully indigent per the policy used by the Defendants at the time said mail was mailed by PLaintiff.

2. Issue an Order to Defendants to process Plaintiff legal mail with the use of a "charge slip" for postage, in any amount as long as PLaintiff has funds to cover the expenses for the requested postage.

Dated: April 28, 2006

Respectfully Filed,

_____
Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

I Joseph P. Schmitt, hereby certify that a true copy of the above documents were served upon the legal department at the facility PLaintiff is being detained on or about May, 1, 2006 via institutional mail.

_____

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                          SUPERIOR COURT DEPARTMENT
                                       CIVIL DOCKET NUMBER
                                       PLCV2006-00369-B

JOSEPH PETER SCHMITT, pro se.,
          Plaintiff,

   -vs-

MA. DEPARTMENT OF CORRECTION, et al.,
          Defendants.


EMERGENCY MOTION FOR COURT ORDER

   Now comes the pro se Plaintiff, Joseph P. Schmitt, and moves that this Honorable Court ORDER the defendant, Ma. Department of Correction to mail Plaintiff's legal mail pertaining to the service of this complaint and summons to all named defendants free of cost to Plaintiff.

   As grounds thereof, Plaintiff states the following under pains and penalties of perjury.

1.   On Thursday April 20,2006 at approximately 7:30AM plaintiff did mail a copy of the complaint to all defendants and the Legal Division for the Defendants via certified mail. Being indigent the Plaintiff expected the defendants to process his legal mail free of cost as is policy.

2.   On Friday April 21,2006 CPO Bo Marrow came to the Plaintiff's housing unit with the five 9 x 12 certified packages and spoke to the Plaintiff regarding the packages and the Court's order to this Plaintiff to serve the defendants via certified mail. Mr. Marrow left the Plaintiff with a copy of the Court's order and later that day he informed Plaintiff that the packages would be mailed at no cost to Plaintiff.

3.   Plaintiff was indigent at the time he mailed the certified mail. The fact that he now has funds is not relevant, pursuant to the very rules and regulations that regulate mail and funds of inmates.

4. Plaintiff did in fact receive a substantial gift from a friend in New Mexico. These funds were in fact placed onto his inmate funds account at 9:03:42 on April 24,2006. See attached Inmate Income Receipt # 6524549. This fact is still not relevant when one observes the rules and policies that regulate inmate mail and funds. See page # 4 of attached Exhibit A. It clearly indicate what measures Plaintiff must meet up to to be considered indigent. The fact that he had $.29 on his Canteen account and $1.12 in his savings since Mid-January 2006 clearly allows him indigency staus, which he has been allowed all along without issue.

5. 103-CMR-481 Inmate Mail Policy clear states that inmate mail shall be processed/brought to the post office within 24 hours of being dropped in the mail box by the inmate. Plaintiff mailed the packages on Thursday originally, then again on FRiday via Mr. Marrow. Yet the defendants held onto this mail until the 4:00PM mail call on April 26, 2006. And now they insist that PLaintiff pay the cost of postage because he received an unexpected gift from a friend after he mailed the packages.

6. Defendants have also refused to mail a total of five 10 x 13 first class postage packages to the United States Marshals Office, two 10 x 13 first class postage packages to the law firm Ropes & Gray, LLP, as well as several #10 white legal envelopes/letters. All of this mail was mailed at a time when PLaintiff had no notice of said money being on his account.

7. Another fact this Honorable Court must be clearly aware of is the very questionable fact that against all normal procedures and practice of inamte accounts Plaintiff's $500.00 gift was placed right into his canteen account ready to be spent immediately. The first and only time this has happened in the PLaintiff twenty plus years of incarceration. The funds are normally frozen for ten business days before they may be accessed. Plaintiff questions the defendants motives for violating their own proceedures in this matter.

8. The action of the defendants have caused plaintiff a delay in his access to the courts, delay in the court ordered service of his complaint, and a delay in communications with other courts and legal representatives. All of which violate PLaintiff's rights.

9. Plaintiff has notified the defendants treasurers office and various officials that he would take further legal action if his mail was not mailed in compliance with the 103-CMR-481/103-CMR-403 policies which are INmate Mail and Inmate Funds. See page 2 of Exhibit A and Exhibit B.

WHEREFORE, Plaintiff respectfully moves that this Honorable Court issue an immediate ORDER that the Defendants mail the Plaintiff legal mail noted above free of cost to him as he was in fact indigent at the time he made the request for free postage by the very act of mailing the packages in the mail box and or having Mr. Bo Marrow take the packages as sworn to above.

Plaintiff further moves for sanctions to be imposed on the defendants for this blantant retailiation against the pro se indigent Plaintiff.

Plaintiff, at this time, informs the Honorable Copurt that he shall withhold any service until this motion has been resolved.

Dated April 27, 2006

Respectfully Submitted,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

I, Joseph Peter Schmitt, hereby certify that a true copy of the above motion and exhibits have been served upon the Legal department at Nemansket Correctional Faclity on April 28, 2006 via institutional mail

**From the Treasurers Office**

# Memo

**To:** Joseph Schmitt M81137

**From:** Evelyn Smith

**Date:** April 25, 2006

**Re:** Indigent Mail

---

My staff has brought to my attention your recent certified mail correspondence. Upon review of your account, you are not deemed indigent pursuant to 103 CMR 481-481.06. I have attached a copy for your review.

I did notice that you reference an order by Judge Rufo regarding certified mail. If you have such an order, than you must send us a copy of this order each time you send mail to this office for postage.

A copy of this correspondence will be forwarded to Supt. Robert Murphy for his review.

TO: TREASURERS OFFICE, MCI.

FROM: JOSEPH P. SCHMITT, M-81137

ON: APRIL 24, 2006

RE: VIOLATION OF MY CIVIL RIGHTS & CMR POLICIES.


Dear Treasurer:

On Friday April 21, 2006 I mailed via IPO Bo Murrow five certified return receipt 8x12 legal envelopes. See attached certified mail numbered 7005 1160 0002 7950 7875, 7005 1820 0007 7917 2920, 7005 1820 0007 7917 2813, 7005 1820 0007 7917 2905, 7005 1160 0002 7950 7820, which are by order of Judge Rufo to be mailed to the defendants via certified mail by me, the Plaintiff of PLCV2006-00368-B.

As of 9:03:42 April 24, 2006 I have been legally indigent pursuant to 103-DOC-407 Inmate Funds and 103-CMR-481 Inmate Mail.

The mail returned to me as stated above was placed into the facility mail box originally on 4-20-2006 only to be returned to me because the mail officer didn't believe it must be mailed out certified mail free under my indigency status. I brought this issue up at Happy Hour and on Friday April 21, 2006 at approximately 7:30 AM I mailed all five above certified packages via the institutional mail box.

Pursuant to the Inmate mail policy all mail is process within 24 Hours, Except for Sundays and other holidays which the post office is not open.

Please understand the following facts. When I mailed the above certified packages I was legally indigent pursuant to the policy(ies) which govern this Department of Correction facility. Regardless of the fact that I am not indigent well after the act of mailing the above legal certified mail does not give you the authority to refuse me my lawful rights; the right to have the above mail mailed at the cost of the Department of Correction/Commonwealth. If you continue to infringe upon my rights by refusing to process my legal mail FREE as is lawful for all my mailed **mail** prior to April 24, 2006 at 9:03:42 you shall be sued with complete prejudice.

Please be advised that I have mailed 4-5 10x13 envelopes to the United States Marshal's Office and 3 10x13 envelopes to Ropes & Gray LLP on the morning of April 24, 2006 along with many #10 white legal envelopes. Each and every envelope mailed prior to the noted posting of the alleged donation of $500.00 must be processed as indigent mail or you shall be sued with complete prejudice.

Please understand that CMR policies are promulgated by the State's Administration Act and carry the force of law. These policies are the law and you MAY NOT violate them without serious consequence of legal actions against you by me and my lawful counsel.

Thank you for your attention and anticipated cooperation in this matter.

CC: Ropes & Gray, LLP, JPS FILE.

**Massachusetts Department of Correction - [Inmate Transaction - TFA_OTRN]**

Administr.  Admiss.  Bed Mng.  Class.  Criminal Rds.  Date Comp.  Medical  O.V.  Prog./Work  Release  Schedule  Security  Window

Select Inmate Commitment Number: M81137      Select      Search      Today's Date: 20060425 13:33

Name: SCHMITT    JOSEPH    Comm #: M81137    Inst: MASS. TREATMENT CENTER    DOB: 19641202
Status: ACTIVE    Unit, Cell, Bed: D2,023,B    Sec Level: 4    Comm: 20020816    PE:     Release Date:

SSN: 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    Personal A/C Balance: $499.29    Savings A/C Balance: $1.12    Freeze Amount: $0.00
Loan Amount: $0.00    Sentence Fees Balance: $0.00    Restitution Fees Balance: $0.00    A/C Institution: MTC

Date of Transaction:          Time of Transaction:
Type of Transaction:

( ) Credit   ( ) Debit   ( ) Transfer

Total Amount ($):

Receipt #:                                    Comments:

Clear    Save    Exit

Record: 1/1

<u>Indigent Inmate</u> - Upon request for waiver of fees or cost, an inmate may be declared indigent if:

(a) At the time of the request, the inmate has, in all accounts to which he or she has access, a total amount less than or equal to ten dollars ($10.00) plus the cost or fees sought to be waived; and

(b) At no time for the sixty days immediately preceding said request, have the inmate's accounts contained more than ten dollars ($10.00) plus the cost or fees sought to be waived. (e.g. request to waiver $5.00 on 7/1/98; indigent if, at no time since 5/1/98, total in accounts has been more than $15.00).

In addition to the above definition, the superintendent may in his discretion, designate an inmate as indigent if the inmate has less than $2.00 in his account at the time of the request, or in other circumstances as he or she deems appropriate.

Exhibit B

TO: Treasure's Office, MTC

FROM: Joseph P. Schmitt, M-31137

DA: April 25, 2006

RE: Violation of my Constitutional Rights & CMR Policies

Dear Treasurer:

On April 24, 2006 I returned to your office five certified mail 9 x 12 envelopes with a letter/notice attached to it.

Please be advised that the attached mail was returned to me today at mail call. The attached mail was mailed prior to the posting of any funds to my account that is regulated pursuant to 103-CMR-405.

I am hereby giving you notice that if the attached and noted below mail is not processed free of charge within 24 hours you shall be sued with complete prejudice for violationing my state and federal rights as well as 103-CMR-481 and 103-CMR-405.

White legal sized # 10 Envelopes: TO:

1) A.F.S.C., Inc.
2) FRANCIS R. POWERS, ESQ.
3) SUFFOLK SUPERIOR CIVIL COURT
4) UNITED STATES DISTRICT COURT
5) UNITED STATES DISTRICT COURT
6) UNITED STATES DISTRICT COURT


9 X 12 Manilla Envelopes: TO:

1) ROPES & GRAY, LLP
2) ROPES & GRAY, LLP


10 X 13 Manilla Envelopes: TO:

1) ROPES & GRAY, LLP
2) OFFICE OF THE UNITED STATES MARSHAL
3) OFFICE OF THE UNITED STATES MARSHAL
4) OFFICE OF THE UNITED STATES MARSHAL
5) OFFICE OF THE UNITED STATES MARSHAL
6) OFFICE OF THE UNITED STATES MARSHAL

I thank you for your immediate attention and action in this matter.

FURTHERMORE, I hereby request that you cease your practice of mailing the Inmate Transaction -EFT_ OTSH form which has my social security number on it. You are violating my privacy right and you are respectfully instructed to cease this unlawful act. There are other documents you may use if you feel the urge/need to inform me of my account balances. Thank you....

CC: Ropes & Gray, LLP

    JPS FILE

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### BRIDGEWATER COMPLEX

| | | | |
|---|---|---|---|
| Date: 2006 0424 09:03:42 | Inmate Income Receipt | Receipt # | 6524549 |

| Field | Value |
|---|---|
| Institution : | MASS. TREATMENT CENTER |
| Unit : | D2 |
| Block: | 023 |
| Commit # : | M81137 |
| Name : | SCHMITT, JOSEPH |
| Type Of Transaction : | ML - Mail |
| Date of Transaction : | 20060424 |
| Source : | Money Order |
| External Contact : | |
| Amount : | $ 500.00 |
| Comments : | DEREK KOLB |

Current Balances :

| Personal | Savings | Frozen | Sentence Fees | Restitution Fees | Loan Amount |
|---|---|---|---|---|---|
| 499.29 | 1.12 | .00 | .00 | .00 | .00 |

Page 15