UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH PETER SCHMITT,
       Plaintiff,

v.

MASSACHUSETTS DEPARTMENT OF
CORRECTION, et at.,
       Defendants.

CIVIL ACTION NO.:
05-cv-10571-RWZ

---

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE PLAINTIFF'S INDIGENCY STATUS AND TO REQUIRE PAYMENT OF ALL FILING FEES

---

**Now** comes the pro se plaintiff and opposes the defendants' motion to vacate plaintiff's indigency status and to require payment of all filing fees.

**AS GROUNDS THEREOF, THE PLAINTIFF STATES AS FOLLOWS:**

The Plaintiff is not subject to the Prison Litigation Reform Act, see 1st Cir. Court of Appeals No. 1778 Schmitt v. Smith, et al 6/20/06 Order. Attached as Exhibit #1.

Plaintiff, having filed his Application to Proceed in Forma Pauperis, stating the full and unquestionable facts about his financial status on or about 2/16/05, did in fact continue to enjoy the few creature comforts he has the right to expect with his personal and extremely limited funds.

At no time has the plaintiff filed any documents which were designed to mislead this court regarding his ability to pay the filing fees in this action.

This court did not take any action regarding the plaintiff's application to proceed in forma pauperis until about September 2005.

At such time Plaintiff's financial status had changed as he duly noted in his motion for reconsideration.

Defendants allege that plaintiff is fully supplied with clothing, cosmetics and food as well as health care while serving a day to life loss of liberty sentence under M.G.L. c. 123A. Plaintiff hereby challenges this erroneous and misleading allegation and moves this Honorable Court to Order the Department Of Correction to produce factual evidence to document these allegations.

Defendants further move to introduce the fact that Plaintiff has received a $500.00 gift from Derek Kolb, $50.00 from Attorney Christopher P. LoConto, and a Civil Action Damage Award of $300.00 between April 24,2006 and May 26,2006. In light of the fact that the case at bar was mailed to the Court Clerk on 2/15/2005 Plaintiff is hard pressed to see any relevance as the Court makes its decision based on the plaintiff prior income and imediate future income. The plaintiff was truthful about his financial status, even to the very point of informing the court that he spends approximately $200.00 per month on canteen items.

The Plaintiff is not a prisoner nor is the Treatment Center a prison pursuant to the PLRA. As a civil commitment at the Treatment Center plaintiff has the right to enjoy a less restrictive status than that of a Commonwealth's prisoner at a prison serving a prison sentence. Plaintiff may exercise his Constitutional First Amendment Rights buy buying and reading books and magazines of his preference, especially when he can not satisfy such needs and wants from the Treatment Center's limited and outdated library.

Plaintiff would also present this Honorable Court with evidence which tends to put the defendants motion in the light of vandictive and spiteful action. On August 28,2006 Plaintiff became indigent pursuant to the Department of Correction mail policy, 103 CMR-481. See attached Exhibit #2 Affidavit of Robert Murphy.

Plaintiff has been attempting to obtain indigent mail status for some time only to be denied illegally by Defendant/ Superintendent Robert Murphy. Countless grievances and motions have been filed in both State and Federal Courts of the Commonwealth.

In Civil Action PLCV2006-00490-B the Court Granted my motion for a Court Order instructing the Department of Correction to mail, via first class mail, all material pertaining to that specific action. After a motion for clarification by the defendants, a stall tactic at the very best, plaintiff became indigent by the departments own mail policy and simply mailed the compalint's with individual summonses to each of the fourteen defendants. The Defendants choose to defy a court order and served the complaints via inter facility mail. This matter is being brought to the court via motion as soon as plaintiff can complete the motion.

On August 25,2006 Plaintiff mailed the above complaints which are estimated at $50.01 worth of first class postage.

On August 29,2006 plaintiff mailed various legal mail to various Court Official of the Commonwealth and Connecticut. The estimated cost of postage for this first class mail is $594.58.

On August 30,2006 Plaintiff again mailed various legal mail to various court officials. The cost of this first class mail

is $226.74.

All of the postage for the above first class mail was supposed to be paid by this facilitly pursuant to 103-CMR-481.9, 481.10, 481.11(a). (See attached exhibit #3)

As of the authoring of this motion Plaintiff has been informed that the legal mail is in the property room, in clear violation of the department's mail policy.

On August 31,2006 a notice was posted in the housing units of this facility designed, without doubt, to deprive this plaintiff from pursuing his legal ventures because he has caused the department to spend money on his legal mailing. See attached exhibit #4.

I **conclussion**, Plaintiff moves that this Court deny the defendants motion to vacate Plaintiff's indigency status and to require payment of all filing fees.

**Plaintiff further moves this court to sanction counsel for the defendants for her blantant disregard of this very court's order regarding the filing of duplcate motions. See USDC actions 04-10451-RWZ and 04-10717-RWZ.**

Dated 5,2006

Respectfully Filed,

Joseph P. Schmitt, pro se
Ma. Treatment Center
30 Administration Road
Bridgewater, Ma. 02324-3230

EXHIBIT # 1

# General Docket

## First Circuit Court of Appeals

**06-1778**                                                                    **06-1778**

---

Court of Appeals Docket #: 06-1778                              Filed: 5/11/06
Nsuit: 3550  Prisoner: Civil Rights
Schmitt v. Smith, et al

Appeal from: U.S. District Court of MA

---

Lower court information:

    District: 0101-1 : 04-10451                lead: 04-10451
    Ordering Judge: Rya W. Zobel, Judge
    court reporter: Catherine Handel, Court Reporter
    Date Filed: 3/2/04
    Date order/judgment: 5/2/06
    Date NOA filed: 5/5/06

---

Fee status: in forma pauperis

---

Prior cases:
  None
Current cases:

|               | Lead      | Member    | Start   | End |
|---------------|-----------|-----------|---------|-----|
| Consolidated: |           |           |         |     |
|               | 06- 1778  | 06- 1789  |         |     |
| Related:      |           |           |         |     |
|               | 06- 1778  | 06- 2050  | 7/12/06 |     |

06-1778  Schmitt v. Smith, et al

```
JOSEPH P. SCHMITT                 Joseph P. Schmitt
    Plaintiff - Appellant         [COR LD NTC pro]
                                  Mass. Treatment Center
                                  M-81137
                                  30 Administration Rd.
                                  Bridgewater, MA 02324-3230


    v.


JEFFREY SMITH                     C. Raye Poole
    Defendant - Appellee          FTS 617-727-7403
                                  617-727-3300
                                  [COR LD NTC ret]
                                  MA Dept. of Corrections
                                  70 Franklin St.
                                  Suite 600
                                  Boston, MA 02110-1300

                                  Jody T. Adams
                                  FTS 617-727-7403
                                  617-727-3300 x169
                                  [NTC ret]
                                  MA Dept. of Corrections
                                  Legal Division
                                  70 Franklin St.
                                  Suite 600
                                  Boston, MA 02110

WILLIAM GROSSI                    Philip W. Silva, IV
    Defendant - Appellee          617-727-3300
                                  [NTC ret]
                                  Bridgewater State Hospital
                                  20 Administration Road
                                  Bridgewater, MA 02324

                                  C. Raye Poole
                                  (See above)
                                  [COR LD NTC ret]

                                  Jody T. Adams
                                  (See above)
                                  [NTC ret]

PETER ALLEN                       Philip W. Silva, IV
    Defendant - Appellee          (See above)
                                  [NTC ret]

                                  C. Raye Poole
                                  (See above)
                                  [COR LD NTC ret]

                                  Jody T. Adams
                                  (See above)
```

06-1778   **Schmitt v. Smith, et al**

                                              [NTC ret]

MICHAEL T. MALONEY                            C. Raye Poole
   Defendant - Appellee          (See above)
                                              [COR LD NTC ret]

                                              Jody T. Adams
                                              (See above)
                                              [NTC ret]

WILLIAM FARIA                                 Philip W. Silva, IV
   Defendant - Appellee          (See above)
                                              [NTC ret]

                                              C. Raye Poole
                                              (See above)
                                              [COR LD NTC ret]

                                              Jody T. Adams
                                              (See above)
                                              [NTC ret]

ERNEST J. THERIEN                             Philip W. Silva, IV
   Defendant - Appellee          (See above)
                                              [NTC ret]

                                              C. Raye Poole
                                              (See above)
                                              [COR LD NTC ret]

                                              Jody T. Adams
                                              (See above)
                                              [NTC ret]

MASSACHUSETTS DEPARTMENT OF                   Philip W. Silva, IV
CORRECTIONS                                   (See above)
   Defendant - Appellee          [NTC ret]

                                              C. Raye Poole
                                              (See above)
                                              [COR LD NTC ret]

                                              Jody T. Adams
                                              (See above)
                                              [NTC ret]

JOSEPH P. SCHMITT

       Plaintiff - Appellant

  v.

JEFFREY SMITH; WILLIAM GROSSI; PETER ALLEN; MICHAEL T.
MALONEY; WILLIAM FARIA; ERNEST THERIEN;
MASSACHUSETTS DEPARTMENT OF CORRECTIONS

       Defendants - Appellees

| | |
|---|---|
| 5/11/06 | CIVIL CASE docketed. Opening forms sent. Prose Notice of Appeal filed by Appellant Joseph P. Schmitt. Fee due 5/25/06. [06-1778] (mlyn) [06-1778] |
| 5/11/06 | RECORD filed: 1-83 consisting of docket entries. No Transcript(s) filed with record. [1121683-1]  [06-1778] (mlyn) [06-1778] |
| 5/11/06 | PLRA LETTER issued. IFP IFP granted by the district court. Forms 1,2 w/cover letter sent. [1121859-1] PLRA response deadline set for 5/25/06. [06-1778] (mlyn) [06-1778] |
| 5/12/06 | BRIEFING SCHEDULE. Appellant's Brief due 6/21/06. [06-1778] (mlyn) [06-1778] |
| 5/16/06 | ORDER entered. Appeal Nos. 06-1778 and 06-1789 are consolidated for purposes of  briefing and oral argument. See Fed. R. App. P. 3(b)(2).  The parties are directed to use the above caption on all future filings related to these cases. [06-1789, 06-1778] (mlyn) [06-1778 06-1789] |
| 5/22/06 | APPEARANCE filed by Joseph P. Schmitt for Appellant Joseph P. Schmitt in 06-1778. [1125767-1] [06-1778] (mlyn) [06-1778] |
| 5/22/06 | MOTION filed by Prose Appellant Joseph P. Schmitt in 06-1778 for appointment of counsel. Certificate of service dated 5/15/06.  [06-1778] (mlyn) [06-1778] |
| 5/23/06 | APPEARANCE filed by C. Raye Poole for Appellee MA Dept of Correctio, Appellee Ernest J. Therien, Appellee William Faria, Appellee Michael T. Maloney, Appellee Peter Allen, Appellee William Grossi, Appellee Jeffrey Smith in 06-1778. [1126446-1] [06-1778] (mlyn) [06-1778] |
| 5/24/06 | APPELLANT'S MOTION TO PROCEED IN FORMA PAUPERIS filed by Prose Appellant Joseph P. Schmitt in 06-1778 to reconsider order dated 5/11/06.  Certificate of service dated 5/18/06. [06-1778] (mlyn) [06-1778] |
| 5/24/06 | APPELLANT'S MOTION TO STAY ACTION UNTIL SUCH TIME AS THE CLERK OF THE COURT HAS PROVIDED HIM WITH A TRANSCRIPT filed by Appellant Joseph P. Schmitt in 06-1778 to hold briefing in abeyance. [1127523-1] Certificate of service dated 5/18/06. [06-1778] (mlyn) [06-1778] |
| 5/25/06 | ORDER entered. Upon consideration of appellantÆs Motion to Stay Action Until Such Time as the Clerk of Court Has Provided Him With a Transcript, the briefing schedule issued on May 12, 2006 is hereby vacated pending resolution of appellant's request for transcripts at government expense.  If that request is denied, a new briefing schedule will issue forthwith. [06-1778] (mlyn) [06-1778] |

6/7/06          Notice of Default and Intent to Dismiss Issued. [1132622-1]
                PLRA Forms 1 and 2 by 6/22/06 in 06-1789 and 06-1778.
                [06-1789, 06-1778] On May 16, 2006, you were notified that
                the Prison Litigation Reform Act (PLRA), enacted on April
                26, 1996 requires prisoners appealing from a civil judgment
                or order to pay the Clerk of the District Court the full
                $455 filing fee required for commencing each appeal, even
                if you were granted in forma pauperis status by the
                district court. You were informed that if you were unable
                to prepay these fees, you could apply under 28 U.S.C.
                1915(a) to pay the fees in installments.  You were provided
                the necessary PLRA forms 1 and 2 with instructions to file
                them with this office by May 30, 2006.          To date,
                the district court record does not reflect that the payment
                of the $455 appellate filing fee in each of the cases noted
                above was made to the Clerk of the District Court as
                required by Local Rule 3(b) nor has this court received
                PLRA Forms 1 and 2 in these cases.          Accordingly,
                this Court will dismiss your appeals pursuant to
                Fed.R.App.P.3(b) for failure to prosecute on June 22, 2006,
                unless, within that time, the required PLRA Forms 1 and 2
                are properly completed and filed with this office OR, in
                the alternative, the full filing fees are paid to the Clerk
                of the District Court and notice supplied to this court.
                PLRA Forms 1 and 2 are enclosed to the appellant with this
                order.          Be advised:  If your appeals are dismissed
                for lack of prosecution because you either failed to pay
                the filing fee or to file all of the required PLRA forms on
                time, no assessments will be made against or collected from
                your prisoner trust account for this appeal. If, however,
                you avoid dismissal by complying with the above procedures,
                appellate fees will continue to be debited from your prison
                account regardless of the outcome of your appeals.  or this
                case will be dismissed for lack of prosecution in
                accordance with Loc. R. 3(b). [1132622-1] [06-1789,
                06-1778] (dona) [06-1778 06-1789]

6/20/06         MOTION filed by Appellant Joseph P. Schmitt in 06-1778,
                Appellant Joseph P. Schmitt in 06-1789 to proceed in forma
                pauperis. Certificate of service dated 6/17/06. [06-1778,
                06-1789] (dona) [06-1778 06-1789]

| | |
|---|---|
| 6/20/06 | ORDER entered by Chief Judge Michael Boudin, Judge Juan R. Torruella, Judge Jeffrey R. Howard.  Plaintiff-appellant Joseph P. Schmitt, now held at a sex-offender treatment center by the Commonwealth of Massachusetts, brought a civil rights action in the United States District Court for the District of Massachusetts to challenge sanctions imposed on him while he was still a prison inmate, arising out of censorship of his correspondence.  He prevailed at a jury trial, but the district court refused to award him requested expenses as taxable costs, and refused his request for pro se attorneys fees under 42 U.S.C.    1988. He brought this appeal, challenging the denial of his requests for costs and fees.  It appears that appellant was initially categorized by this court as subject to the Prison Litigation Reform Act (PLRA) for purposes of proceeding in forma pauperis. Appellant's request for attorneys fees was foreclosed by Kay v. Ehrler, 499 U.S. 432, 435 (1990). Appellant's request for costs was in the amount of $132.22.  Pending before this court are motions by appellant for free transcripts and appointment of counsel.  Also pending is a motion in the nature of a request for reconsideration of appellant's status under the PLRA.  The briefing schedule has been stayed while the motion for transcripts is pending. Because appellant is now a person under civil commitment under the sex-offender treatment program, he is not subject to the PLRA for purposes of proceeding in forma pauperis. See, e.g., Michau v. Charleston Cty., S.C., 434 F.3d 725 (4th Cir. 2006)(finding PLRA's IFP provisions inapplicable to sex offender transferred to treatment facility).  The motion docketed as "for reconsideration of previous order of 5/11/06" is GRANTED.  The clerk shall change the 'due' fee status reflected on the docket accordingly. Appellant has failed to present a cogent reason for concluding that transcripts are necessary to review the district court's denial of his motion for costs.  There is no basis for certifying that the transcripts are 'needed' to review a 'non-frivolous' or 'substantial' question within the meaning of 28 U.S.C.   753(f).  The appellant's request for transcripts at government expense is DENIED. Nothing presented to this court militates in favor of appointing counsel for the appellant.  The stakes are exceedingly low at $132.22, and we can discern no likely basis for challenging  the district court's exercise of its considerable discretion in deciding appellant's request for costs.  The "Appellant's Motion for Appointment of Counsel" is DENIED.             The clerk shall issue a new briefing schedule forthwith.   [06-1778]  (mlyn) [06-1778] |
| 6/20/06 | BRIEFING SCHEDULE. Appellant's Brief due 7/31/06. [06-1778]  (mlyn) [06-1778] |

| | |
|---|---|
| 6/28/06 | MOTION FOR RECONSIDERATION OF ORDER OF COURT ENTERED: 6/20/06, SPECFICIALLY THE DENIAL OF APPELLANT'S MOTION FOR FREE TRANSCRIPTS/ Prose Appellant Joseph P. Schmitt in 06-1778, 06-1789. Certificate of service dated 6/27/06. [06-1778, 06-1789] (mlyn) [06-1778 06-1789] |
| 7/6/06 | MOTION filed by Appellant Joseph P. Schmitt in 06-1778, Appellant Joseph P. Schmitt in 06-1789 to extend time to file Appellant's brief until 8/31/06  Ext. Code: oth Certificate of service dated 7/4/06. [06-1778, 06-1789] (laur) [06-1778 06-1789] |
| 7/7/06 | ORDER ENTERED: Appellant's motion for an extension of time to August 31, 2006 to file his brief is granted. [06-1778, 06-1789] in 06-1778, 06-1789 (laur) [06-1778 06-1789] |
| 7/18/06 | LETTER filed by Prose Appellant Schmitt regarding status pending in all his appeals nos. 06-1778,06-1789,06-2050. [06-1778, 06-1789] (mlyn) [06-1778 06-1789] |
| 7/19/06 | Letter sent. Dear Mr. Schmitt:          This letter will acknowledge receipt of your correspondence dated July 17, 2006.  Enclosed please find copies of the docket sheets for Appeal Nos. 06-1778, 06-1789 and 06-2050.  As you can see, your opening brief is due to be filed on or before August 31, 2006 in Appeal Nos. 06-1778 and 06-1789.  No briefing schedule has been set in Appeal no. 06-2050.          I hope this information is helpful to you. [06-1778, 06-1789] (mlyn) [06-1778 06-1789] |

EXHIBIT #2

## COMMONWEALTH OF MASSACHUSETTS

**PLYMOUTH, ss.**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
NO. PLCV2006-00490**

**JOSEPH SCHMITT,**
      **Plaintiff,**

**v.**

**DEPARTMENT OF CORRECTION,** *et al,*
      **Defendants.**

---

## AFFIDAVIT OF ROBERT MURPHY

---

I, Robert Murphy, being duly sworn, depose and state as follows:

1.    Since November, 1997, I have been the Superintendent of the Massachusetts Treatment Center ("Treatment Center").

2.    I have been an employee of the Department of Correction ("DOC"), since 1976. I received my Bachelor of Science in Criminal Justice from Northeastern University in 1977. At that time, I was a Correctional Social Worker at MCI Cedar Junction. In 1979, I became a Correction Counselor at MCI Norfolk. In 1980, I became a Correction Counselor at MCI Concord and, in 1982, I became a Supervising Correction Counselor at MCI Concord. I held that position until 1985, when I became Director of Treatment at MCI Plymouth and then Director of Classification at MCI Shirley. In 1987, I was promoted to the position of Deputy Director of Classification Services for the entire Department. In 1988, I was appointed to be Deputy Superintendent of Patient Services at Bridgewater State Hospital ("BSH"). In 1992, I became the Deputy Superintendent of Treatment at MCI Framingham. While in that position at MCI Framingham, I received my Masters of Arts in Business Administration from Framingham State College in 1994. Subsequently, in 1996, I became the Deputy Superintendent of Treatment at MCI Concord, a position I held until I was promoted to my present position as Treatment Center Superintendent.

3.    As Superintendent, I am responsible for the overall operation of the Treatment Center, including the care, custody and control of residents, the physical plans of the institution, and the safety of staff, visitors and the public. The Treatment Center is a level four security facility administered by DOC. The Treatment Center currently houses three populations of adult male sex offenders: (i) persons civilly committed as "sexually dangerous persons" and

- 2 -

committed for an indefinite period of one day to life pursuant to G.L. c. 123A; (ii) inmates committed to DOC's custody who are participating in DOC's voluntary sex offender treatment program; and (iii) persons awaiting adjudication as Sexually Dangerous Persons pursuant to G.L. c. 123A, §§ 12-14; (collectively hereinafter "inmates").

4.     As Superintendent, I am responsible for the implementation and operation of all regulations and policies at the Massachusetts Treatment Center, including but not limited to 103 CMR 481, *Inmate Mail*. (Attached as Exhibit A)  103 CMR 481 is applicable in all DOC facilities.

5.     103 CMR 481.06(b) specifically defines an indigent inmate as someone who, "at no time for the sixty days immediately preceding said request, have the inmate's accounts contained more than ten dollars."

6.     At all times relevant to Mr. Schmitt's ongoing legal actions, DOC has processed, and continues to process, Mr. Schmitt's mail in accordance with DOC policy.

7.     Mr. Schmitt, according to DOC policy, will not be deemed indigent until it has been 60 days since he had less than ten dollars ($10.00) in his account.  That date is 60 days from June 29, 2006, or August 28, 2006.

8.     Mr. Schmitt continuously files grievances regarding the process of his legal mail.

9.     Mr. Schmitt's grievances are each investigated.

10.     DOC Policy and procedures have been explained to Mr. Schmitt both verbally and in writing.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 8th DAY OF AUGUST, 2006.

Robert Murphy, Superintendent
Massachusetts Treatment Center

EXHIBIT # 3

103 CMR 481.00   INMATE MAIL

SECTION

481.01   Purpose
481.02   Authorization
481.03   Cancellation
481.04   Applicability
481.05   Access to Regulations
481.06   Definitions
481.07   Institutional Procedures
481.08   Collection and Distribution of Mail
481.09   Amount of Mail
481.10   Free Postage for Indigent Inmates
481.11   Privileged Mail
481.12   Identification and Processing of Privileged Mail
481.13   Inspection of Non-Privileged Correspondence and Packages
481.14   Reading/Disapproval of Outgoing Non-Privileged
Correspondence
481.15   Reading/Censoring/Disapproval of Incoming Non-Privileged
         Correspondence/          Publications
481.16   Procedural Requirements for Disapproval of Incoming
Correspondence/ Publications
481.17   Procedural Requirements for Disapproval of Outgoing Mail
481.18   Return Address on Outgoing Mail
481.19   COD Mail Prohibited
481.20   Prohibited Correspondence
481.21   Prohibition on Inmate-to-Inmate Correspondence
481.22   Forwarding Mail
481.23   Time Limits
481.24   Emergencies
481.25   Responsible Staff
481.26   Annual Review Date
481.27   Severability Clause

481.01 _ Purpose

The purpose of 103 CMR 481.00 is to establish rules governing
the sending and receiving of mail by inmates confined in state
correctional institutions.    The Department recognizes the
importance of the use of the mail by inmates to maintain
appropriate contact with the community.

481.02 _ Authorization

103 CMR 481.00 is promulgated pursuant to M.G.L. c. 124, s.1(b),
1(c), 1(q) and c. 127, s.87.   103 CMR 481.00 is not intended to

confer any procedural or substantive rights or any private cause of action not otherwise granted by state or federal law.

## 481.03    Cancellation

103 CMR 481.00 cancels all previous departmental and institutional policy statements, bulletins, directives, orders, notices, rules or regulations regarding inmate mail or correspondence, which are inconsistent with 103 CMR 481.00.

## 481.04    Applicability

103 CMR 481.00 is applicable to all employees and inmates at all state correctional institutions within the Department of Correction.

## 481.05    Access to Regulations

103 CMR 481.00 shall be maintained within the Central Policy File of the Department and shall be accessible to all Department employees. A copy of 103 CMR 481.00 shall also be maintained in each Superintendent's Central Policy File and at each inmate library.

## 481.06 Definitions

Appellant - An inmate or outside sender who appeals the disapproval of mail.

Appellate Authority - The official to whom a written appeal of disapproval of mail may be directed.

Associate Commissioner, Operations - The Associate Commissioner for Operations for the Department of  Correction.

Commissioner - The Commissioner of the Department of Correction.

Deputy Superintendent - A deputy administrative officer of a state correctional institution.

Indigent Inmate - Upon request for waiver of fees or cost, an inmate may be declared indigent if:

(a)  At the time of the request, the inmate has, in all accounts to which he or she has access, a total amount less than or equal to ten dollars ($10.00) plus the cost or fees sought to be waived; and

(b)   At no time for the sixty days immediately preceding said request, have the inmate's accounts contained more than ten dollars ($10.00) plus the cost or fees sought t o be waived. (e.g. request to waiver $5.00 on 7/1/98; indigent if, at no time since 5/1/98, total in accounts has been more than $15.00).

In addition to the above definition, the superintendent may in his discretion, designate an inmate as indigent if the inmate has less than $2.00 in his account at the time of the request, or in other circumstances as he or she deems appropriate.

Mail Officer - The employee at a correctional institution whose duties include the processing of mail.

Nudity - A pictorial depiction where genitalia, buttocks or female breasts are exposed.   Publications containing nudity illustrative of medical, educational, or anthropological content may be excluded from this definition.

Publication - any book, booklet, pamphlet, magazine, periodical, newsletter, newspaper, or similar document, including stationery and greeting cards, published by any individual, organization, company, or corporation which is distributed or made available through any means or media for a commercial purpose. This definition includes any portion extracted, photocopied, or clipped from such items.

Sexually Explicit - A pictorial depiction of actual or simulated sexual acts including sexual intercourse, anal or oral sex, or masturbation or material which promotes itself based upon such depictions on a routine or regular basis or in individual one-time issues.

Superintendent - The chief administrative officer of a state correctional institution.

481.07   Institutional Procedures

The superintendent at each correctional institution shall develop written institutional procedures designed to implement 103 CMR 481.00.   Institutional procedures regarding mail shall conform to the requirements set forth in 103 CMR 481.00 and shall be subject to the approval of the commissioner or a designee.   Institutional procedures shall be submitted within 60 days of receipt by the institution of 103 CMR 481.00.

481.08   Collection and Distribution of Mail

(1)    Outgoing mail shall be collected directly from a locked mail box by an employee, in accordance with an established schedule, at least once each day, except Sundays and postal holidays.    At no time shall outgoing mail be collected or otherwise handled by an inmate.    All outgoing mail, including inter and intra-office mail, shall be processed through the institutional mailroom.

(2)    Incoming mail shall be distributed directly to the receiving inmates by an employee, in accordance with an established schedule, at least once every day except Sundays and postal holidays, unless an article of mail is held pursuant to the provisions of Sections 481.15 and 481.16.    At no time shall incoming mail be distributed or otherwise handled by an inmate nor shall mail be left by the distributing employee on a table or other commonly accessible place.    Nothing in 103 CMR 481.08 shall limit the right of a superintendent to withhold delivery of publications from an inmate serving disciplinary isolation time until the completion of said isolation time.

(3)    Outgoing mail shall be delivered to the post office and incoming mail shall be delivered to the inmates, within 24 hours of collection, from the inmates or pick up at the post office, except where an article of mail is held pursuant to the provisions of 103 CMR 481.15 and 481.16.

481.09    Amount of Mail

Except as provided in 481.10 where an inmate requests free postage, there shall be no limitation placed on the number of persons with whom an inmate may correspond, nor shall there be any limitation on the number of letters an inmate may send or receive.

481.10    Free Postage for Indigent Inmates

Indigent inmates shall be permitted to mail three letters first class weighing one ounce or less each week at institution expense.    In addition, an indigent inmate shall be permitted, where necessary, to send an unlimited number of letters of any weight to any court official    at institution expense.    A charge shall not be placed against future deposits to an inmate's account for the cost of postage and materials supplied in accordance with 103 CMR 481.10.

481.11    Privileged Mail

(1)   Inmates shall be permitted to mail to and receive letters from the following persons in accordance with the procedures set forth in Section 481.12:

(a)   Any officer of a court of the United States or of the Commonwealth of Massachusetts (judge, attorney, clerk, parole board members, probation or parole officers);

(b)   The President or Vice President of the United States or the Governor of the Commonwealth of Massachusetts;

(c)   Any member of the Congress of the United States or any member of the General Court of the Commonwealth of Massachusetts;

(d)   The Attorney General of the United States or the Attorney General of the Commonwealth of Massachusetts;

(e)   The Director or any agent of the Federal Bureau of Investigation or the Commissioner of the Massachusetts Department of Public Safety;

(f)   The Superintendent of the state correctional institution in which the inmate is confined, an Associate or Deputy Commissioner of Correction or the Commissioner of the Massachusetts Department of Correction;

(2)   Inmates and persons with whom inmates may correspond as provided in 103 CMR 481.11(1) shall not use or permit others to use authorized privileged mail for personal non-legal or non-official correspondence, the transmission of contraband, or the transmittal of communications to be given or forwarded to persons not specified in 103 CMR 481.11(1).   Persons receiving unauthorized privileged mail, correspondence intended for a party other than the addressee, or letters or packages for forwarding should submit such communications or materials to the superintendent of the institution in which the inmate is confined.   Inmates who fail to submit such communications or materials to the superintendent shall be subjected to disciplinary action.

481.12   Identification and Processing of Privileged Mail

(1) Outgoing privileged mail shall not be opened for inspection or any other purpose or otherwise impeded in its transmission, if it meets the following requirements:

(a)   it is addressed to a person listed in 103 CMR
481.11(1);

(b)   it includes the inmate's name and return address on
the outside of the envelope;

(c)   it has been marked by the institution to indicate to
the addressee that it has not been inspected or opened;

(d)   it successfully passes a fluoroscope examination for
contraband material, if mailed from a security level four,
five, or six facility or if mailed from a security level
one, two, or three facility when requested by the
Superintendent and approved by the Commissioner;

(2)   Outgoing privileged mail that does not successfully pass a
fluoroscope examination shall be processed as follows:

(a) the inmate whose name appears on the return address
shall be notified of the unsuccessful fluoroscope
examination of the correspondence or package;

(b) if the inmate acknowledges that he is the sender of the
correspondence or package, he will be asked, when
appropriate, to open the correspondence or package for
inspection;

(c) if an inmate refuses to open such correspondence or
package for inspection upon request, the addressee's
permission to open and inspect the package will be sought
unless circumstances require the matter to be referred to
the appropriate law enforcement agency by the
Superintendent (e.g., U.S. Postal Service, State Police,
Federal Bureau of Investigation, district attorney) for
handling as appropriate, and the Commissioner shall be
notified.

(3)   Incoming privileged mail may be required to successfully
pass a fluoroscope examination for contraband material but shall
not be opened by an employee except in the presence of the
addressee inmate for the sole purpose of ascertaining that its
contents are free of contraband.

The purpose of the inspection will be to receive and receipt any
funds enclosed for the inmate; to verify and record the receipt
of permitted personal property; and to prevent the transmission
of contraband to the inmate. The processing of funds, permitted
personal property and contraband found in mail shall be in

accordance with departmental Personal Property Regulations, 103 CMR 403.00, *et seq.*

## 481.13   Inspection   of   Non-Privileged   Correspondence   and Packages

(1)     All incoming non-privileged correspondence and packages may be required to successfully pass a fluoroscope examination for contraband materials, and shall be opened and inspected before delivery to the inmate.   The purpose of inspection will be to receive and receipt any funds enclosed for the inmate; to verify and record the receipt of permitted personal property; and to prevent the transmission of contraband to the inmate. The processing of funds, permitted personal property and contraband found in correspondence shall be in accordance with departmental Personal Property Regulations, 103 CMR 403.00 *et seq.*

(2)     All outgoing non-privileged correspondence and packages being sent from security level four, five, or six facilities shall be required to successfully pass a fluoroscope examination for contraband materials.     All outgoing non-privileged correspondence and packages being sent from a security level one, two, or three facilities may be required to successfully pass a fluoroscope examination for contraband materials when requested by the Superintendent and approved by the Commissioner.   The opening and inspection of outgoing non-privileged mail and packages at all security level facilities shall be at the discretion of the superintendent to prevent the transmission of materials and/or information which represents a threat to security, order, rehabilitation or public safety, or appears to contain material not addressed to the addressee, but rather, material intended for other parties.

(3)     Notice shall be sent to the sender and the addressee whenever contraband is confiscated, provided that the address is known.   Such notice shall satisfy the requirements of Sections 481.16 and 481.17.

## 481.14   Reading/Disapproval   of   Outgoing   Non-Privileged Correspondence

It is the policy of the Massachusetts Department of Correction not to read or censor outgoing mail, except where necessary to protect legitimate governmental interests.

(1)     The superintendent may authorize the reading of outgoing non-privileged correspondence when in his opinion such action is necessary to prevent the transmission of materials and/or

information which represents a threat to security, order, rehabilitation or the public safety.

(2)  For outgoing mail, such authorization may be granted when the superintendent has received specific information that a particular inmate's mail contains information which may jeopardize institutional security, order, rehabilitation or the public safety.  Ordinarily, such specific information shall indicate that the contents of the outgoing correspondence fall as a whole or in significant part into any one of the following categories:

(a)  transmittal of plans for escape or to introduce contraband into the prison;

(b)  plans for criminal activity or any activity which violates any departmental or institutional rule, regulation, order or policy;

(c)  correspondence written in code;

(d)  threatening or harassing correspondence, including the sending of sexually explicit material to unwilling recipients;

(e)  correspondence containing unsanitary or hazardous material (e.g. feces, insects, dirt, debris);

(f)  extortion demands;

(g)  sending cash, drugs, jewelry or other contraband outside the prison;

(h)  where the recipient has previously requested not to receive correspondence from the inmate pursuant to 103 CMR 481.20;

(i)  improper or no return address; or

(j)  where the correspondence contains material not intended for the addressee, but rather, material intended for other parties.

Where outgoing mail is read pursuant to 103 CMR 481.14, and prohibited information is found, the mail or relevant portion thereof may be confiscated.  Notice of a confiscation shall be given to the inmate in accordance with 103 CMR 481.17.

(3)  No employee may read inmate mail unless authorized to do so by the commissioner or the superintendent.

(4)    Any  employee  reading  inmate  mail  pursuant  to  the commissioner's  or  superintendent's  authorization  shall  record such action in a log book maintained for such purpose.

## 481.15  Reading/Censoring/Disapproval  of  Incoming  Non-Privileged Correspondence/ Publications

(1)    Incoming  Correspondence-     It  is  the  policy  of  the Massachusetts Department of Correction not to read, censor, or disapprove incoming correspondence, except where necessary to protect legitimate governmental interests.

(2)  The superintendent may authorize the reading, censoring or disapproval of incoming non-privileged correspondence only to prevent  interference  with  institutional  goals  of  security, order,  discipline,  or  if  it  might  facilitate,  encourage  or instruct in criminal activity; disapproval shall not be based upon  an  employee's  personal  views  of  the  merit  of  such correspondence.   The deputy superintendent or his designee may disapprove   receipt   by   an   inmate   of   non-privileged correspondence,  the  contents  of  which  fall  as  a  whole  or  in significant part into any one of the following categories:

(a)    Depicts or describes procedures for the construction or  use  of  weapons,  ammunition,      bombs  or  incendiary devices;

(b) Depicts, describes, or encourages methods of escape from correctional  facilities,  or  contains  blueprints,  drawings  or similar descriptions of any correctional institution within the Commonwealth;

(c)  Depicts  or  describes  procedures  for  the  brewing  of alcoholic beverages, or the manufacture of drugs;

(d)  Is written in code;

(e)    Depicts,  describes  or  encourages  activities  that  may lead to the use of physical violence or group disruption;

(f)  Encourages  or  instructs  in  the  commission  of  criminal activity;

(g)    Sexually  explicit  material  or  material  which  features nudity which by its nature or content poses a threat to the security, good order, or discipline of the institution.

(3)   Incoming Publications

(a)   The deputy superintendent may reject a publication within a reasonable time from receipt to prevent interference with institutional goals of security, order, rehabilitation, or if it might facilitate, encourage or instruct in criminal activity.   The deputy superintendent may not reject a publication solely because its content is religious, philosophical, political, social, or because its content is unpopular or repugnant.   Publications which may be rejected by a deputy superintendent include, but are not limited to, publications which fall within one of the categories listed in 103 CMR 481.15(2)(a) through (g). An inmate may not receive more than one copy of a particular issue of a publication, newsletter, etc.

(b)   Publications may be excluded solely because they contain sexually explicit material or   feature nudity as defined in 103 CMR 481.06.   In addition, the deputy superintendent of the Treatment Center, with the approval of the Commissioner, may exclude additional types of material that may interfere with the treatment and rehabilitation process at that institution.

(c)   It is the deputy superintendent's decision as to whether or not a publication should be   excluded.

(d)   Sexually explicit material does not include material of a news or information type, or material illustrative of medical, educational, or anthropological content. Publications covering activities of gay rights organizations or gay religious groups, for example, should be admitted.

(e)   Deputy superintendents may not establish an excluded list of publications.   Deputy superintendents should review each issue of a subscription publication prior to rejection of the issue.   Rejection of several issues of a subscription publication is not sufficient reason to reject the subscription in its entirety.

(f)   Where a publication is rejected, the procedural requirements of 103 CMR 481.16 shall be followed.   The notice required by 103 CMR 481.16 shall contain reference to the specific article(s) or material(s) considered objectionable.

481.16   Procedural Requirements for Disapproval of Incoming Correspondence/Publications

(1)   Correspondence.   When any correspondence, or portion thereof, addressed to an inmate is received at the institution but is not delivered to the inmate for any reason set forth in 103 CMR 481.15, the inmate, and the sender when identifiable, shall be promptly notified, in writing, of the following:

(a)   the   reason(s)   for   refusing   to   deliver   the correspondence or a portion thereof to an inmate;

(b)   the fact that a written appeal may be submitted by the inmate or sender to the superintendent.

(2)   Publications   When any publication addressed to an inmate is received at the institution but is not delivered to an inmate for any reason set forth in 103 CMR 481.15, the inmate, and the publisher when identifiable, shall be promptly notified, in writing, of the following:

(a)   the reason(s) for refusing to deliver the publication to an inmate(s);

(b)   the fact that a written appeal may be submitted by the inmate or publisher to the superintendent.

(3)   A single notice of rejection to the publisher from a particular institution or the Department shall be sufficient where more than one inmate at the institution or within the Department receives the subscription publication.

(4)   The deputy superintendent may permit an inmate an opportunity to inspect, in the presence of correctional personnel, any disapproved material for purposes of filing an appeal unless such review may provide the inmate with information of a nature which is deemed a threat or detriment to the security, good order or discipline of the institution or which might encourage or instruct in criminal activity.

(5)   The superintendent shall, within a reasonable time from receipt of such an appeal, make a decision and notify the appellant.

(6)   Where criminal activity is suspected, in addition to the foregoing procedures, the matter shall be referred to the appropriate law enforcement agency by the superintendent (e.g., U.S. Postal Service, F.B.I., district attorney), and the commissioner shall be promptly notified.

481.17    Procedural  Requirements  for  Disapproval  of  Outgoing
Mail

(1)    When any mail, or a portion thereof, whether privileged or
non-privileged,  is  not  mailed  either  because  it  fails  to
successfully pass a fluoroscope examination or its contents fall
as a whole or in significant part into any one of the categories
listed in 103 CMR 481.15(2)(a)through(g), the inmate shall be
promptly notified in writing of the following:

   (a)   the reason for refusal to send the mail, or a portion
   thereof; and

   (b)   the fact that a written appeal may be submitted by the
   inmate to the named appellate authority.

(2)    The appellate authority shall, within a reasonable time of
the receipt of such an appeal, make a decision and notify the
appellant.

(3)    The appellate authority, who shall be appointed by the
superintendent, subject to the approval of the commissioner or
his designee, shall be an employee other than the employee who
originally disallowed the mail.

(4)    Where criminal activity is suspected, in addition to the
foregoing procedures, the matter shall be referred to the
appropriate law enforcement agency by the Superintendent (e.g.,
U.S. Postal Service, F.B.I., State Police, district attorney),
and the Commissioner shall be notified.

481.18    Return Address on Outgoing Mail

(1)    It shall be the inmate's responsibility to place his return
address on the outside of all outgoing letters or packages.   The
return address shall include the inmate's name and the address
designated by the institution for inmate mail.   Letters or
packages without a return address, or where the inmate denies
that he is the sender of outgoing correspondence bearing his
name will not be forwarded to the post office.

(2)    In addition, all outgoing mail shall be stamped on the
reverse side of the envelope with language indicating that the
correspondence is sent from a correctional institution.   Mail
shall be stamped in blue ink only, the stamp shall read as
follows:

## 103 CMR: DEPARTMENT OF CORRECTION

"This correspondence is forwarded from a Massachusetts Correctional Institution.  The contents may not have been evaluated and the Department of Correction is not responsible for the substance or content of the enclosed material."

### 481.19    COD Mail Prohibited

No collect-on-delivery (COD) letters or packages of any kind shall be sent or accepted for an inmate, except with the approval of the superintendent or his designee.

### 481.20    Prohibited Correspondence

Notwithstanding any other provisions of 103 CMR 481.00, an inmate may be prohibited by the superintendent from corresponding with a particular person if that person, or the person's parent or legal guardian in the case of a minor, has requested in writing that such correspondence from the inmate be terminated.   Whenever such correspondence is not mailed, the inmate shall be notified.   Such notice shall satisfy the requirements of 103 CMR 481.17.

481.21    Prohibition on Inmate-to-Inmate Correspondence

An inmate may be permitted to correspond with an inmate confined in any other correctional or penal institution in the commonwealth, providing the other inmate is either a member of the immediate family, or is a party in a legal action in which both inmates are parties representing themselves. The superintendent may approve such correspondence in other exceptional circumstances, with particular regard to the nature of the relationship between the two inmates, and the security level of the institution. The following additional limitations apply:

(1) The superintendents at both the sending and receiving institutions must approve of the correspondence.

(2) Such incoming or outgoing correspondence at institutions of all security levels may for reasons of safety or security be inspected and read by staff at either the sending or receiving institution pursuant to the authorization of the commissioner or institution superintendent in accordance with applicable guidelines and requirements set forth in 103 CMR 481.13, 481.14 and 481.15.

(3) When an inmate's request for inmate-to-inmate correspondence is approved by both superintendents, a copy of the approval document(s) shall be placed in section I of each inmate's six-part folder, and a copy shall be maintained in the mail room of both institutions.

(4) Superintendents shall develop a logging process to show approval and disapproval's for inmate-to-inmate correspondence. Approved inmate-to-inmate correspondence shall be reviewed every 90 days.

(5) The prohibition on inmate-to-inmate correspondence applies only to Department of Correction inmates incarcerated in a Department of Correction or county facility in Massachusetts.

481.22    Forwarding Mail

(1) Mail received for an inmate who has been transferred or released from the institution where the mail is received, shall be forwarded promptly, whenever possible, or returned to the sender.

(2) Change of address cards shall be readily available at each institution for issue to inmates, upon request, who are scheduled for transfer or release from the institution. Inmates

shall be responsible for notifying their correspondents and the publishers of their subscriptions of any change of address.

(3)   Mail for inmates who are on escape status shall have their mail marked "Return to Sender" and returned to the post office. Where appropriate, return may be delayed until such time as appropriate law enforcement officials are notified.

481.23    Time Limits

Time limits set forth in Sections 481.16 and 481.17 are directory and may be modified by the superintendent or the commissioner, under appropriate circumstances.

481.24    Emergencies

Whenever in the opinion of the commissioner, deputy commissioner or the superintendent of a state correctional institution, an emergency exists which requires suspension of all or part of 103 CMR 481.00, he/she may order such suspension, except that any such suspension lasting beyond 48 hours must be authorized by the Commissioner.

481.25    Responsible Staff

The superintendent of each institution shall be responsible for implementing and monitoring 103 CMR 481.00.

481.26    Annual Review Date

103 CMR 481.00 shall be reviewed at least annually from the effective date by the commissioner or his designee.   The party or parties conducting the review shall develop a memorandum to the commissioner with a copy to the Central Policy File indicating revisions, additions, or deletions which shall be included for the commissioner's written approval.

481.27    Severability Clause

If any article, section, subsection, sentence, clause or phrase of 103 CMR 481.00 is for any reason held to be unconstitutional, contrary to statute, in excess of the authority of the commissioner or otherwise inoperative, such decision shall not affect the validity of any other article, section, subsection, sentence, clause or phrase of 103 CMR 481.00

103 CMR: DEPARTMENT OF CORRECTION

**Attachment A**

## REQUEST FOR INMATE TO INMATE CORRESPONDENCE

**DATE**_____

**TO:**    **Superintendent/Sheriff**

_____

_____

                              **Institution**

**FROM:**    **Superintendent Sheriff**

_____

_____

                              **Institution**

**RE:**    **Our Inmate:**_____  **Commitment**
**#**_____

       **Your Inmate:**_____  **Commitment**
**#**_____

I have approved our inmate's request dated _____, to correspond with an inmate from your facility for the following reason, and I am forwarding this request to you for your consideration.

_____ Immediate family member.  Circle appropriate relationship.  Husband, wife, mother, father, sister, brother, son, daughter.

_____ Pro Se Legal Action (inmates are co-plaintiffs or co-defendants in legal action in which both inmates are representing themselves).  Court and case no.

_____.

**TO BE COMPLETED BY RECEIVING FACILITY SUPERINTENDENT/SHERIFF**

                                             103 CMR 481 - 238

103 CMR: DEPARTMENT OF CORRECTION

_____ REQUEST APPROVED.

_____ REQUEST DENIED FOR THE FOLLOWING
REASON(S):

_____

_____

_____

_____

_____                Superintendent/Sheriff
        Date

_____                Institution

**Attachment B**

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF CORRECTION**
**DISAPPROVED CORRESPONDENCE/PUBLICATION *AND CONTRABAND***
**NOTICE TO INMATE**
**Intended Recipient**

| Name of Recipient | Inmate Number (if applicable) | Institution |
|---|---|---|
| Address – Street or P.O. Box | City | State and Zip Code |

**Sender**

| Name of Sender | Material Sent (name and date of correspondence/publication) | Institution(if applicable) |
|---|---|---|
| Address – Street or P.O. Box | City | State and Zip Code |

**Non-Delivery Information**

| Date Item Postmarked or Date Item Received | Item Rejected for Delivery (letter, package, magazine, book, etc.) |
|---|---|

**Reason(s) for Disapproval/Non-Delivery**

Item(s) fall as a whole or in significant part into any one of the following categories:

_____Transmittal of plans for, or the introduction of, contraband into the prison
_____Plans for criminal activity or any activity which violates any departmental or institutional rule, regulation, order or policy
_____Written in code
_____Threatening or harassing correspondence including the sending of sexually explicit material to unwilling recipients
_____Correspondence containing unsanitary or hazardous material (i.e., feces, insects, dirt, debris)
_____Extortion demands
_____Sending cash, drugs, jewelry or other contraband outside the prison
_____The recipient has previously requested not to receive correspondence from the inmate pursuant to 103 CMR 481
_____Improper or no return address

4/26/02                                              103 CMR 481 - 240

_____Depicts or describes procedures for the construction of weapons, ammunition, bombs, or incendiary devices

_____Depicts, describes or encourages methods of escape from correctional facilities or contains blueprints, drawings or similar descriptions of any correctional institution within the Commonwealth.

_____Depicts or describes procedures for the brewing of alcoholic beverage(s), or the manufacture of drugs

_____Depicts, describes or encourages activities that may lead to the use of physical violence or group disruption

_____Encourages or instructs in the commission of criminal activity

_____Sexually explicit pictorial material or material that features nudity.  * Per 103 CMR 481.15(3)(c) it is the Deputy Superintendent's decision as to whether or not a publication should be excluded.

_____Item(s) not authorized by 103 CMR 403, Inmate Property Policy.

| Signature of Institution Staff Member | Date Signed |
|---|---|
|  |  |

**\*\* IMPORTANT\*\* PLEASE NOTE: IF YOU DISPUTE THIS DECISION, YOU HAVE THE RIGHT TO APPEAL TO THE SUPERINTENDENT BY SUBMISSION OF A WRITTEN APPEAL WITHIN 7 DAYS OF RECEIPT OF THIS NOTICE.**

THIS ALSO SERVES AS YOUR INITIAL CONTRABAND NOTIFICATION UNDER 103 CMR 403.14 FOR THE ABOVE-REFERENCED ITEM(S).  PLEASE COMPLETE THE SECOND PAGE OF THIS FORM AND ADVISE THE INSTITUTION PROPERTY OFFICER OF YOUR CHOSEN METHOD OF DISPOSAL.

*Distribution:                          Original - Deputy Superintendent          Copy - Property Officer          Copy - Inmate*

EXHIBIT #4



**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Robert C. Haas**
*Secretary*

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*Massachusetts Treatment Center*
*30 Administration Road*
*Bridgewater, Massachusetts  02324-3230*

*Tel: (508) 279-8100   Fax: (508) 279-8105*
*www.mass.gov/doc*



**Kathleen M. Dennehy**
*Commissioner*

**James Bender**
*Deputy Commissioner*

**Robert Murphy**
*Superintendent*

August 31, 2006

TO:              Inmates/Residents

FROM:         R. Murphy, Superintendent

RE:              *Indigent Mail*

Be advised pursuant to section 103 CMR 481.10, Free Postage for Indigent Inmates, an attorney is <u>not</u> included as a 'court official'.

<u>481.10 Free Postage for Indigent Inmates</u>

Indigent inmates shall be permitted to mail three letters first class weighing one ounce or less each week at institution expense.  In addition, an indigent inmate shall be permitted, where necessary, to send an unlimited number of letters of any weight to any court official at institution expense.

An inmate/resident, determined to be indigent as defined in 103 CMR/MTC 481.06, Inmate Mail-Definitions, may choose to submit a letter to an attorney in conjunction with the three letter first class weighing one ounce or less each week as noted above.

# POST – HOUSING UNITS