**UNITED STATES DISTRICT COURT**
**District of Massachusetts**

FILED
CLERKS OFFICE

JOSEPH P. SCHMITT, pro se.,

      **Plaintiff,**

2006 OCT 10  P 12: 48

**v.**

Civil Action No. 05-10571-RWZ
US DISTRICT COURT
DISTRICT OF MASS

THOMAS CARTER, et al.,

      **Defendants.**

### PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS

**Now** comes the pro se Plaintiff and opposes the defendants motion to dismiss.

As grounds thereof, Plaintiff states the following:

### DEFENDANTS' MOTION TO DISMISS

1.   Plaintiff has clearly indicated claims for which relief may be granted. Defendants assertion of this as grounds to dismiss the Plaintiff's complaint is nothing more than the Department of Correction Legal Divisions way of delaying the case while the Court is forced to review baseless claims. This claim is used by Department of Correction Legal Division in nearly ever prisoner/ civil detainee action filed in the courts of the Commonwealth.

2.   It is well established case law that a plaintiff is not held responsible for the United States Marshal's failure to properly serve defendants.

### STATEMENT OF FACTS

3.   Plaintiff was released from MCI Cedar Junction in August 2002, having served his criminal sentence of 4 to 8 years.

4.   Upon release from his criminal prison term in August 2002, Plaintiff was transefered to the Nemansket Correctional Facility - also refered to as the Treatment Center - at Bridgewater, Massachusetts.

4.   Both MCI Cedar Junction and the Nemansket Correctional Facility are governed by 103 CMR/DOC Rules, Regulations and Policies.

5.   The Nemansket Correctional Facility is primarily staffed by officers and officials of the Department of Corrections.

6.   The complaint in this action is, in part, involving comments Plaintiff

includede in his personal correspondence to an adult friend regarding the
defendant Carter Thomas, not directly to defendant Thomas.

7.      The complaint in this action is, in part, involving a letter of
complaint directed to defendant Peter Allen, the superintendent of MCI Cedar
Junction, regarding the abuse of the disciplinary policy by officers -
specifically Carter Thomas - at MCI Cedar Junction.

8.      The letter referred to in paragraph 6 does not refer to defendant Thomas
as alleged by defendants in paragraph 2  page 2 of "Defendants' Motion To
Dismiss." As clearly seen in Exhibit "H" in the Plaintiff's complaint, Plaintiff
sought to put a stop to the  harassment and abuse to him from defendant Carter
Thomas by stating the exact facts of the issue, and was  in fact further abused
and had his rights violated for seeking a higher authorities action in the
matter.

9.      The fact that the Plaintiff has not been incarcerated at MCI Cedar Junction
since August 2002 is completely irrelevant to this complaint's resolution.

10.     The specific disciplinary reports, noted in this action as Exhibits "F",
"G" and "H", were brought up and used to civilly commit Plaintiff in his
Worcester Superior Court MGL c. 123A Trial. See Attached Exhibit 1.

11.     Plaintiff suffered more than just one time by the actions of the defendant
Carter Thomas and others. Once at the time of the Plaintiff's personal mail
being censored because he made unkind remarks about any department of corrections
official. See, **Loggins v. Delo, 999 F.2d 364 (8th Cir. 1993)** "Letter by prisoner
to his brother in which some unkind remarks were made about the female mailroom
officer did not implicate 'security concerns,' and thus, imposition of
disciplinary action on inmate for such a letter violated the First Amendment."
Again, by being subjected to the multiple disciplinary reports - see case
exhibits "F", "G" & "H". Also see **Procunier v. Martinez, 416 U.S. at 415, 94
S. Ct at 1812** "Supreme Court has held unconstitutional the censorship of
prisoner mail when prison officials cesor simply by indulging their 'personal
prejudices and opinions' while purporting to apply constitutional standard. Other
Courts have agreed that when reviewing officials merely 'apply their own personal
prejudices for mail censorship,' they deprive prisoners of constitutional
protection. **Trapnell v. Riggsby, 622 F.2d** 290, 293 (**7th Cir. 1980**) Accord
**Pepperling v. Crist** 678 F.2d 787, 790 (9th Cir. 1982) ("Prison officials have
no legitimate governmental interest imposing thier own standards of sexual

morality on the inmates."). And yet again during his MGL c. 123 SDP Trial in
Worcester Superior Court Civil Docket Number 02-01529-A.

12.   As discussed above, Plaintiff clearly has substantial grounds for the
complaint.

13.   On 04/14/2006 Judge Rya W. Zobel ordered that the clerk shall issue the
summonses and that the United States Marshal shall serve a copy of the summonse
complaint and said order upon each and every defendant as directed by this
pro se plaintiff with all costs to be advanced by the United States. See docket
sheet number 11.

14.   On 05/01/2006 Plaintiff mailed all relevant documents to the office of the
United States Marshal so that service may be conducted upon all defendants as
ordered by the court as noted in paragraph 13 above.

15.   Plaintiff has written to the United States Marshals Office regarding the
service of this action and received no response.

16.   Plaintiff filed a motion with this court regarding this issue involving
non service by the US Marshal and this court denied said motion(s).

17.   Plaintiff is not responsible for the US Marshals failure to conduct
timely service. See Welch v. Folsom, 925 F.2d at 670; Puet v. Blanford, 912
F.2d 270, 275 (9th Cir. 1990); and, Fowler v. Jones 899 F.2d 1088, 1094 n.5
(11th Cir. 1990).

18.   Plaintiff did in fact submit, via US Mail, his complaint to the Court on
02/15/2005 and said case was docketed by the Court Clerk's Office on 02/18/2005.
Plaintiff did file a complaint with the Office of the Circuit Executive on
July 13,2005 and received a response on July 19,2005. Plaintiff was informed that
the case was undergoing the preliminary screening required by the IFP Statute,
28 U.S.C. § 1915. See attached exhibit 2.

19.   Plaintiff has stated, very clearly as a pro se litigant, many valid claims
against the defendants collectively and individually.


SCHMITT HAS FAILED TO MAKE TIMELY SERVICE OF THE COMPLAINT.

20.   Although the Defendants assertion that the complaint was filed on february
18,2005 is valid, the relevant issue is when the case was allowed to go forward
by the court. That date is noted above in paragraph 12 as 04/14/2006.

21.   As stated by defendants in the motion to dismiss, the defendant, Department
of Correction was served on May 22,2006, well within the 120 days allowed.

22.   Plaintiff is pro se, and a civilly committed person pursuant to MGL c. 123A § 14. As such, he has no meaningful control over how the US Marshal fulfills its duty. See above paragraph 16.

SCHMITT'S CLAIMS ARE MOOT DUE TO HIS RELEASE FROM MCI CEDAR JUNCTION

23.   The defendants have violated Plaintiff's State and Federal Rights.

24.   The fact that the Plaintiff is nolonger incarcerated at MCI Cedar Junction does not absolve defendants of their individual and collective infringements of Plaintiff rights.  Case in point is two prior case prosecuted in front of a jury trial by plaintiff regarding an MCI Cedar Junction incident after Plaintiff had been discharged from said facility, 04-10451-RWZ and 04-10717-RWZ.

25.   Plaintiff is still being held accountable for the three disciplinary reports this action is based upon as noted above in paragraph 9.

26.   The issues presented are clearly "Live" and the parties clearly have a cognizable interest in the outcome, see above paragraph 9. Plaintiff's case for Declaratory judgement is NOT moot in any sense at all.

27.   With respect to declaratory relief, plaintiff clearly has shown a substantial controversy over present rights of "sufficient immediacy and reality" requiring adjudication. Plaintiff has brought action against Department of Correction officials at MCI Cedar Junction and successfully prosecuted his claims before a jury trial – jury trial was demanded by the defendants. See USDC cases 04-10451-RWZ & 04-10717-RWZ. The immediate case at bar involves simular issues with different circumstances. Further, Plaintiff's personal mail is still being 'censored' as of September 16,2006. See attached Exhibit 3.

28.   With regards to defendants claims regarding equitable relief, Plaintiff did not make suck requests for relief and shall not give response to this unbased issue brought by defendants.

SCHMITT'S COMPLAINT IS BARRED BY RES JUDICATA

29.   In order to trigger res judicata, three requirements must be met: (1) a final judgement on the merits in an earlier action, (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both the earlier and later suits.

30.   Defendants defeat their own claim of res judicata by their own admissions in paragraph one under the caption, "Schmitt's Complaint is Barred By Res Judicata". They state as follows: "Issues raised by Schmitt in this complaint are Substantially similar to other lawsuits filed with this court."

31.   Defendants admit that issues raised in this complaint are "substantially

similar to other lawsuits filed with this court. Substantially similar does not met either of the three required elements of res judicata. As such defendants claim for res judicata can not stand.

32.    Plaintiff's previously filed law suits were filed in 2004. Plaintiff never received a disciplinary hearing on the three disciplinary reports noted above in paragraphs 9 & 10. Furthermore, not until 2005 did plaintiff become aware of the fact that said disciplinary reports were in fact being used by the Commonwealth against him in his MGL c. 123A SDP Trial. This is at what point Plaintiff was forced to take legal action by filing the instant case.

33.    Even if the defendants are for the majority the same in this case and cases 04-10451-RWZ & 04-10717-RWZ, the cause of the action are diferent and res judicata can not be triggered.

34.    The two previous cases were brought under federal statute 42- USCA - §1983 and litigated at jury trial under this statute only. The instant case is being brought under statutes 28-USCA-§220, 18-USCA-§242, and 42-USCA-§1983.

35.    Plaintiff admits that is it absolutely necessary to name a number of defendants in all three cases mentioned above. Nevertheless, even if privity of identity were established here, the third element of res judicata --- identity of cause of action --- is not satisfied. Consistant with the "broad purpose of res judicata to eliminate needless repetitive litigation," Kilgoar v. Colbert County Bd. of Educ., 578 F.2d 1033, 1035 (5th Cir. 1978), a second suit will be barred if its claims and those asserted in the earlier action "derive from a common nucleus of operative facts." Breneman v. Federal Aviation Administration 381 F3d 33, 38 (1st Cir. 2004). However, "_[s]ubsequent conduct, [that] even if it is of the same nature as the conduct complained of in a prior law suit, may give rise to an entirely seperate cause of action," Gonzalez-Pina v. Rodriquez 407 F.3d 425, 430 (1st Cir. 2005) (quoting Kilgoar, 578 F.2d at 1035).

36    Defendants claims that policies and regulations of MCI Cedar Junction do not still effect plaintiff are clearly controdicted by the defendants continued actions of holding plaintiff accountable for actions, incidents, etc., while plaintiff was at MCI Cedar Junction. Plaintiff brings the Court's attention to the MGL C. 123A SDP Trial and 123A §9 petitions. Defendants shall continue to use plaintiff's institutional records and this in itself gives plaintiff the means for a solid standing to pursue his legal claims of this action and all other filed actions.

CONCLUSSION

    For the foregoing reasons, and all others this Honorable Court with its' legal knowledge, Plaintiff, Joseph P. Schmitt, requests that the Court dismiss the defendants motion to dismiss with prejudice and allow this action to proceed towards JURY TRIAL.

Dated: October 6,2006

Respectfully submitted,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

Certificate of Service

    The undersigned hereby certifies that on or about October 6, 2006 a true copy was served upon counsel for defendants via inter departmental mail.

**UNITED STATES DISTRICT COURT**
District of Massachusetts

FILED
CLERKS OFFICE

JOSEPH P. SCHMITT, pro se.,

        Plaintiff,

v.

THOMAS CARTER, et al.,

        Defendants.

2005 OCT 10  P 12: 48

Civil Action No. 05-10571-RWZ
US DISTRICT COURT
DISTRICT OF MASS

### PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS

        **Now** comes the pro se Plaintiff and opposes the defendants
motion to dismiss.

        As grounds thereof, Plaintiff states the following:

### DEFENDANTS' MOTION TO DISMISS

1.    Plaintiff has clearly indicated claims for which relief may
be granted. Defendants assertion of this as grounds to dismiss the
Plaintiff's complaint is nothing more than the Department of
Correction Legal Divisions way of delaying the case while the
Court is forced to review baseless claims. This claim is used by
Department of Correction Legal Division in nearly ever prisoner/
civil detainee action filed in the courts of the Commonwealth.

2.    It is well established case law that a plaintiff is not held
responsible for the United States Marshal's failure to properly
serve defendants.

### STATEMENT OF FACTS

3.    Plaintiff was released from MCI Cedar Junction in August 2002, having
served his criminal sentence of 4 to 8 years.

4.    Upon release from his criminal prison term in August 2002, Plaintiff
was transefered to the Nemansket Correctional Facility – also refered to as
the Treatment Center – at Bridgewater, Massachusetts.

4.    Both MCI Cedar Junction and the Nemansket Correctional Facility are
governed by 103 CMR/DOC Rules, Regulations and Policies.

5.    The Nemansket Correctional Facility is primarily staffed by officers
and officials of the Department of Corrections.

6.    The complaint in this action is, in part, involving comments Plaintiff

includede in his personal correspondence to an adult friend regarding the
defendant Carter Thomas, not directly to defendant Thomas.

7.     The complaint in this action is, in part, involving a letter of
complaint directed to defendant Peter Allen, the superintendent of MCI Cedar
Junction, regarding the abuse of the disciplinary policy by officers -
specifically Carter Thomas - at MCI Cedar Junction.

8.     The letter referred to in paragraph 6 does not refer to defendant Thomas
as alleged by defendants in paragraph 2  page 2 of "Defendants' Motion To
Dismiss." As clearly seen in Exhibit "H" in the Plaintiff's complaint, Plaintiff
sought to put a stop to the  harassment and abuse to him from defendant Carter
Thomas by stating the exact facts of the issue, and was  in fact further abused
and had his rights violated for seeking a higher authorities action in the
matter.

9.     The fact that the Plaintiff has not been incarcerated at MCI Cedar Junction
since August 2002 is completely irrelevant to this complaint's resolution.

10.    The specific disciplinary reports, noted in this action as Exhibits "F",
"G" and "H", were brought up and used to civilly commit Plaintiff in his
Worcester Superior Court MGL c. 123A Trial. See Attached Exhibit 1.

11.    Plaintiff suffered more than just one time by the actions of the defendant
Carter Thomas and others. Once at the time of the Plaintiff's personal mail
being censored because he made unkind remarks about any department of corrections
official. See, **Loggins v. Delo, 999 F.2d 364 (8th Cir. 1993)** "Letter by prisoner
to his brother in which some unkind remarks were made about the female mailroom
officer did not implicate 'security concerns,' and thus, imposition of
disciplinary action on inmate for such a letter violated the First Amendment."
Again, by being subjected to the multiple disciplinary reports - see case
exhibits "F", "G" & "H". Also see **Procunier v. Martinez, 416 U.S. at 415, 94
S. Ct at 1812** "Supreme Court has held unconstitutional the censorship of
prisoner mail when prison officials cesor simply by indulging their 'personal
prejudices and opinions' while purporting to apply constitutional standard. Other
Courts have agreed that when reviewing officials merely 'apply their own personal
prejudices for mail censorship,' they deprive prisoners of constitutional
protection. **Trapnell v. Riggsby, 622 F.2d** 290, 293 (7**th Cir. 1980**) Accord
**Pepperling v. Crist** 678 F.2d 787, 790 (9th Cir. 1982) ("Prison officials have
no legitimate governmental interest imposing thier own standards of sexual

morality on the inmates."). And yet again during his MGL c. 123 SDP Trial in Worcester Superior Court Civil Docket Number 02-01529-A.

12.    As discussed above, Plaintiff clearly has substantial grounds for the complaint.

13.    On 04/14/2006 Judge Rya W. Zobel ordered that the clerk shall issue the summonses and that the United States Marshal shall serve a copy of the summonse complaint and said order upon each and every defendant as directed by this pro se plaintiff with all costs to be advanced by the United States. See docket sheet number 11.

14.    On 05/01/2006 Plaintiff mailed all relevant documents to the office of the United States Marshal so that service may be conducted upon all defendants as ordered by the court as noted in paragraph 13 above.

15.    Plaintiff has written to the United States Marshals Office regarding the service of this action and received no response.

16.    Plaintiff filed a motion with this court regarding this issue involving non service by the US Marshal and this court denied said motion(s).

17.    Plaintiff is not responsible for the US Marshals failure to conduct timely service. See Welch v. Folsom, 925 F.2d at 670; Puet v. Blanford, 912 F.2d 270, 275 (9th Cir. 1990); and, Fowler v. Jones 899 F.2d 1088, 1094 n.5 (11th Cir. 1990).

18.    Plaintiff did in fact submit, via US Mail, his complaint to the Court on 02/15/2005 and said case was docketed by the Court Clerk's Office on 02/18/2005. Plaintiff did file a complaint with the Office of the Circuit Executive on July 13,2005 and received a response on July 19,2005. Plaintiff was informed that the case was undergoing the preliminary screening required by the IFP Statute, 28 U.S.C. § 1915. See attached exhibit 2.

19.    Plaintiff has stated, very clearly as a pro se litigant, many valid claims against the defendants collectively and individually.

SCHMITT HAS FAILED TO MAKE TIMELY SERVICE OF THE COMPLAINT.

20.    Although the Defendants assertion that the complaint was filed on february 18,2005 is valid, the relevant issue is when the case was allowed to go forward by the court. That date is noted above in paragraph 12 as 04/14/2006.

21.    As stated by defendants in the motion to dismiss, the defendant, Department of Correction was served on May 22,2006, well within the 120 days allowed.

22.   Plaintiff is pro se, and a civilly committed person pursuant to MGL c. 123A § 14. As such, he has no meaningful control over how the US Marshal fulfills its duty. See above paragraph 16.

    SCHMITT'S CLAIMS ARE MOOT DUE TO HIS RELEASE FROM MCI CEDAR JUNCTION

23.   The defendants have violated Plaintiff's State and Federal Rights.

24.   The fact that the Plaintiff is nolonger incarcerated at MCI Cedar Junction does not absolve defendants of their individual and collective infringements of Plaintiff rights.  Case in point is two prior case prosecuted in front of a jury trial by plaintiff regarding an MCI Cedar Junction incident after Plaintiff had been discharged from said facility. 04-10451-RWZ and 04-10717-RWZ.

25.   Plaintiff is still being held accountable for the three disciplinary reports this action is based upon as noted above in paragraph 9.

26.   The issues presented are clearly "Live" and the parties clearly have a cognizable interest in the outcome, see above paragraph 9. Plaintiff's case for Declaratory judgement is NOT moot in any sense at all.

27.   With respect to declaratory relief, plaintiff clearly has shown a substantial controversy over present rights of "sufficient immediacy and reality" requiring adjudication. Plaintiff has brought action against Department of Correction officials at MCI Cedar Junction and successfully prosecuted his claims before a jury trial – jury trial was demanded by the defendants. See USDC cases 04-10451-RWZ & 04-10717-RWZ. The immediate case at bar involves simular issues with different circumstances. Further, Plaintiff's personal mail is still being 'censored' as of September 16,2006. See attached Exhibit 3.

28.   With regards to defendants claims regarding equitable relief, Plaintiff did not make suck requests for relief and shall not give response to this unbased issue brought by defendants.

    SCHMITT'S COMPLAINT IS BARRED BY RES JUDICATA

29.   In order to trigger res judicata, three requirements must be met: (1) a final judgement on the merits in an earlier action, (2) an identity of parties or privies in the two suits: and (3) an identity of the cause of action in both the earlier and later suits.

30.   Defendants defeat their own claim of res judicata by their own admissions in paragraph one under the caption, "Schmitt's Complaint is Barred By Res Judicata". They state as follows: "Issues raised by Schmitt in this complaint are Substantially similar to other lawsuits filed with this court."

31.   Defendants admit that issues raised in this complaint are "substantially

similar to other lawsuits filed with this court. Substantially similar does not met either of the three required elements of res judicata. As such defendants claim for res judicata can not stand.

32.    Plaintiff's previously filed law suits were filed in 2004. Plaintiff never received a disciplinary hearing on the three disciplinary reports noted above in paragraphs 9 & 10. Furthermore, not until 2005 did plaintiff become aware of the fact that said disciplinary reports were in fact being used by the Commonwealth against him in his MGL c. 123A SDP Trial. This is at what point Plaintiff was forced to take legal action by filing the instant case.

33.    Even if the defendants are for the majority the same in this case and cases 04-10451-RWZ & 04-10717-RWZ, the cause of the action are diferent and res judicata can not be triggered.

34.    The two previous cases were brought under federal statute 42- USCA - §1983 and litigated at jury trial under this statute only. The instant case is being brought under statutes 28-USCA-§220, 18-USCA-§242, and 42-USCA-§1983.

35.    Plaintiff admits that is it absolutely necessary to name a number of defendants in all three cases mentioned above. Nevertheless, even if privity of identity were established here, the third element of res judicata --- identity of cause of action --- is not satisfied. Consistant with the "broad purpose of res judicata to eliminate needless repetitive litigation," Kilgoar v. Colbert County Bd. of Educ., 578 F.2d 1033, 1035 (5th Cir. 1978), a second suit will be barred if its claims and those asserted in the earlier action "derive from a common nucleus of operative facts." Breneman v. Federal Aviation Administration 381 F3d 33, 38 (1st Cir. 2004). However, "[s]ubsequent conduct, [that] even if it is of the same nature as the conduct complained of in a prior law suit, may give rise to an entirely seperate cause of action," Gonzalez-Pina v. Rodriquez 407 F.3d 425, 430 (1st Cir. 2005) (quoting Kilgoar, 578 F.2d at 1035).

36    Defendants claims that policies and regulations of MCI Cedar Junction do not still effect plaintiff are clearly controdicted by the defendants continued actions of holding plaintiff accountable for actions, incidents, etc., while plaintiff was at MCI Cedar Junction. Plaintiff brings the Court's attention to the MGL C. 123A SDP Trial and 123A §9 petitions. Defendants shall continue to use plaintiff's institutional records and this in itself gives plaintiff the means for a solid standing to pursue his legal claims of this action and all other filed actions.

## CONCLUSSION

For the foregoing reasons, and all others this Honorable Court with its' legal knowledge, Plaintiff, Joseph P. Schmitt, requests that the Court dismiss the defendants motion to dismiss with prejudice and allow this action to proceed towards JURY TRIAL.

Dated: October 6,2006

Respecfully submitted,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

Certificate of Service

The undersigned hereby certifies that on or about October 6, 2006 a true copy was served upon counsel for defendants via inter departmental mail.

EXHIBIT 1

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

CIVIL DOCKET#: **WOCV2002-01529-A**

RE:   Mass v Schmitt

TO:   Joseph Schmitt
30 Adminstration Rd
Bridgewater, MA 02324

---

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **06/09/2006** the following entry was made on the above referenced docket:

**Findings of fact, rulings of law and order for entry of judgment upon Plaintiff Commonwealth of Massachusetts' petition for commitment of Respondent Joseph Schmitt pursuant to GL Chap 123A. ORDER: Accordingly, the said Joseph Schmitt is ordered committed to the Nemansket Correctional Center for an indeterminate period of a minimum of one dayand to a maximum of such person's natural life until discharged pursuant to GL Chap 123A, Sec 9. (Robert A Cornetta, Justice) Entered and copies mailed 6/9/06 & faxed to Mass Treatment Center**
Dated at Worcester, Massachusetts this 9th day of June,
2006.

Francis A. Ford,
Clerk of the Courts

BY: Joanne C. Herring
Assistant Clerk

Telephone: 508-770-1899, Ext. 122 or Ext. 121 (Session Clerk)

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

cvdgeneric_2.wpd 1182829 findings jurgiel

## Commonwealth of Massachusetts
### County of Worcester
### The Superior Court

CIVIL DOCKET# **WOCV2002-01529**

RE:    **Mass v Schmitt**

TO:  Joseph Schmitt
30 Adminstration Rd
Bridgewater, MA 02324

---

## NOTICE OF JUDGMENT ENTRY

This is to notify you that a judgment in the above referenced action has been entered
on the docket.  A copy of the judgment is attached.

Dated at Worcester, Massachusetts this 9th day of June,
 2006.

Francis A. Ford,
Clerk of the Courts

BY:...................................................
Joanne C. Herring
Assistant Clerk

Telephone: 508-770-1899, Ext. 122 or Ext. 121 (Session Clerk)

cvdnotjud_2.wpd 1181733 judtrip jurgiel

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

CIVIL DOCKET# **WOCV2002-01529**

**Commonwealth of Massachusetts,**
**Petitioner**
vs.
**Joseph Schmitt,**
**DRespondent**

## JUDGMENT ON FINDING OF THE COURT

This action came on for trial before the Court, Robert A. Cornetta, Justice, presiding, and the issues having been duly tried, and finding having been rendered that the respondent is a sexually dangerous person within the meaning of G.L. Chapter 123A,

It is **ORDERED and ADJUDGED:**

that Joseph Schmitt is hereby committed to the Treatment Center at Bridgewater for a period of not less than one day and no more than his natural life pursuant to G.L. C. 123A, section 14(d).

Dated at Worcester, Massachusetts this 6th day of June, 2006.

By: .......................................
Assistant Clerk

**Entered: 06/09/2006**

Copies mailed 06/09/2006
& faxed to Treatment Center

# COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, ss.**

**SUPERIOR COURT
CIVIL ACTION NO:
WOCV2002-01529**

### COMMONWEALTH OF MASSACHUSETTS,
Petitioner

vs.

### JOSEPH SCHMITT,
Respondent

## FINDINGS OF FACT, RULINGS OF LAW AND ORDER FOR ENTRY OF JUDGMENT UPON PLAINTIFF COMMONWEALTH OF MASSACHUSETTS' PETITION FOR COMMITMENT OF RESPONDENT JOSEPH SCHMITT PURSUANT TO G.L. CH. 123A.



### Introduction:

This matter involves a petition brought by the Commonwealth of Massachusetts pursuant to General Laws Chapter 1213A, sections 1, 12-16 claiming the respondent Joseph Schmitt is a sexually dangerous person within the meaning of that statute.

Pursuant to the statute, after hearing, probable cause was found in this matter and thereupon the matter was set down for trial before the Court.

The petitioner in this matter was represented by the Worcester County District Attorney's Office. The respondent was represented by attorney Christopher P. LoConto of Worcester, Massachusetts. The trial in this matter was held over multiple days, concluding on February 17, 2006. The respondent prior to trial did waive his right to trial by jury in this matter after a full colloquy was given to the respondent by the Court on the record. The Court is satisfied that the respondent waived his right to jury trial in this matter freely, voluntarily and knowingly.

During these proceedings, the respondent has filed a series of *pro se* and in certain instances *ex parte* documents with the Court. On numerous occasions, the respondent has sought to discharge his court appointed counsel and has further been heard *pro se* as to the question of ineffective assistance of counsel and numerous other procedural matters. In one instance, the respondent has sought to initially absent himself from the trial in this matter *(See: Court's Memorandum of Ruling dated February 17, 2006)*.

tered ε copies,
mailed 6-9-06 ε faxed
> Treatment Center

-two-

The Respondent was afforded the opportunity to represent himself with standby counsel, if he so desired. Ultimately, the respondent has decided to proceed with new court appointed counsel. Nothing heard by the Court or contained in the record or the case file in this matter supports the respondent's contentions of ineffective assistance of counsel or any other denial of due process rights in this matter.

Accordingly, all *pro se* motions filed by the defendant and pending are denied. In addition, all such motions together with any *ex parte* communication received from the respondent by the Court are preserved in the Court's case file for future reference.

## FINDINGS OF FACT

The respondent in this matter is a male adult who was convicted in the State of Connecticut in 1987 of holding a knife to the throat of a twelve year old child and forcing the child to perform oral sex upon him. He was sentenced to state prison in Connecticut and upon completion of that sentence was released by the Connecticut State Corrections Department.

In 1992, the respondent was indicted in Massachusetts and convicted of two counts of rape of a child. The victims in this crime were eight and ten years old. The respondent received a state prison term of four to eight years.

While incarcerated in Massachusetts, the evidence would establish and finding is made that the respondent has represented a disciplinary problem for Massachusetts corrections officials. He has received numerous disciplinary reports while incarcerated and was sanctioned within the correctional facility on numerous occasions for infractions of corrections department rules.

On a number of occasions, the respondent was found with sexually explicit pictures and literature in his cell while both in prison and while at the Bridgewater Treatment Center awaiting trial upon the Commonwealth's petition. Certain of this literature involved young boys. And, while the mere possession of such materials would not support judgment being entered for the Commonwealth in this matter upon a proof beyond a reasonable doubt standard, nevertheless, the fact that this material has been maintained by the respondent while in custody awaiting trial upon the Commonwealth's petition, taken into consideration with other evidence presented at trial is probative of the respondent's preoccupation with and propensity for pedophilia.

Two qualified examiners testified at the trial in this matter. Dr. Barbara Quiones testified at trial that upon her examination of the respondent and all available information regarding him that she concluded the respondent suffers from a mental abnormality and anti social personality disorder within the meaning of G.L. Ch. 123A. She further testified that the respondent has demonstrated repeated aggressive behavior while in custody, has been resistant to treatment and expresses a

-three-

strong sexual desire for young boys. She further reports that the respondent has threatened and acted out against other inmate and corrections officers and even while in a segregation unit exhibited behavioral problems. The witness further testified that the respondent has demonstrated no inhibitions toward sexual abuse of children and has a high likelihood to re offend in the future. The witness testified that the respondent maintains a high degree of deviant sexual arousal as to young boys and is a pedophile. She concludes that his pedophilia neccesitates treatment and that he has not successfully engaged in treatment while in custody.

Dr. Nicholas Tomich also examined the respondent as a qualified examiner. He concluded that the respondent has a personality disorder and mental defect that results in his being a pedophile. Dr. Tomich testified that the respondent minimized his conduct during interviews and exhibited an inability to control his sexual impulse toward young boys. Dr. Tomich also concluded that the respondent is likely to reoffend without treatment given in a confined setting.

The respondent called to the witness stand at trial a number of witnesses, chiefly corrections officers who have supervised him over his years of confinement. While these witnesses testified about the respondent's behavior while in custody, none of their testimony covered or contradicted the testimony of the two qualified examiners who interviewed the respondent and issued expert opinions about him.

The respondent also took the stand in his own defense in this matter. His testimony at trial is remarkable for the following reasons:

He admitted to his crimes in Connecticut and Massachusetts involving children victims. He further testified that he could not "turn off" his sexuality, that he will never be able to do that and that he is attracted to young boys. He went on to testify that he wrote sexually explicit material about children while in custody, had these materials published and received payment from publishers for such writings, while in custody. The respondent further testified that by communicating with other pedophiles across the country, he was actually seeking to act in an undercover law enforcement capacity to uncover other pedophiles in order to provide such information to the police for their prosecution and the protection of children.

## RULINGS OF LAW:

The Commonwealth bears the burden of proving that the respondent is a "sexually dangerous person" within the meaning of G.L. Ch. 123A by a standard of *proof beyond a reasonable doubt*, even though this proceeding is civil in nature.

-four-

The Court finds that based upon all of the evidence presented at trial and after full and fair consideration of the same that the Commonwealth has met its burden in this case. The Commonwealth has further established beyond a reasonable doubt that this respondent has a high likelihood to reoffend and that he must remain in confinement while being afforded treatment for his personality disorder and mental abnormality which results in uncontrolled urges to engage in sexual activity with minor children, especially minor males. It is concluded that this respondent represents a public safety threat if he is released from custody.

## ORDER:

Based upon findings of fact and rulings of law made after trial in this matter, judgment is now ordered entered upon the docket in this case that the respondent Joseph Schmitt is a sexually dangerous person within the meaning of G.L. Ch. 123A. Accordingly, the said Joseph Schmitt is ordered committed to the Nemansket Correctional Center for an indeterminate period of a minimum of one day and to a maximum of such person's natural life until discharged pursuant to G.L. Ch. 123A, section 9.

Pursuant to G.L. Ch. 123A, section 14, this order of commitment shall be forwarded by the Clerk Magistrate to said treatment center and to the appropriate agency with jurisdiction in this matter. In addition, notice of entry of judgment shall now be provided to the Worcester County District Attorney and defense counsel of record in this matter.

By the Court:

Hon. Robert A. Cornetta,
Justice

June 5, 2006

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Trial Court of the Commonwealth
The Superior Court
Docket No. WOCV2002-01529D

Commonwealth

vs.

Joseph P. Schmitt,
Respondent

Memorandum of Ruling:

This matter is brought before the Court for trial pursuant to G. L. Ch. 123A, for the care and treatment of sexually dangerous persons, so-called.

The matter has been on trial for multiple days with a considerable number of witnesses being summonsed to testify before the Court.

At continued trial today, the respondent has communicated that he does not wish to appear in Court for continued trial. This information was communicated by him to corrections department officials. The corrections department has inquired of the Court whether or not an order shall now issue to transport the defendant in four point restraints to the court and apparently against his will. The Court has declined to issue such an order.

At conference today with both defense counsel and the District Attorney, the Court has instructed defense counsel to confirm that the respondent refuses to be transported to court today.

This being the case, the trial in this matter (without jury) shall continue with the respondent aware that he can be transported to court if he wishes. However, if the defendant elects to voluntarily absent himself from the proceedings, the trial shall proceed today since all witnesses who have been summonsed are in court today for continued trial and since the respondent, at the eleventh hour and without any prior notice to the court has simply determined not to appear, without any good cause shown.

Defense counsel's objection to this action now being taken by the Court is noted for the record. In the event the respondent has a change of mind regarding his appearance, reasonable steps shall be ordered to have him appear at trial and for the preservation of all of his due process rights.

Otherwise however, the trial shall now proceed as scheduled, the respondent having voluntarily absented himself from the continued trial in this matter.

February 17, 2006

By the Court:

Hon. Robert A. Cornetta,
Justice

EXHIBIT 2



**UNITED STATES COURTS FOR THE FIRST CIRCUIT**
**OFFICE OF THE CIRCUIT EXECUTIVE**
**JOHN JOSEPH MOAKLEY UNITED STATES COURTHOUSE**
**1 COURTHOUSE WAY - SUITE 3700**
**BOSTON, MA 02210**

**GARY H. WENTE**
**CIRCUIT EXECUTIVE**
**617-748-9613**

**FLORENCE PAGANO**
**ASSISTANT CIRCUIT EXECUTIVE**
**617-748-9376**

July 19, 2005

Joseph P. Schmitt
Mass. Treatment Center
30 Administration Road
Bridgewater, MA 02324-3230

> Re:    No. 05-10571, No. 05-10572, and No. 05-10573

Dear Mr. Schmitt:

In response to your recent correspondence (copy enclosed), dated July 13, 2005, I have inquired into the status of the above-referenced cases. The matters are undergoing the preliminary screening required by the IFP statute, 28 U.S.C. § 1915. Court orders should issue presently.

Sincerely,

Florence Pagano

**Attention Please: Please forward a copy of this letter to me with
your response. Thank you.....**

Joseph P. Schmitt
Mass Treatment Center
30 Administration Road
Bridgewater, Massachusetts
02324-3230


Florence Pagano, Assistant Circuit Executive
United States Courts for the First Circuit
Office of the Circuit Executive
John Joseph Moakley United States Courthous
1 Courthouse Way - Suite 3700
Boston, Massachusetts


July 13,2005


RE: Non-response from the District Court


On february 16,2005 and February 18,2005 I filed three seperate actions with
the U.S. District Court. These cases are as follows: Schmitt vs LoConto
C.A. No. 05-10572-PBS --- Schmitt vs MA. D.O.C. C.A. No. 05-10573-RWZ ---
Schmitt vs Carter Thomas C.A. No. 05-10571-RWZ. The latter cases directly
involve my M.G.L. c. 123A Civil Committment Trial in Worcester Superior Court.

It has been five full months since my cases were filed, yet nothing is being
done by the court. My cases have plenty of merit and clearly will not be thrown
out of court. I strongly feel that I am being treated like a second class
citizen simply because I am presently detained civilly at the Treatment Center.
Five months is without doubt plenty of time for the court to review the case
and issue its order to have the complaint served upon the defendants by US
Marshal Office.

I request that this office look into this excessive delay and order the court
to take action in the above-noted case.

It must be noted that I have made countless attempts to resolve this matter with
the court clerk via mail but the court clerk simply doesn't respond to any of
my letters. Again this appears to be treatment only a second class citizen
would expect, and this is a violation of my due process.

I thank you for any and all assistance you may offer that will help expediate
the process of my cases.

Respectfully,


Cc: Joseph P. Schmitt

*EXHIBIT 3*



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*Massachusetts Treatment Center*
*30 Administration Road*
*Bridgewater, Massachusetts 02324-3230*
www.mass.gov/doc



**Mitt Romney**
*Governor*

**Kerry Healy**
Lieutenant Governor

**Robert C. Haas**
*Secretary*

*Telephone 508-279-8100*
*Fax 508-279-8105*

**Kathleen M. Dennehy**
*Commissioner*

**James Bender**
*Deputy Commissioner*

**Robert Murphy**
*Superintendent*

**To :**    **Resident Joseph Schmitt M81137**

**From :**    **Robert Murphy, Superintendent**

RECEIVED

SEP 19 2006

**Date :**    **September 17, 2006**

**Re :**    **Mail**

On Saturday, September 16, 2006, a letter sent out by you was received in the Treatment Center Mailroom. The address the letter was to be is Mr. Derek F. Kolb, 1611 Gold Avenue, SE, Apt #5, Albuquerque, New Mexico 87106. This envelope was opened and inspected by IPS, as per Mail Policy 103 CMR 481.

It was discovered that this envelope contained IRS documents where you are attempting to obtain a fraudulent tax refund. The envelope and its contents were not forwarded to Mr. Kolb and have been held pending further investigation.

The decision not to forward this correspondence to you may be appealed by you in writing to the Appellate authority (Superintendent).