UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 OCT 26  P 3:42

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NUMBER: 2005-10571-RWZ

JOSEPH PETER SCHMITT, pro se.,

Plaintiff,

-vs-

CARTER THOMAS, et al.,

Defendants.

FILED
IN CLERKS OFFICE

2006 OCT 26  P 3:43

U.S. DISTRICT COURT
DISTRICT OF MASS.

### EMERGENCY MOTION FOR COURT ORDER

Now comes the pro se Plaintiff and moves this Honorable Court for an <u>emergency motion for court order</u>

Plaintiff's moves that this Honorable Court ORDER the defendants (Mass Department of Corrections) to photo copy case law and other research matter Plaintiff requires for the preparation of his legal action, and to photo copy legal pleadings in his sight.

As grounds thereof, Plaintiff states the following.

1. As a pro se litigant, Plaintiff is held to the same rules and procedures as counsel for the defendants.

2. Plaintiff is a patient at the Nemansket Correctional Facility in Bridgewater Massachusetts. Commonly, though not entirely legally refered to as the Massachusetts Treatment Center by the defendants.

3. Plaintiff has a very limited access time to the Law Library at the facility he is presently serving a day to life civil commitment sentence at. Approximately two hours a day during business days only.

4. Due to circumstances beyond the control of Plaintiff his

actual access to the law library is severely reduced as the defendants routinely close the library early and or simply do not open it.

5.      Plaintiff has approximately twenty legal actions being actively litigated in the Courts of the Commonwealth. This includes, Plymouth Superior Court, Worcester Superior Court, Suffolk Superior Court, United States District Court, 1st Circuit Court of Appeals, and the State Court of Appeals.

6.      Plaintiff has the absolute right to exercise his United States Constitutional Rights by pursuing legal recourse as he is doing.

7.      Plaintiff is being deprived access to the law library by the very defendants he is seeking legal action against.

8.      Plaintiff is indigent and can not obtain the legal research materials he requires from any other source.

9.      Plaintiff has a medical condition which prevents him from being able to hand write the many legal pleadings he must for all his combined actions and legal pursuits. The only access he has to a typewriter is those supplied in the law library during the limited access time Plaintiff has available to him by the defendants.

10.     Plaintiff very simply can not physically conduct the necessary research and type the necessary pleading and other legal documents in the limited time he is given by the defendants in the facilities law library.

11.     The fact that Plaintiff is indigent and civilly committed must not weigh against his right to equal and meaningful access to the Courts such as the defendants counsel are afforded at the same expense to the tax payers of this Commonwealth.

12.     Plaintiff is litigating against the department of Correction and its public employees. This in itself puts the Plaintiff in a sensitive position as he must trust the integrety of those he is sueing and or fellow employees of those he is actively sueing in this and/or other cases.

13.     Plaintiff is forced, pursuant to consistantly changing rules and regulations regarding photocopying of legal material, to hand over his legal documents to said defendants and or fellow employees of said defendants. Said legal documents are then taken out of the sight of Plaintiff for a period up to 48 hours from the time Plaintiff turns said materials in for legal copying.

14.     Plaintiff having his legal documents held out of his sight for upwards of 48 hours is subjected to having his legal documents read, scanned and or forwarded to the defendants counsel thus giving the defendants an even further litigating advantage over the pro se Plaintiff.

**WHEREFORE,** Plaintiff moves that this Honorable Court issues an order against the defendants ordering that:

1.      Said defendants photocopy research material for Plaintiff as needed and requested in writing by said Plaintiff.

2.      That said legal research materials be photo copied within 24 hours of Plaintiff's written submitted request

3.      Defendants shall photo copy plaintiff legal materials for this action without reading the contents of said materials, shall not remove said materials from the immediate sight of Plaintiff, and shall photo copy said material in the presence of Plaintiff without delay.

Dated October 20, 2006

Respectfully Submitted,

/s/ Joseph P. Schmitt
Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

**CERTIFICATE OF SERVICE**

I, Joseph P. Schmitt, Plaintiff in the above captioned action do hereby certify that a true copy of the above motion has been served upon the counsel of record and/or the Department of Correction Legal Division at 70 Franklin Street, Suite 600, Boston Massachusetts 02210-1300,

/s/ Joseph P. Schmitt
Joseph P. Schmitt, pro se