United States District Court

FILED
IN CLERKS OFFICE

2006 DEC -6 P 1:32

U.S. DISTRICT COURT
DISTRICT OF MASS.

Joseph P. Schmitt, pro se
      Plaintiff,

  v.

Carter Thomas, et al.,
     Defendants

USDC No.: 05-10571-RWZ

---

**Plaintiff's Response to, "Defendants Opposition And Motion to Strike Plaintiff's Emergency Motion for Court Order Regarding Legal Photocopies**

---

Now comes the pro se plaintiff and hereby gives response to, "Defendants Opposition and Motion to Strike Plaintiff's Emergency Motion for Court Order Regarding Legal Photocopies."

1. Defendants have failed to provide Any sworn to Affidavits in support of their motion And or motion's exhibits 1 and 2.

2. Defendants exhibit 1 "103-CMR-478 Library Services Policy alleges A total of 15 hours 25 minutes of library

access per week, Monday through Friday.

3.    Defendants have failed to inform this Honorable Court of the full facts regarding "movements" within the Nemansket Correctional facility. Specifically that movements are routinely delayed and interrupted by approximately 20 to 30 minutes each day, and that said movement periods are shortened by 10 to 15 minutes each day. See plaintiff's estimated time schedule for civil populations first and final daily movements to the library below:

A.    Estimated time schedule for civil movement to library.

| Day | 1st movement | final movement |
|-----|-------------|----------------|
| Monday | 1:30 AM | 3:40 PM |
| Tuesday | 9:30 AM | 10:40 AM |
| Wednesday | 1:30 PM | 3:40 PM (also 7pm - 8:40pm) |
| Thursday | 9:30 AM | 10:40 AM |
| Friday | 1:30 AM | 3:40 PM |

4.    Plaintiff's estimated civil movement schedule indicates approximately 10 hours 30 minutes or actual access to the library weekly, a substantial contradiction to defendants exhibit 1, 103-CMR-478 Library Services Policy.

5.    As a civilly committed resident of this facility, plaintiff pursuant to MGL c. 123A §12-14 is able to receive therapy in the form of psych-educational classes

only during the overall times listed above in
paragraph 3-A. Plaintiff, as of November 1, 2006, is
participating in two psycho-education classes — Mens
Work I and Victim Empathy II — which shall last for
a period of 12 weeks. Both classes are conducted on
Wednesday afternoon, thus further reducing plaintiff's
access time to the library to conduct much required
research and typing of legal materials for his 21 cases.
down to approximately 8 hours 20 minutes per week

6.    Plaintiff, pursuant to Defendants rules and regulations
must forego library access time each week in order to
go to the facility's property room to receive his indigent
cosmetic package. This reduces plaintiff's total weekly
access time in the library to approximately 7 hours 50
minutes to as little as 7 hours 5 minutes.

7.    Plaintiff, pursuant to Defendants rules and regulations
must forego library access time in order to obtain medical
attention if and when needed.

8.    Defendants have routinely closed the library for
entire days because of alleged "lack of security personel"
or simular excuses. At such times plaintiff has personally
witnessed "security personel" congregating in the correctional
officers office within both D-units and B-units lounging
around because they have nothing to do.

9.    The Nemansket Correctional facility has a civil population over 225. For this ever growing population the defendants offer space and seating for only 25 individuals in the library.

10.    Plaintiff has personally spoken to Deputy Superintendent Joseph Murphy regarding the lack of access to the library and the fact that countless individuals frequent the library simply to socialize with gay lovers and or friends, which no attempts to correct have been made by the defendants.

11,    The library has a total of 5 typewriters. One is designated for handicapped residents and one is for non legal use. It is not an uncommon sight to see residents typing personal letters or other personal material on "legal only" typewriters.

12.    Plaintiff has 21 active legal actions in Courts of the Commonwealth. Plaintiff's case load may increase by several cases due to violations of his rights, again, by the defendants regarding medical and mental health issues.

13.    Counsel for defendants in WOCV2006-01972-C has filed a motion that is entitled, "Defendants' Emergency Motion to Enlarge Time", dated October 30, 2006. In said motion counsel, Kevin A. Anahory cites as grounds, in part, "An ever-increasing caseload and numerous other competing

demands on his time". Plaintiff at this time does not
intend to oppose the requested enlargement of time. However,
plaintiff must pose the question, is it fair and just to
allow defendants counsel further time because of the
grounds he alleges, but same counsel deems it fair and
just to oppose this pro se unskilled plaintiff's motion,
especially when plaintiff's legal issues are equal or greater
than these demands noted by defendants counsel. Is it
equal and fair Justice for one and all, or just for skilled
Attorney's such as those retained by the defendants?

14.    The very limited time plaintiff has in the library
to conduct research, type documents etc is far less than
that provided to prisoners as defined by the P.L.R.A. within
the prisons also defined by the P.L.R.A. of the Commonwealth
controlled by the defendant Ma. Dept. of. Corrections. Plaintiff,
by statute, is not a prisoner and must be afforded more and
least restrictive rights and privileges than those afforded to
prisoners.

15.    The defendants' motion exhibit 2 is a clear violation
of established case law regarding the "reading of detained
individuals legal papers". Exhibit 2 reads, in pertinent part, "Each
day the director of rehabilitative services or staff designee
and/or the deputy superintendent of treatment/classification will
scan/review legal photocopying materials..." Prison officials <u>may
not</u> read inmates legal papers. See, Bayron v. Trudeau, 702

F.2d 43, 45 (2d Cir. 1983) (allegation that guards read legal papers during a search stated a constitutional claim); Franklin v. State of Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981) (same); Proudfoot v. Williams, 803 F. Supp. 1048, 1052-53 (E.D. Pa. 1992); Nunez v. Boldin, 537 F. Supp. 578, 582-83 (S.D. Tex), appeal dismissed, 692 F.2d 755 (5th Cir. 1982).

16.    The fact that plaintiff has obtained a number of copies of his October 20, 2006 Emergency Motion for Court Order in no way contradicts any claim made by plaintiff. With regards to the forementioned Emergency Motion, plaintiff, here and now, under penalty of perjury, states that said motion was typed by plaintiff over a two day period in the library then plaintiff was forced to wait yet another day to have said motion photocopied. Defendants Amended library policy does not allow any materials for photocopying to be submitted except shortly after the very first movement. If an inmate has material to submit for photocopying during the second movement he shall be forced to wait until the following day just to have them reviewed/scanned then he must wait upwards of 48 hours beyond this just to get his copies returned.

17.    Defendants allege that plaintiff has failed to establish that he has or will suffer any harm as a result of the existing policy regarding photocopies. Plaintiff respectfully reiterates the entire context of the above paragraph 15.

Plaintiff has clearly indicated the acts of the defendants in which has and continues to cause harm. In addition to the forementioned facts indicating harm to plaintiff, a full review of plaintiff's filed actions in the courts of the Commonwealth will show a pattern in which little to no case law is cited. in plaintiff's legal papers. This fact may very well cause a prejudice to plaintiff and is a real harm. Being unable to do a good in your legal work is a form of prejudice. See, Taylor v. List, 880 F.2d 1040, 1048-49 (9th Cir. 1989) (prisoner's legal papers did not show he had had sufficient law library access because they were "Almost completely devoid of case citations"); Canell v. Bradshaw, 840 F. Supp. 1382, 1391 (D. Or. 1993) (injury "includes... allegations left out of the complaint, legal theories not pursued, and cases not cited in the the briefs that plaintiff did manage to file").

18. Plaintiff here and now informs the Court that the case law being cited in this motion, for the most part comes from a recently aquired legal book "Prisoners' Self-Help Litigation Manual". Plaintiff has little choice but to rely on this legal book until such time as his Emergency Motion for Court Order is Granted and he be allowed to receive case law copies to fully research.

19. To further support a claim and/or allegation of harm caused by the existing policy regarding legal photocopying, defendants exhibit 2, plaintiff attaches exhibits identified as

19-A (OBR No. 06-325); 19-B (OBR No. 06-325); 19-C (103-CMR-478.00 attachment C, dated 10-2-06); 19-D (Law Library Supply Request form, dated 10-2-06); 19-E (BRC Hearing Continuance); 19-F (103-CMR-478 attachment C, dated 9-25-06); 19-G (Grievance #22152); 19-H (Grievance #22154); 19-I (OBR No. 06-263) and 19-J (OBR No. 06-330).

20.    Regarding 19-A (OBR No. 06-325) this OBR was issued against plaintiff because he "exercised his constitutional rights" by commencing legal action against the defendants and serving said defendants pursuant to M.R.C.P. Rule 5(b)(1-5). This, in any light is nothing less than retaliation. It is in itself a violation of the Constitution. See, Thaddeus-X v. Blatter, 110 F.3d 1233 (6th Cir. 1997) (Retaliation against inmate for exercising his/her constitutional rights is itself a violation of constitution).

21.    Regarding 19-C and 19-D. These are approved request forms for (19-C) legal copies of WOCV2006-01972-C and (19-D) 10×13 envelopes to serve WOCV2006-01972-C. Plaintiff still suffers harm from defendants when he seeks and obtains written authorization for copies and envelopes. Said OBR's shall further harm plaintiff at his 123A §9 Petition.

22.    Regarding 19-G and 19-H. These grievances have serious allegations against department of correction officials yet a fellow employee denys said grievances, fully ignoring the stated violations of plaintiffs rights.

23.    Regarding 19-I and 19-J. The fact that plaintiff is repeatedly sanctioned with loss of library clearly shows a deliberate intention to harm plaintiff and prevent him from litigating his numerous cases by depriving him access to the library. See, Martin v. Ezeagu, 816 F. Supp 20, 24 (D.D.C. 1993) ("Ongoing pattern of harassment and arbitrary exclusion" from law library). 15 days loss of library is very significant.

24.    With regards to the above paragraphs 19, 20, 21, 22 and 23 the following must apply. Because the Constitution protects an inmates' access to the Courts, prison officials <u>may not</u> retaliate against those who seek or obtain such access – whether the retaliation takes the form of withholding property or privileges does not matter. See, Thomas v. Evans, 880 F.2d 1235, 1241-42 (11th Cir 1989) (confiscation of legal materials, assignment to a job inconsistent with medical condition); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986) (seizure of property); Hall v. Sutton, 755 F.2d 786, 787 (11th Cir. 1985) (confiscation of property); Milhouse v. Carlson 652 F.2d 371, 373 (3d Cir. 1981) (conspiratorially planned disciplinary actions); Martin v. Ezeagu, 816 F. Supp 20, 24 (D.D.C. 1993) ("ongoing pattern of harassment and arbitrary exclusion" from law library).

25.    Defendants overall actions in this case meet and/or surpass the requirements of persuasion for a preliminary injunction. See overall allegations and evidence brought to light by plaintiff in this entire case to date. Such actions

may be remedied by an injunction, even if the practices are not formally part of official policy. See, Ruiz v. Estelle, 679 F.2d 1115, 1154 (5th Cir. 1982), cert. denied, 490 U.S. 1042 (1983); Pratt v. Rowland, 770 F.Supp 1399, 1406 (N.D. Cal.1991); OR, by an award of damages. See, Coleman v. Turner, 838 F.2d 1004, 1005 (8th Cir. 1988)(Nominal damages only); Lamar v. Steele, 693 F.2d 559, 562 (5th Cir. 1982)(Nominal damages), on rehearing, 698 F.2d 1286 (5th Cir. 1983), cert. denied, 464 U.S. 821 (1983); Cruz v. Beto, 603 F.2d at 1181.

26.    The very fact that defendants' read all legal material the plaintiff submits for photocopying is a violation within itself, and can be proven many times over with discovery of plaintiff's and countless other non-party legal copy request forms. Defendants' routinely deny photocopy requests for reasons that leave absolutely no doubt that said materials were read. As seen in attached exhibit 19-F, plaintiff was denied copies of specific documents maintained by the defendants eventhough plaintiff clearly noted a legitimate reason to obtain said document copies. Amoungst other legal issues, this denial violates plaintiff's Due Process Rights.

27.    Exhibit 2 of defendants opposition should not be accepted by this Honorable Court. Said exhibit is not signed by any person with authority, nor is said document dated, and said document is not supported by any affidavit. Case law, Statute, and/or 103-C.M.R. clearly dictates that alterations to Dept of Correction Rules and Regulations must be authorized by the Commissioner

of Corrections. This was not accomplished, and/or any proof of it being done has not been provided to plaintiff or this Honorable Court, and as such, said exhibit must be vacated and all actions taken under said amendment must be vacated as well.

28    Plaintiff's Emergency Motion for Court Order, specifically the issue of research material being copied, will not prejudice, harm or burden the defendants in any way. In fact, by providing plaintiff the research material photocopies, said action can only benefit the Court, the defendants and plaintiff because with said research material this pro se plaintiff shall be able to file better prepared documents, thus saving time and resources of all concerned. In addition, said research material shall also serve as an equalizer of sorts for plaintiff against the vastly more experienced defendants counsel whom have huge access to legal research materials. Justice can only be enhanced, not hindered, by this motion being granted.

29.    Plaintiff seeks an "Order for Discovery" from this Honorable Court to further support his instant motion/response. See, "Plaintiffs' Motion for Court Order for Production of Documents In Conjunction With Plaintiff's Response to Defendants Opposition and Motion to Strike Plaintiff's Emergency Motion for Court Order Regarding Legal Photocopies", attached hereto,

30.    A similar motion regarding photocopies has been granted by the Middlesex Superior Court. See Attached

Exhibit 19-K.

WHEREFORE, plaintiff respectfully moves this Honorable Court to <u>Deny</u> defendants opposition, and to <u>grant</u> said plaintiff's, "Emergency Motion for Court Order", in part only at this time --- specifically as to photocopying of case law and other research materials requested by plaintiff --- based on the absolute fact that defendants have not filed opposition to this specific aspect of plaintiff's Emergency Motion for Court Order, which shows that defendants concur with plaintiff's motion to have research material and case law photo copied..

Furthermore, plaintiff moves this Court to stay its decision on any other aspects of plaintiff's "Emergency Motion for Court Order" until such time as defendants comply with the attached motion for production of documents needed to further support plaintiff's claims and to prove beyond all doubt that said defendants have deliberately provided misleading erroneous information to this Honorable Court.

Dated: November 30, 2006

Respectfully submitted,

Joseph P. Schmitt, pro se
Nemansket Correctional facility
30 Administration Road
Bridgewater, Ma. 02324-3230

19 - A

OBR No. _06 - 325_

## MASSACHUSETTS TREATMENT CENTER
## OBSERVATION OF BEHAVIOR REPORT

Resident's Name  __Schmitt, Joseph__    Comm. No. __M81137__ Unit __B2__

Date: __10/18/06__    Time: __2:27pm__    Reporting Staff: __D. Leonard__

Behavior Observed: Use of obscene or threatening language towards any staff Code No. __D2__
__Or resident__

Witness (if any) _____

Referred to District Attorney _____

Type or print in INK your report of the noted behavior. Use the reverse if more space is necessary.
=========================================================================

    On October 18, 2006, an interview was conducted with Resident Joseph Schmitt M81137. This interview was in reference to a grievance he submitted on September 17, 2006. The grievance alleges that staff and residents are stealing his property when he is placed in segregation. Resident Schmitt affirmed that he authored the grievance. In the body of the grievance Resident Schmitt writes the following; "I ask now if this administration would prefer that I take matters into my own hands by dealing with the parties involved myself as I see fit *in the heat of the moment* when I discover yet again a CO and or inmate caused me to lose yet more personal property." Resident Schmitt denies this statement to by physically threatening in nature but litigiously threatening. Copy of grievance attached.

Has the resident been placed in pre-hearing restriction? No ✗ Yes ___ Approved by ____

Type of Restriction(s)
Reporting Staff Signature _____    Date: __10-18-06__    Shift/Days off: __7x3 S/S__

Shift Commander Signature _____    Date: _10-18-06_

Finding and Sanction if any _____

Appeal Results _____

Reviewing Authority _____

*hearing - 10/23/06*

FORM "B"

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE APPEAL FORM**

| INMATE'S NAME: Joseph P. Schmitt | INMATE'S #: M-81137 | DATE: 9-17-06 |
|---|---|---|

| INSTITUTION: Mass. Treatment Center | ASSIGNED GRIEVANCE #: 20828 |
|---|---|

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Provide your appeal argument in Block A, in a brief and understandable manner.
3. Provide your requested remedy in Block B.

**A. Provide your appeal argument in a brief and understandable manner.**

This is the 3rd time my property has been stolen because DOC officers
are too lazy to do their job and pack and secure my property. They
allow inmates to pack and transfer the property which opens
the doors to the theft of my property. I have followed the
procedures 3 times now only to be denied.

I ask now if this administration would prefer that I
take matters into my own hands by dealing with the parties
involved myself as I see fit in the heat of the moment when
I discover that yet again a CO and or inmate caused me
to lose yet more personal property.
The DOC allows me 2 locks so I can have an expected level of
security and privacy. CO's allowing inmates to pack other inmates property
violates this expectation of privacy and security

**B. Provide your requested remedy**

Amend the property policy so CO's have to keep all
inmates away from other inmates personal property when
any inmate gets lugged or otherwise separated from his property.
Also create inventory sheets that list specific food and cosmetics
so if stuff comes up missing there will be a workable record for inmates.

Inmate's Signature _Joseph P. Schmitt_   Date: 9-17-06

Staff Recipient _Doreen Hatfield_   Date: 9-18-06

**(Inmate receipts/responses will be generated via the Inmate Management System.)**

**CODE OF OFFENSES (103 CMR 431.11)**

(1)    Observation of Behavior offenses shall include the following acts:

A.    **Greatest Severity**

A-1    Killing.
A-2    Rape.
A-3    Assaulting and causing physical injury to another person.
A-4    Escape.
A-5    Starting a fire or causing an explosion.
A-6    Possession of a weapon or ammunition.
A-7    Rioting or encouraging others to riot (must be concrete and specific).
A-8    Taking hostages.
A-9    Committing any act deemed to be a violent felony under the laws of the Commonwealth of Massachusetts or the federal government.
A-10    Tampering with or blocking any locking device.
A-11    Conduct which disrupts or interferes with the security or orderly running of the institution when this poses a threat to life or a threat of serious bodily harm or furthers a prohibited act of the Greatest Severity category.

B.    **High Category**

B-1    Assaulting another person including spitting.
B-2    Introducing and/or possession of an unauthorized tool.
B-3    Introducing illegal or unauthorized drugs, intoxicants or alcohol into the institution.
B-4    Demanding or receiving money or anything of value in return for protection against others, to avoid bodily harm or under threat of informing.
B-5    Committing acts of indecent exposure, voyeurism or frottage against another person.
B-6    Wearing a disguise for the purpose of misrepresenting one's self.
B-7    Adulteration of any food or drink.
B-8    Refusing to cooperate with any drug or alcohol testing procedures.
B-09    Violating a major condition of the Transition Program.
B-10    Giving or offering an official or staff member a bribe.
B-11    Giving money, credit cards or valuables to or receiving any of the above from any person for purposes of introducing contraband or for any other illegal or prohibited purpose.
B-12    Destroying, altering or damaging government property or the property of another person having a value in excess of $100.00.
B-13    Manufacturing a facsimile of a weapon.
B-14    Counterfeiting, forging or unauthorized reproduction of any documents, articles of identification, money, security or official papers.
B-15    Committing any act deemed to be a nonviolent felony under the laws of the Commonwealth of Massachusetts or the federal government.
B-16    Conviction of three of the same previous offenses within one year in the moderate category shall result in the treatment of the fourth offense as a High Category offense.
B-17    Conduct which disrupts or interferes with the security or orderly running of the institution.

C.    **Moderate Category**

C-1    Fighting with another person.
C-2    Misuse of authorized medication.
C-3    Possession of money or currency or credit cards unless authorized.
C-4    Loaning of property or anything of value for profit or increased return.
C-5    Violating a minor condition of the Transition Program.
C-6    Misrepresenting privilege level or abusing the use of confidentiality envelope.
C-7    Refusing a direct order.
C-8    Lying or providing a false statement to a staff member regarding another person or making unfounded complaints or charges against a staff member or the institution with malicious intent.
C-9    Interfering with count.
C-10    Making, possessing or using intoxicants, alcohol, illegal drugs or drug paraphernalia.
C-11    Destroying, altering or damaging government property or the property of another person having a value of $100.00 or less.
C-12    Threatening another person with bodily harm including sexual assault.
C-13    Possessing unauthorized sexually explicit or offensive-related printed material or objects.
C-14    Tattooing.
C-15    Conducting an unauthorized business.
C-16    Use of the mail or telephone to threaten, frighten or intimidate another person.
C-17    Being in an area not authorized for resident use.
C-18    Any act deemed to be a misdemeanor under the laws of the Commonwealth of Massachusetts or the federal government.
C-19    Conviction of three of the same previous Low Category offenses in a one year period will result in the fourth offense being treated as a Moderate Category offense.

D.    **Low Category**

D-1    Possession of anything not authorized.
D-2    Use of obscene, abusive or threatening language, actions or gestures to any resident, staff or visitor.
D-3    Being in an unauthorized location.
D-4    Intentional unexcused absence from institutional assignment.
D-5    Gambling.
D-6    Horseplaying.
D-7    Failure to follow safety or sanitary regulations including failure to maintain living quarters in a tidy and sanitary manner.
D-8    Unauthorized possession of property belonging to another person.
D-9    Smoking where prohibited.
D-10    Malingering or feigning an illness to avoid an official assignment or order.
D-11    Unauthorized use of the mail or telephone.
D-12    Conduct with a visitor which violates institutional regulations.

(2)    Aiding another person to commit any of the offenses set forth in section 431(11)(1), attempting to commit any of such offenses, or making concrete plans to commit any of such offenses shall be considered the same as a commission of the offense itself.

19 - B

OBR No. _06-325_

## MASSACHUSETTS TREATMENT CENTER
## OBSERVATION OF BEHAVIOR REPORT

**Resident's Name** __Schmitt, Joseph____ **Comm. No.** _M81137_ **Unit** _B2___

**Date:** _10/19/06___  **Time:** _11:27pm___  **Reporting Staff:** __D. Leonard___

**Behavior Observed:** _Lying or providing false information to a staff member_ **Code No.** _C8, D11_
___Unauthorized use of mail_____
**Witness (if any)** _____
**Referred to District Attorney** _____

**Type or print in INK your report of the noted behavior. Use the reverse if more space is necessary.**

On October 17 and 18, 2006 interviews were conducted with Resident Schmitt concerning his misuse of the Treatment Centers' Law Library Legal Photocopying procedure and subsequently the intra facility mail system to deliver law suits to DOC personnel. As a result of this interview and a review of all of the available documentation the following was determined; Resident Schmitt circumvented the MTC attachment to 103 CMR 478-5 as it pertains to legal photocopying. Furthermore Resident Schmitt violated the mail procedures by sending through intra facility mail a lawsuit to DOC personnel.

**Has the resident been placed in pre-hearing restriction?** No___ Yes ___ Approved by ____

**Type of Restriction(s)**
**Reporting Staff Signature** _____ **Date:** _10-19-06___  **Shift/Days off:** _7x3 S/S_

**Shift Commander Signature** _____ **Date:** _10-19-06___

**Finding and Sanction if any** _____

**Appeal Results** _____

**Reviewing Authority** _____

Observation of Behavior Report
(Reverse)

**CODE OF OFFENSES (103 CMR 431.11)**

(1)   Observation of Behavior offenses shall include the following acts:

**A.    Greatest Severity**

A-1    Killing.
A-2    Rape.
A-3    Assaulting and causing physical injury to another person.
A-4    Escape.
A-5    Starting a fire or causing an explosion.
A-6    Possession of a weapon or ammunition.
A-7    Rioting or encouraging others to riot (must be concrete and specific).
A-8    Taking hostages.
A-9    Committing any act deemed to be a violent felony under the laws of the Commonwealth of Massachusetts or the federal government.
A-10   Tampering with or blocking any locking device.
A-11   Conduct which disrupts or interferes with the security or orderly running of the institution when this poses a threat to life or a threat of serious bodily harm or furthers a prohibited act of the Greatest Severity category.

**B.    High Category**

B-1    Assaulting another person including spitting.
B-2    Introducing and/or possession of an unauthorized tool.
B-3    Introducing illegal or unauthorized drugs, intoxicants or alcohol into the institution.
B-4    Demanding or receiving money or anything of value in return for protection against others, to avoid bodily harm or under threat of informing.
B-5    Committing acts of indecent exposure, voyeurism or frottage against another person.
B-6    Wearing a disguise for the purpose of misrepresenting one's self.
B-7    Adulteration of any food or drink.
B-8    Refusing to cooperate with any drug or alcohol testing procedures.
B-09   Violating a major condition of the Transition Program.
B-10   Giving or offering an official or staff member a bribe.
B-11   Giving money, credit cards or valuables to or receiving any of the above from any person for purposes of introducing contraband or for any other illegal or prohibited purpose.
B-12   Destroying, altering or damaging government property or the property of another person having a value in excess of $100.00.
B-13   Manufacturing a facsimile of a weapon.
B-14   Counterfeiting, forging or unauthorized reproduction of any documents, articles of identification, money, security or official papers.
B-15   Committing any act deemed to be a nonviolent felony under the laws of the Commonwealth of Massachusetts or the federal government.
B-16   Conviction of three of the same previous offenses within one year in the moderate category shall result in the treatment of the fourth offense as a High Category offense.
B-17   Conduct which disrupts or interferes with the security or orderly running of the institution.

**C.    Moderate Category**

C-1    Fighting with another person.
C-2    Misuse of authorized medication.
C-3    Possession of money or currency or credit cards unless authorized.
C-4    Loaning of property or anything of value for profit or increased return.
C-5    Violating a minor condition of the Transition Program.
C-6    Misrepresenting privilege level or abusing the use of confidentiality envelope.
C-7    Refusing a direct order.
C-8    Lying or providing a false statement to a staff member regarding another person or making unfounded complaints or charges against a staff member or the institution with malicious intent.
C-9    Interfering with count.
C-10   Making, possessing or using intoxicants, alcohol, illegal drugs or drug paraphernalia.
C-11   Destroying, altering or damaging government property or the property of another person having a value of $100.00 or less.
C-12   Threatening another person with bodily harm including sexual assault.
C-13   Possessing unauthorized sexually explicit or offensive-related printed material or objects.
C-14   Tattooing.
C-15   Conducting an unauthorized business.
C-16   Use of the mail or telephone to threaten, frighten or intimidate another person.
C-17   Being in an area not authorized for resident use.
C-18   Any act deemed to be a misdemeanor under the laws of the Commonwealth of Massachusetts or the federal government.
C-19   Conviction of three of the same previous Low Category offenses in a one year period will result in the fourth offense being treated as a Moderate Category offense.

**D.    Low Category**

D-1    Possession of anything not authorized.
D-2    Use of obscene, abusive or threatening language, actions or gestures to any resident, staff or visitor.
D-3    Being in an unauthorized location.
D-4    Intentional unexcused absence from institutional assignment.
D-5    Gambling.
D-6    Horseplaying.
D-7    Failure to follow safety or sanitary regulations including failure to maintain living quarters in a tidy and sanitary manner.
D-8    Unauthorized possession of property belonging to another person.
D-9    Smoking where prohibited.
D-10   Malingering or feigning an illness to avoid an official assignment or order.
D-11   Unauthorized use of the mail or telephone.
D-12   Conduct with a visitor which violates institutional regulations.

(2)   Aiding another person to commit any of the offenses set forth in section 431(11)(1), attempting to commit any of such offenses, or making concrete plans to commit any of such offenses shall be considered the same as a commission of the offense itself.

19 - C



103 CMR 478.00    Attachment C

## DEPARTMENT OF CORRECTION
## LEGAL PHOTOCOPYING REQUEST FORM

This form must be completely filled out if you are requesting legal photocopying. The Librarian will only copy original documents.

Date: _10-2-06_

Name: _Joseph C. Schmitt_

Inmate Number: _M-81137_

Institution: _MTC_

Housing Unit: _B2-20B_

Number of pages of document to be copied: _127_

Number of copies: _10_ (Ten)

_1270 total_

Cite the legal rule or Court Order or provide reason for the number of copies requested: _Service upon 9 defts in civil action WOCV2006-01972-C  Schmitt v. Robert Murphy et. al. copy also goes to DOC Legal Division_
If there is a Court deadline, you must write it here: _____ and attach proof.

Please inform the Librarian if there is anything else s/he needs to know in order to process this request:

_____

Attach the document to be copied to this Legal Photocopying Request Form.

---

For Librarian use only:

Approved:_____

Denied:_____
Reason for denial:
_____ Not original legal document
_____ Failure to cite legal rule or Court Order
_____ Other:_____

Date received: _10/2/06_
Total number of pages: _1270_

Date completed: _10/4/06_

_RETURNED_
**INMATE/RESIDENT SIGNATURE:** _____

_DATE:_ _____

19 - D

(Appendix II)

# MASSACHUSETTS TREATMENT CENTER
## LAW LIBRARY
### SUPPLY REQUEST FORM

_____        _n-8L/3/ _RZ_ _Unit_        _10-2-06_
Print Name                Commitment #  Unit            Date

I am in need the following legal supplies to complete legal work:

White envelopes:        _____

Manila envelopes:       _____  9x12
                        __13__   10x13

Priority mail envelopes: _____

I understand that legal supplies are for legal work only. Misuse may result in disciplinary
action.

Received: _____ _____ Date
          Inmate/Resident Signature

Staff issuing supplies: _____  Date: _____

MTC attachment to 103 CMR 478

19 - E

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTION
MASSACHUSETTS TREATMENT CENTER

BRC HEARING CONTINUANCE

To: _Joseph Schmitt_                    Comm. # _M81137_

Date: _11/1/06_                         OBR # _06-325, 06-326_

At the request of the (Behavior Review Committee or Inmate/Resident), as provided under the provisions of 103 CMR 431 - Observation of Behavior Reports, a continuance has been granted for your hearing under section 431.09 (b) (2).

New Date of Hearing: _11/6/06_

Place of Hearing: _open_                    Time: _open_

_11/1/06.    @   10²⁰ pm._
Date and Time Notice Served

_Sgt. R. Mucker f_
Served By

_____
Received by Inmate / Resident

****If the date is open, you will be notified of the new date at least 24 hours prior to the hearing.

cc:    File

19 - F



103 CMR 478.00   Attachment C   

## DEPARTMENT OF CORRECTION
## LEGAL PHOTOCOPYING REQUEST FORM

This form must be completely filled out if you are requesting legal photocopying. The Librarian will only copy original documents.

Date: 9-25-06

Name: Joseph P. Schmitt

Inmate Number: M-81137

Institution: Nemansket Correctional Facility

Housing Unit: B2-19B

Number of pages of document to be copied: _____

Number of copies: One

① 103 - CMR - 478 - 5

② 103 - CMR - 481

✳ I need Every English version of these policies whether it be "DOC" "MTC" and/or "CMR".

③ Aug through Oct legal copy requests forms

④ Oct Supply Request forms Aug through

Cite the legal rule or Court Order or provide reason for the number of copies requested: Evidence for OBR hearing OBR-06-325 and the civil action resulting from the OBR.

If there is a Court deadline, you must write it here: _____ and attach proof.

Please inform the Librarian if there is anything else s/he needs to know in order to process this request:

_____

Attach the document to be copied to this Legal Photocopying Request Form.

_____

For Librarian use only:

Approved: _____

Denied: ✓ _____

Reason for denial:

_____ Not original legal document

_____ Failure to cite legal rule or Court Order

_____ Other: _____

Date received: 10/25/06

Date completed: _____

Total number of pages: _____

[Policy - ]

NEED TO REQUEST THROUGH LAW DISCLAIMER OFFICE REQUEST FOR OVERSIGHT REVIEW

**INMATE/RESIDENT SIGNATURE:** _____

19 - G

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| **Name** | SCHMITT JOSEPH | | | **Grievance#** 22152 | | **Institution** MASS. TREATMENT CENTER | | |
|---|---|---|---|---|---|---|---|---|
| **Commit No.** | M81137 | **Housing** B2 | | | **Date Of Incident** 20061018 | 20061018 | **Date Of Grievance** | 20061018 |

**Complaint**
At approximately 10 AM I was awakened by IPS CO David Leonard and directed to "come to his office after I get dressed." I was subjected to further investigative actions by CO Leonard. At one point I very clearly stated that my attorney has advised me not to discuss the subject matter as it is new a court matter. CO Leonard persisted with the unwanted questioning. When I informed CO Leonard that he woke me up again and I wasn't fully awake he stated "I like when you're like this because you make mistakes." To this I replied that I do not make mistakes simply because I don't lie about anything. Being subjected to this interogation twice is nothing more than intimidation tactics because I served civil action WOCV2006-1972-C.

**Remedy Requested**
Stop harrassing me. This abuse is causing me mental trama and I will take legal action if I am harassed any further in any manner.

**Staff Recipient**
Kurbiec Sandy L WPO II

**Staff Involved**

**Signature**

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20061020    **Decision Date** 20061026

**Signature**    Edington Glenn E CO II

**Final Decision** Non-Grievable Disciplinary

**Decision**
Matter is a non grievable through the CMR 491 grievance procedure. Grievant was issued an OBR pertaining to the matter. The 103 CMR 431, Observation of Behavior Report procedure provides an appeal mechanism for disciplinany related decisions. Cannot substantiate claim of harassment. Grievant was issued OBR for making threat.

**Signature**        **Date**   10-26-06

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

### INMATE RECEIPT

| **Name** | SCHMITT JOSEPH | | | | **Institution** MASS. TREATMENT CENTER |
|---|---|---|---|---|---|
| **Commit No.** | M81137 | **Grievance#** | 22152 | **Date Received** | 20061020 |

**Signature.** Kurbiec Sandy L WPO II

#22152

FORM "A"

## COMMONWEALTH OF MA... USETTS
### DEPARTMENT OF CORRE .ION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: Joseph P. Schmitt | INMATE'S #: M-81137 | DATE: 10/18/06 |
|---|---|---|

| INSTITUTION: Nemansket Correctional Facility | DATE OF INCIDENT: 10/18/06 |
|---|---|

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. In **Block B**, give a brief and understandable summary of your complaint/issue.
3. List any actions you may have taken to resolve this matter in **Block C**. Be sure to include the identity of staff members you have contacted.
4. Provide a Requested Remedy in **Block D**.

**A. When filing an Emergency Grievance select Emergency and one additional grievance type.**

✳ **EMERGENCY**

**B. Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary.**

At Approximately 10 AM I was awakened by IPS CO David Leonard and directed to "come to his office after I get dressed." I was subjected to further investigative actions by CO Leonard. At one point I very clearly stated that my attorney has advised me not to discuss the subject matter as it is now a court matter. CO. Leonard persisted with the unwanted questioning. When I informed CO Leonard that he woke me up again and I wasn't fully awake he stated "I like when you're like this because you make mistakes." To this I replied that I do not make mistakes simply because I don't lie about anything. Being subjected to this interrogation twice is nothing more than intimidation tactics because I served civil action WOCV2006-1972-C

**C. List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.**

I filed A grievance on 10/16/06 regarding this exact type of "Blue Intimidation - Retaliation."

**D. Provide your Requested Remedy.**

Stop harrassing me. This abuse is causing me mental trama and I will take legal action if I am harrassed any further in any manner

| Inmate's Signature | Date: 10/18/2006 |
|---|---|
| Staff Recipient    WPOII | Date: 10/20/06 |

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

cc: John Day, Esq
Exhibit WOCV2006-1972-C   Schmitt v. Robert Murphy, et al.

19- H

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| **Name** | SCHMITT JOSEPH | | | **Grievance#** 22154 | **Institution** MASS. TREATMENT CENTER |
|---|---|---|---|---|---|

| **Commit No.** | M81137 | **Housing** B2 | **Date Of Incident** 20061016 | **Date Of Grievance** 20061016 |
|---|---|---|---|---|

**Complaint**

On the above date I was woken up by IPS CO David Leonard and escorted to the IPS Office to be interviewed by said IPS CO for serving defendants Robert Murphy, Kathleen Dennehy, Steven Fairley, Robert Waitkevich, Greg Hyde, Thomas Sharples, Paul Chadowski, Bruno Marcello and MA DOC a copy of the Declarator Judgment Complaint and summonies for Worcester Superior Court Civil docket action 2006-1972-C on 10-12-06 via Intra facility/departmental mail. I was informed that I would probably be getting an OBR for violating DOC library policy. I take this as a threat to force me to stop exercising my constitutional rights. *Please see Clerk's Notice dated 09/14/2006 regarding motion (P#34) for Plymouth Superior Court docket #PLCV2006-00490. This present issue is just more of the continuing abuse against me by the DOC.

**Remedy Requested**

DOC/FHS officials shall cease any and all retaliation or face the legal consequences of such corrupt, abusive, illegal acts against me. I have the right to pursue my legal claims.

**Staff Recipient** Kurbiec Sandy L WPO II

**Staff Involved**

**Signature**

---

#### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20061020    **Decision Date** 20061026

**Signature** Edington Glenn E CO II

**Final Decision** Non-Grievable Disciplinary

**Decision**

Matter is a non grievable through the CMR 491 grievance procedure. Grievant was issued an OBR pertaining to the matter. The 103 CMR 431, Observation of Behavior Report procedure provides an appeal mechanism for disciplinany related decisions.Cannot substantiate claim of retaliation. Grievant is required to comply with both the institution mail, and legal photo copying procedures.

**Signature**          **Date** 10-26-06

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

#### INMATE RECEIPT

| **Name** | SCHMITT JOSEPH | | | **Institution** MASS. TREATMENT CENTER |
|---|---|---|---|---|

| **Commit No.** | M81137 | **Grievance#** 22154 | **Date Received** 20061020 |
|---|---|---|---|

**Signature.** Kurbiec Sandy L WPO II

FORM "A" # 22154

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE FORM**

| INMATE'S NAME: Joseph P. Schmitt | INMATE'S #: M-84137 | DATE: 10/16/06 |
|---|---|---|

| INSTITUTION: Nemansket Correctional Facility | DATE OF INCIDENT: 10/16/06 |
|---|---|

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. In Block B, give a brief and understandable summary of your complaint/issue.
3. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of staff members you have contacted.
4. Provide a Requested Remedy in Block D.

**A. When filing an Emergency Grievance select Emergency and one additional grievance type.**

X **EMERGENCY**

**B. Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary.** On the above date I was woken up by IPS CO David Leonard and escorted to the IPS office to be interviewed by said IPS CO for serving defendants Robert Murphy, Kathleen Dennehy, Steven Fairly, Robert Waitkevich, Greg Hyde, Thomas Sharples, Paul Chadowski, Bruno Marcello and Ms. DOC A copy of the Declarator Judgment Complaint and summonses for Worcester Superior Court Civil docket Action 2006-1972-C on 10-12-06 via Intra facility/departmental mail. I was informed that I would probably be getting an DBR for violating DOC library policy. I take this as a threat to force me to stop exercising my constitutional Rights.

**C. List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.** I am being retaliated against by DOC defendants and or co-workers. Because of this and my fear for my personal and property security I have taken steps via many means to notify the Courts and my attornies as well as CPCS and MCLS legal officials

**D. Provide your Requested Remedy.** DOC/FHS officials shall cease any and all retaliation or face the legal consequences of such corrupt, abusive, illegal acts against me. I have the right to pursue my legal claims.

Inmate's Signature _____ Date: 10/16/06

Staff Recipient _Sandra X. Kurkiec_ WPO II Date: 10/20/06

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

CC: Exhibit for WOCV2006-1972-C   Schmitt v. Robert Murphy et.al.
JPS File.

*(left margin, handwritten vertical text)* * Please see clients notice motion request(ing) motion (P#37) for Plymouth Superior Court docket # PLCV2006-00420. This (is) a relat issue is just more of the continuing abuse against me by the DOC.

# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court

Civil Docket **PLCV2006-00490**

RE:    Schmitt v Massachusetts Department of Corrections et al

TO:    Joseph Peter Schmitt
       Nemasket Treatment Center
       30 Administration Road
       Bridgewater, MA 02324

## **CLERK'S NOTICE**

This is to notify you that in the above referenced case the Court's action on **09/14/2006**:

*RE: Pltff's MOTION for contempt of court ruling vs. defts*

is as follows:

**MOTION (P#34) On 7/31/06 this court allowed plaintiff's motion to process legal mail pertaining to this action. It would appear that this has been ignored by DOC. It also appears that DOC purposefully has set out to create barriers to present this plaintiff from pursuing his legal claims. Sanctions are deferred to a later date, preferably at end of this litigation (Richard F. Connon, Justice). Notices mailed 9/14/2006**

Dated at Plymouth, Massachusetts this 14th day of September, 2006.

Francis R. Powers,
Clerk of the Courts

BY:

Adam Baler
Assistant Clerk

Telephone: (508) 747-6911

Copies mailed 09/14/2006

19 - I

OBR No. _06-263_

## MASSACHUSETTS TREATMENT CENTER
## OBSERVATION OF BEHAVIOR REPORT

Resident's Name  _Joseph Schmitt_    Comm. No.  _M81137_ Unit _B2_

Date: _8/31/06_    Time: _1:47pm_    Reporting Staff: _D. Leonard_

Behavior Observed: _Conduct Disrupts, use of obscene language,_ Code No. _B17,D2_

Witness (if any) _____

Referred to District Attorney _____

Type or print in INK your report of the noted behavior.  Use the reverse if more space is necessary.
================================================================================

      On August 30, 2006, at approximately 1:47pm in the Massachusetts Treatment Centers' Library, Resident Schmitt, Joseph M81137 did disrupt the orderly running of the Library and use obscene language towards staff person Karen Methot.  On August 30, 2006, at Approx. 1:47pm in the Library, Ms. Methot did ask Resident Schmitt twice to quiet down and find a seat. The resident responded back to Ms. Methot in an insolent manner, "I know the rules and I can talk and walk around if I wish!" Ms. Methot informed Resident Schmitt that she was also aware of the rules and would still like him to sit down.  Resident Schmitt then proceeded to the cabinet where the rules of the library are kept.  Ms. Methot reported the incident to Librarian Pushkina, who in turn called Co. Charette, the Learning Center Officer to escort Resident Schmitt out of the library.

      Resident Schmitt then attempted to show the rules of the library to Ms. Methot, who in return stated to Schmitt, "I give respect to those who give it to me!" Schmitt then stated to Ms. Methot, "I don't give a fuck if you respect me or not!" Ms. Methot asked Schmitt what he had just said and Schmitt repeated the statement again. There were approximately 25 residents present in the immediate area during this exchange. Co. Charette then arrived in the area and escorted Schmitt out of the Library. End of report.

Has the resident been placed in pre-hearing restriction? No___ Yes ___ Approved by ____

Type of Restriction(s)
Reporting Staff Signature _____ Date: _08-31-06_    Shift/Days off: _7x3 S/S_

Shift Commander Signature _____ Date: _8-31-06_

Finding and Sanction if any _B17 Dismissed.  D2 10 days loss of Library Standing 9.3.06_

Appeal Results _____ Waived 9.1.06 _____

Reviewing Authority _____ 9/10/06 _____

## DEPARTMENT OF CORRECTION
## MASSACHUSETTS TREATMENT CENTER
## OBSERVATION OF BEHAVIOR REPORT
## WAIVER OF HEARING/ENTRY OF GUILTY PLEA

I have been advised that I have the right to appear before the Behavior Review Committee Board concerning the charges pending against me in Observation of Behavior Report #(s) _06 – 263_

I **DO NOT** wish to appear before the BRC and hereby waive my appearance. I hereby enter a plea of guilty concerning the charges pending but reserve the right to appeal any sanctions which may be imposed. I am signing this document of my own free will and am under no duress, coercion or threats and fully understand the contents and meaning of this document. I have been informed that the BRC members are as follows:

_____ , _H. C. Manor_ , _____
Chairperson                    Board Member                  Board Member

I have no objections to these staff members considering the disposition in this case.

_Joseph P. Schmitt_                         _M-81137_
Resident Print or Type Name                 Commitment Number

_____                     _9-1-06_
Resident Signature                          Date/Time

_____                     _____
Staff Witness Print or Type Name            Title

_____
Staff Witness Signature

Based on the inmates plea of guilty on the charge(s), and the information provided in the reporting staff member's report, the resident is found guilty and the following sanction(s) imposed for the following reasons (attach additional pages if necessary):

_B17 Dismissed. D2 guilty plea. 10 days loss of_
_library beginning Sept. 3, 2006_

_____

_____

The resident has been given a copy of this document and has been advised of his right to appeal this matter in writing to the Superintendent within fifteen (15) days.

_____                     _9.1.06   0910_
Staff Signature                             Date/Time

_____                     _9/18/06   12/n_
Deputy Superintendent of Operations         Date/Time

19 - J

Attachment A

OBR No. *06-330*

## MASSACHUSETTS TREATMENT CENTER
## OBSERVATION OF BEHAVIOR REPORT

Resident Name __Joseph Schmitt__  Comm. No. _M81137_  Unit _B-2_

Date _10/25/2006_   Time _10:20 A.M._   Reporting Staff _C.O. Wayne Romanosk_

Behavior Observed _B-17  D-2_  Code No. _____

Witness (if any) _____

~~Referred to District Attorney~~ _____

Type or print in **INK** your report of the noted behavior. Use the reverse if more space is necessary.

On Oct. 25th 2006 while conducting a tour at approx. 10:20 A.M. on B-2 I stopped at Rm #19 because of a written note posted on the door. I noticed within the room, Inmate Joseph Schmitt M81137 lying on his side with his back towards the ~~other~~ room. I knocked several times on the door without any responce. I then opened the door & removed the note which stated, "Go Away!!! Do not bother me for any reason, no exceptions at all." As I was opening Inmate Schmitt's door I noticed movement, I retrieved the ~~off~~ note & continued on my rounds. Upon finishing my tour I saw Inmate Schmitt exit Rm #19 & approach the balcony railing. I asked him if this note posted on his door was for me. He stated, "Fuck You, Fuck you

Has the resident been placed on pre-hearing restriction? No _____ Yes _____ Approved By _____

Type of restriction(s) _____

Reporting Staff signature _C.O. Wayne Romanosk_   shift/days off _SS_

Shift Commander signature _M. Brown Capt._
B17- 5 days D/H

Finding and sanction if any _plead guilty - D2- 5 days Lohib_

Appeal results _~~appealed~~ waived 10/26/06_

Reviewing Authority _____

Attachment A

OBR No. _06-330_

## MASSACHUSETTS TREATMENT CENTER
## OBSERVATION OF BEHAVIOR REPORT

Resident Name __Joseph Schmitt__   Comm. No. __M#1137__ Unit __B-2__

Date __10/25/06__   Time __10:20 Am__   Reporting Staff __C.O. Wayne Romandory__

Behavior Observed ___B-17   D-2___ Code No. _____

Witness (if any) _____

Referred to District Attorney _____

Type or print in **INK** your report of the noted behavior. Use the reverse if more space is necessary.

you piece of shit, Your Mother Sucks my Cock, You Suck my cock etc"
Sgt Krafton was notified of Inmate Schmitts behavior, later Lt. Holden
advised me to write an OBR.
   Capt Smith while touring the unit at approx 12:15 Pm. said she had
a similar incident while touring this unit involving the same set of
circumstances with Inmate Schmitt. The exception was she was not
greeted as I with such a repulsive attitude, his reaction to her was
more dignified.
   The original note is submitted with this report.

**Has the resident been placed on pre-hearing restriction?** No _____ Yes _____ Approved By _____

Type of restriction(s) _____

Reporting Staff signature __C.O. Wayne Romandory__   shift/days off __S-S__

Shift Commander signature __M. Snow__

Finding and sanction if any _____

Appeal results _____

Reviewing Authority _____

Attachment A

OBR No. _06-330_

## MASSACHUSETTS TREATMENT CENTER
## OBSERVATION OF BEHAVIOR REPORT

Resident Name _Joseph Schmitt_ Comm. No. _M81137_ Unit _B-2_

Date _10/25/06_ Time _10:20 Am_ Reporting Staff _C.O. Wayne Romanouf_

Behavior Observed _B-17  D-2_ Code No. _____

Witness (if any) _____

Referred to District Attorney _____

Type or print in **INK** your report of the noted behavior. Use the reverse if more space is necessary.

you piece of shit, Your Mother Sucks my Cock, You Suck my cock etc"
Sgt Krafton was notified of Inmate Schmitt behavior, later Lt. Holden
adviised me to write an OBR.
        Capt Smith while touring the unit at approx 12:15 Pm. said she had
a similar incident while touring this unit involving the same set of
circumstances with Inmate Schmitt. the exception was she was not
greeted as I with such a repulsive attitude, his reaction to her was
more dignified.
        The original note is submitted with this report.

Has the resident been placed on pre-hearing restriction? No _____ Yes _____ Approved By _____

Type of restriction(s) _____

Reporting Staff signature _C.O. Wayne Romanouf_ shift/days off _S-S_

Shift Commander signature _W. Snow_

Finding and sanction if any _____

Appeal results _____

Reviewing Authority _____

OBR # - 06-330

GO AWAY !!!

DO NOT BOTHER ME

FOR ANY REASON

No exceptions at all

any responce. I then opened the door &

" Go Away !!! Do not bother me for any

As I was opening Inmate Schmitt door I no

note a continued on my round

Inmate Schmitt exit Rm #19 a approach t

this note posted on his door was for me.

**Has the resident been placed on pre-hearing restriction?** No

Type of restriction(s) _____

Reporting Staff signature _____

Shift Commander signature _____

Finding and sanction if any _____

Appeal results _____

Reviewing Authority

19 - K

MIDDLESEX, ss.

SUPERIOR COURT
No. 93-6030

RECEIVED 94 JAN 31 PM 9:53

---

RONALD J. DE WOLFE )
      (PETITIONER) )
             )
     v         )
             )
WILLIAM O'LEARY )
      Et, al )
    (DEFENDANTS) )

---

**HABEAS CORPUS PETITION
AD SUBJICIENDUM**

## MOTION TO COMPELL DEFENDANTS TO ALLOW THE
## PETITIONER LEGAL COPYING IN HIS PRESENCE

Now, comes the Petitioner, Ronald J. DeWolfe acting Pro,se, and hereby moves this Honorable Court to grant his motion, as the ... Petitoner states the following in support of his motion;

(1). Petitioner states that the defendants have ordered that he leave his legal work with non-responsible persons other than the Petitioner who brings this action;

(2). Petitioner states, that leaving his legal work to be copied presents a burden, as the defendants have in the past damaged legal work and have misplaced copies;

(3). Petitioner states, that in the past and present, the defendants have made/and/given legal copies to person/ person(s), other than the person making the action;

(4). Petitioner states that the defendants employees, have stated, that upon court order, they will do all legal copies in front of the Petitioner, and this burdens the defendants or employees in no way;

**WHEREFORE:**

Petitioner, pray(s), that this Honorable Court will grant his motion for all stated herein.

*The court ORDERS That petitioner be permitted to be present during the copying of his legal papers, where such presence does not unreasonably interfere with the orderly operation of the Treatment Center.*

RESPECTFULLY SUBMITTED,

RONALD J. DE WOLFE, PRO,se
30 ADMINISTRATION ROAD
BRIDGEWATER, MA 02324

DATED:, this, 22nd, day, of January, 1994

*/s/ Hinton J.
4/7/94*

COMMO       F MASSACHUSETTS
COUNTY OF MIDDLESEX
THE SUPERIOR COURT

CIVIL DOCKET# MICV93-06030

RE:  DeWolfe v O'Leary et al


TO:  Ronald J DeWolfe
     30 Administration Road
     Bridgewater MA 02324



- - -                    CLERK'S NOTICE


     This is to notify you that in the above referenced case the
Court's action on 04/07/94 is as follows:

Motion of plff to compel defendants to allow the plff legal
copying in his presence.

**Motion (P#12) The Court Orders that petitioner be permitted to be
present during the copying of his legal papers, where such
presence does not unreasonably interfere with the orderly
operation of the Treatment Center. (Houston, J.) copies sent
4/27/94**

Dated at Cambridge, Massachusetts this 27th day of April, 1994.



Edward J Sullivan,
Clerk of the Courts

BY:

     (to be assigned)

     Location: Rm 6A (Cambridge)
     Telephone: 617-494-4183