UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-10571-RWZ

JOSEPH PETER SCHMITT

v.

THOMAS CARTER, et al.

ORDER

February 5, 2007

ZOBEL, D.J.

Plaintiff challenges disciplinary action taken against him at MCI Cedar Junction allegedly in retaliation for his scurrilous racial remarks against a correction officer, defendant Carter.

Plaintiff is not entitled to flood the court with multiple, unrelated and frivolous filings and is hereby put on notice that in the future, this court will impose sanctions for repeated frivolous submissions which may include dismissal of the action.  As has been true in plaintiff's other actions, this action has been burdened by his unreasonable motion practice.  To the extent that plaintiff has filed in this case motions identical to those he filed in 05-10573-RWZ, the ruling is identical as well.  Thus, the following motions are denied:

1.  Emergency Motion for Court Order (#33);

2.  Motion for Court Order (#34);

3.  Motion for Order for production of documents (#36);

4.  (Emergency) Motion for Order (#38).

As to the remaining undecided motions the rulings are as follows:

5.  Motion for extension of time (#31) is allowed.

6.  Defendants' motion to vacate plaintiff's indigency status (#28) is denied.  As noted in the order entered in 05-10573-RWZ plaintiff's account is not of such magnitude as to warrant denial of his right to proceed in forma pauperis at this time.

7.  Defendants' motion to dismiss (#29) is premised on several arguments.

First, defendants point out that defendants William Grossi, Peter Allen and Massachusetts Department of Public Safety have not been served.  The motion is allowed as to these defendants.   Under Rule 4 of the Federal Rules of Civil Procedure, plaintiff must make service within 120 days after filing the complaint.  Although defendants argue that service is late as to the other defendants as well, the Clerk's Office did not issue summonses until the matter of plaintiff's indigency was finally resolved and service was then made within the prescribed time.  The motion is denied as to these defendants.

Second, defendant argues that plaintiff's claims are moot since he is no longer incarcerated at the institution against which he complains.  To the extent plaintiff complains about policies and procedures at MCI Cedar Junction, the motion to dismiss is allowed, not on the grounds of mootness, but because plaintiff lacks standing to challenge them.  To the extent plaintiff claims damages from unconstitutional disciplinary reports because of their effect on his rights as an inmate and on his status as a sexually dangerous person, the motion to dismiss is denied without prejudice.

2

In summary, the motion to dismiss is allowed as to all defendants except DOC, Mr. Therrien and Mr. Carter.  It is further allowed as to all claims concerning policies at MCI Cedar Junction.  It is denied without prejudice as to plaintiff's claims for damages with respect to allegedly unconstitutional disciplinary reports by Mr. Carter.


     February 5, 2007                              /s/Rya W. Zobel
          DATE                                 RYA W. ZOBEL
                                        UNITED STATES DISTRICT JUDGE