UNITED STATES DISTRICT COURT

JOSEPH P. SCHMITT, pro se,
    Plaintiff,

v.                                                    CIVIL ACTION NO. 05-10571-RWZ

THOMAS CARTER, et al,
    Defendants.

FILED
CLERKS OFFICE
2007 FEB 20 P 12: 41
U.S. DISTRICT COURT
DISTRICT OF MASS

**PLAINTIFF'S MOTION FOR RECONSIDERATION
OF COURT'S (RYA W. ZOBEL) ORDER DATED FEBRUARY 5, 2007**

    Now comes the pro se plaintiff and moves this court to reconsider its dismissal of William Grossi, Peter Allen and MA. Department of Public Safety.

    As grounds Plaintiff states the following.

    Pursuant to the Courts order regarding service, Plaintiff complied by forwarding all necessary papers to the U.S. Marshals Office. This fact is clearly established by the **PROCESS RECEIPT AND RETURN FORM USM-285** which is dated 5/9/06 by the clerk.

    Plaintiff is civilly incarcerated and clearly has no way of contacting the U.S. Marshal except by U.S. Mail; which he had done and received no reply in this and all other cases before this court.

    Plaintiff filed motions with this court in this and/or other cases before this court regarding the fact that the U.S. Marshal had not conducted service in a timely fashion. This Court denied such motions, further limiting said Plaintiff's ability to do anything about the wrongs being done.

Plaintiff filed motions with this court in this and/or other cases before this court regarding the acquisition of certain defenants addresses from the Department of Correction. These motions were denied by this court.

Plaintiff made direct requests in this case and/or other cases to the counsel of record and/or Department of Correction officials in order to obtain current mailing addresses of certain defendants. This request was denied and/or simply ignored.

Plaintiff provided the U.S. Marshall with adequate information to conduct service in a timely fashion. Plaintiff should not be punished for the inactions of the U.S. Marshal. See, **Sellers v. United States**, 902F.2d 598, 602 (7th Cir. 1990). Contra, **Lee v Armontrout**, 991 F.2d 487, 489 (8th Cir.), Cert. denied, 114 S.Ct. 209 (1993).

Plaintiff made several attempts to discover why service was taking so long by contacting the office of the U.S. Marshall via U.S. First Class Mail. Plaintiff never received any response.

The Courts have generally held that delay by the Marshal constitutes "good cause" for failure to complete service within 120 days; they do not blame **pro se** litigants for the Marshal's mistakes. See, **Welch v. Folsom**, 925 F.2d at 670; **Puett v. Blandford**, 912 F.2d 270, 275 (9th Cir. 1990); **Fowler v. Jones**, 899 F.2d 1088, 1094 n. 5 (11th Cir. 1990).

**WHEREFORE,** Plaintiff prays this Court reconsider its decision to dismiss from this action certain defendants based on the fact that the U.S. Marshal failed to conduct service in a timely fashion.

Respectfully filed,

_____
Joseph P. Schmitt, pro se
Nemansket Corr. Facility
30 Administartion Road
Bridgewater, Ma. 02324


**CERTIFICATE OF SERVICE**

The undersigned hereby certify that a true copy of the above motion was served upon opposing counsel via pre paid First Class U.S. Mail on ~~or about~~ February 16, 2007

_____
Joseph P. Schmitt, pro se