UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-cv-10571-RWZ

JOSEPH SCHMITT,
    Plaintiff,

v.

CARTER THOMAS, et al.,

    Defendants.

## DEFENDANTS' RENEWED MOTION TO DISMISS

Without waiving the requirement of proper service, or any other claims and defenses, defendants Department of Correction, Carter Thomas and Ernest Therien hereby renew their motion to dismiss Plaintiff's Complaint in its entirety. As grounds therefore, the defendants state as follows:

On February 5, 2007, this Court dismissed Schmitt's Complaint against all defendants except the Department of Correction, Carter Thomas and Ernest Therien. See docket entry number 43. According to the Court, the only remaining claims relate to "plaintiff's claims for damages with respect to allegedly unconstitutional disciplinary reports by Mr. Carter [sic]." Id. The Court's decision stated, "to the extent plaintiff claims damages from unconstitutional disciplinary reports because of their effect on his rights as an inmate and on his status as a sexually dangerous person, the motion to dismiss is denied without prejudice." Id.

The remaining defendants contend that the Complaint fails to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The disciplinary reports which are the subject of the claims against defendants Thomas and Therien were dismissed. See Exhibits 1 and 2. As such, Schmitt received no sanction as a result of the

1

disciplinary reports and they had no effect on his rights as an inmate or on his status as a sexually dangerous person.

## UNDISPUTED FACTS

1. Plaintiff, Joseph Schmitt, ("Schmitt"), pro se, is civilly committed to the Massachusetts Treatment Center in Bridgewater, Massachusetts.

2. Schmitt's Complaint challenges two disciplinary reports he received at MCI Cedar Junction in June 2002. Complaint, paragraphs 2 and 5.

3. Plaintiff was released from MCI Cedar Junction in August 2002.

4. The remaining defendants are the Massachusetts Department of Correction ("Department"), former MCI Cedar Junction ("Cedar Junction") Inner Perimeter Security ("IPS") Officer Carter Thomas and disciplinary officer Ernest Therien. See docket entry number 43, page 3.

5. Schmitt's Complaint challenges a disciplinary report dated June 12, 2002, which accuses him of referring to IPS Officer Carter Thomas as a "zebra," and stating that he would "slam a lawsuit up [the officer's] ass. " See Disciplinary Report 02-1134, attached as Exhibit 1.

6. The disciplinary report also states that "Schmitt also made statements of authoring a story about a cop and his family who are 'visited' by an angry ex-con and rape torture, murder are mentioned. It should be noted inmate Schmitt is scheduled to be released in August 2002." Id.

7. Schmitt also received a disciplinary report, dated June 20, 2002, for authoring a letter in which he stated that, "the nigger Carter Thomas is going to pay dearly for his bullshit. I'll have my justice soon enough." See Disciplinary

        Report Number 02-1223, attached as Exhibit 2.

8. Both disciplinary reports to which Schmitt refers, disciplinary report numbers 02-1223 and 02-1134, were dismissed because he was released from MCI Cedar Junction in August 2002. See Exhibits 1 and 2.

9. Because the disciplinary reports were dismissed, no disciplinary sanctions were imposed upon Schmitt. Id.

For the following reasons, Schmitt's Complaint against the Department of Correction, Carter Thomas and Ernest Therien must be dismissed.

## ARGUMENT

A motion to dismiss the complaint must be construed in the light most favorable to plaintiff and its allegations taken as true. Hugh v. Rowe, 449 U.S. 5, 10 (1980). A complaint must fail if it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would be entitled to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). To withstand a motion to dismiss, plaintiff must "set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982), cert. denied 461 U.S. 944 (1983). Although the threshold for stating a claim may be low, it is real. Gooley v. Mobil Oil Corp., 851 F. 2d 513, 514 (1st Cir. 1988). Because Schmitt has failed to state a valid claim under federal or state law or any constitutional claim against the remaining defendants, his complaint must be dismissed.

### I. THE DEPARTMENT IS NOT A "PERSON" WITHIN THE MEANING OF 42 U.S.C. § 1983.

Plaintiff names the Department of Correction as a defendant. It is well-established law, however, that a state and its agencies are not "persons" within the

meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Woodbridge v. Worcester State Hosp., 384 Mass. 38, 44-45 n.7 (1981). Accordingly, since Section 1983 is not available against the Department, to the extent it is being treated as a defendant, and that Schmitt seeks relief under Section 1983, his complaint must be dismissed.

### II. SCHMITT HAS NO CLAIM FOR DAMAGES FOR UNCONSTITUTIONAL DISCIPLINARY REPORTS BECAUSE THE REPORTS AT ISSUE WERE DISMISSED.

Schmitt challenges two disciplinary reports alleging that the defendants denied him due process. However, both disciplinary reports at issue were dismissed. As such, he was not sanctioned for the reports and they had no effect on his rights as an inmate or on his status as a sexually dangerous person.

It is now well established that an inmate is entitled to the protections of procedural due process only when an existing liberty or property interest is at stake. Sandin v. Conner, 515 U.S. 472, 484 (1995). (thirty days in segregated confinement with insignificant differences from general confinement did not trigger liberty interest). A liberty interest is infringed only if the punishment inflicted upon the inmate imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

In the instant case, the dismissal of the tickets resulted in no sanctions. As a result, there can be no due process or constitutional violations. Schmitt fails to explain how the receipt of disciplinary reports for racial slurs and threats would affect the determination of whether or not he was a sexually dangerous person. Schmitt could not have been all

that concerned about documents being used against him at his SDP trial, given that shortly after receiving the disciplinary reports by Officer Thomas, he wrote a letter to Superintendent Peter Allen, dated June 27, 2002, in which he stated, "your IPS CO Thomas is abusing the disciplinary system to obtain personal vengeance against me because it is my opinion that he is a 'hunk of shit nigger' and it is my intention to 'make him pay dearly for his vindictive harassment.'"  See Exhibit 3.

For the foregoing reasons, Schmitt's claims against defendants Therien and Thomas must be dismissed.

### III. SCHMITT'S CLAIMS ARE MOOT DUE TO THE DISMISSAL OF THE DISCIPLINARY REPORTS

The dismissal of the disciplinary reports issued by Carter Thomas, which form the basis of Schmitt's Complaint renders this lawsuit moot.

Courts traditionally will not decide moot controversies.  Specifically,

> Courts decline to hear moot cases because (a) only factually concrete disputes are capable of resolution through the adversary process; (b) it is feared that the parties will not adequately represent the positions in which they no longer have a personal stake; (c) the adjudication of hypothetical disputes would encroach on the legislative domain; and (d) judicial economy requires that insubstantial controversies not be litigated.

Wolff v. Commissioner of Public Welfare, 367 Mass. 293, 298 (1975).  The requirement of an actual, and not moot, controversy is particularly applicable to actions seeking declaratory relief.  Peal Institutions Commissioner for Suffolk County v. Commissioner of Correction, 382 Mass. 527, 530-531 (1981); see also, Even Corporation v. License Commission for the City of Worcester, 372 Mass. 869 (1977).

A prisoner's claim for equitable relief to change prison conditions is extinguished when he is no longer subject to those conditions.  Martin v. Sargent, 780 F.2d 1334, 1337

(8th Cir. 1985); Lane v. Hutchinson, 794 F.Supp. 877, 881 (E.D. Mo. 1992). Where declaratory relief is sought, the plaintiff must show that there is a substantial controversy over present rights of "sufficient immediacy and reality" requiring adjudication. Boston Teachers Union, Local 66 v. Edgar, 787 F.2d 12, 15-16 (1st Cir. 1986) (quoting Preiser v. Newkirk, 422 U.S. 395, 402, 95 S.Ct. 2330, 2334-2335, 45 L.Ed.2d 272 (1975). Once the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, the case for declaratory relief is moot. Id. The same principles render the plaintiff's claims for injunctive relief moot as well. See Roth v. U.S., 952 F.2d 611, 613-614 n.2 (1st Cir. 1991); Purvis v. Ponte, 929 F.2d 822, 824-825 (1st Cir. 1991)(prisoner's claim for equitable relief rendered moot after he no longer resides at the institution).

Schmitt received no sanctions as a result of the disciplinary report numbers 02-1223 and 02-1134 because the reports were dismissed. Accordingly, because plaintiff's claims are now moot, his complaint must be dismissed.

## IV. THE DEPARTMENT OFFICIALS ARE ENTITLED TO QUALIFIED IMMUNITY.

Schmitt's Complaint must be dismissed because the Department officials in their individual capacities are entitled to qualified immunity. The doctrine of qualified immunity seeks to protect government officials from the burdens of vindictive and harassing lawsuits which may inhibit them from properly exercising their powers, while, at the same time, protecting private citizens from oppressive or malicious government action. Knight v. Mills, 836 F.2d 659, 665 (1st Cir. 1987) (citation omitted). Furthermore, because qualified immunity is a shield against the burdens of litigation, not merely a defense against liability for money damages, relief on such grounds should take

6

place prior to trial.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (deciding case at summary judgment state).

The United States Supreme Court has held that government officials performing discretionary functions are shielded with a qualified immunity "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated."  Anderson v. Creighton, 483 U.S. 635, 638 (1987).  The analysis of a state actor's claim of qualified immunity requires a court to utilize a three-part test.  Saucier v. Katz, 533 U.S. 194 (2001).  The initial inquiry is whether the plaintiff's allegations, if true, establish a constitutional violation.  The second inquiry is whether the right was clearly established at the time of the alleged violation.  The third inquiry is whether a reasonable actor, similarly situated, would have understood that his conduct violated that clearly established right.  Saucier, 533 U.S. at 201.

The constitutional right must be asserted with sufficient particularity.  Anderson, 483 U.S. at 639 (courts warned against using generalized definitions of constitutional rights in qualified immunity inquiry).  If plaintiff's allegations establish a constitutional violation, it must then be determined whether the constitutional right was clearly established at the time of the defendant's actions to ensure that the state actor had "fair warning" that the alleged action was unconstitutional.  Hope v. Pelzer, 536 U.S. 730, 740 (2002) (officers sued in a civil action for damages have the same right to fair notice as do defendants charged with a criminal offense); Saucier at 202 ("The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.")

7

The Supreme Court has determined that the inquiry into whether the constitutional right was clearly established must take into consideration the particular circumstances at issue in the case. Id. at 201 ("this inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition"). Next, if plaintiff shows that the constitutional right at issue was clearly established, the qualified immunity inquiry focuses on whether an objectively reasonable official in defendant's position would have understood that the alleged action violated plaintiff's rights. Id. at 208 ("The question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards.").

Qualified immunity is available to a state actor who violates a clearly established right if he acted under the mistaken but reasonable belief that his actions were lawful. See Malley v. Briggs, 475 U.S. 335, 341 (1986) (qualified immunity leaves "ample room for mistaken judgments" and protects "all but the plainly incompetent or those who knowingly violate the law"); Wilson v. Layne, 141 F.3d 111, 114 (4th Cir. 1998) (qualified immunity protects law enforcement officers from "bad guesses and gray areas" and ensures that they are liable only "for transgressing the bright lines."). This is consistent with the purpose of qualified immunity to avoid chilling official action by exposing officials to personal liability for good faith judgments. Harlow, 457 U.S. at 814-15.

In the instant case, there was no constitutional violation because the disciplinary reports at issue were dismissed. Accordingly, the remaining defendants are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, defendants Department of Correction, Therien and Thomas respectfully request that this Court dismiss the remainder of Schmitt's Complaint in its entirety.

Dated: April 13, 2007

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ Jody T. Adams
_____
Jody T. Adams, Counsel
BBO No. 633795
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300 x169

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served on plaintiff, pro se, via first class mail.

Dated: 4/13/2007

/s/ Jody T. Adams
_____
Jody T. Adams, Counsel

9

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

C.A. No. 05-10571

Joseph Schmitt
    Plaintiff

v.

Carter Thomas, et al.,
    Defendants

### CERTIFICATION OF RECORD

I, Anthony Catalano, certify that the attached documents represent a true, accurate, and complete copy of the Disciplinary Report for Joseph Schmitt, Disciplinary Report Number 02-1134, as maintained in the Disciplinary Report files.

Signed under the pains and penalties of perjury this 28th day of February 2007.

_____ COI
Anthony Catalano
Disciplinary Office

**EXHIBIT 1**

6/19

# MASSACHUSETTS DEPARTMENT OF CORRECTION
## MCI-CEDAR JUNCTION AT WALPOLE
### DISCIPLINARY REPORT

INMATE: Joseph Schmitt     ID#: W-57126     HOUSING UNIT: WWSU # 7

DATE: June 12, 2002     D-REPORT NO.: 02-1134

OFFENSES(S) & CODE NO.: #2; #18; #19; #32; #33

MINOR____ (MAJOR)____ REFERRED TO DISTRICT ATTORNEY____

MAJOR____ REFER TO SPECIAL DDU HEARING OFFICER____

DESCRIPTION OF OFFENSE(S):

On June 11, 2002 inmate Joseph Schmitt violated departmental rules by authoring a letter that was sexually explicit and threatening in nature. Inmate Schmitt referred to this reporting officer as a "Zebra" and stated he was going to "slam a lawsuit up my ass". Inmate Schmitt also made statements of authoring a story about a cop and his family who are "visited" by an angry ex-con and rape, torture, murder are mentioned. It should be noted inmate Schmitt is scheduled to be released in August 2002.

HAS INMATE BEEN PLACED ON AWAITING ACTION STATUS? YES____ NO____

REPORTING STAFF PERSON'S SIGNATURE _____
Carter Thomas, C.O. IPS

DAYS OFF  F  / S
SHIFT  7  / 3          (PLEASE PRINT NAME)

SHIFT COMMANDER'S SIGNATURE _____ Date: 6-12-02

DISCIPLINARY OFFICER'S SIGNATURE _____ Date 6-13-02

APPEAL RESULTS All charges dismissed (GCD)

REVIEWING AUTHORITY _____ DATE: 8-11-02

OFFENSES:

2. VIOLATING ANY DEPARTMENTAL RULE OR ANY OTHER RULE, REGULATION, OR CONDITION OF AN INSTITUTION OR COMMUNITY-BASED PROGRAM.
18. FIGHTING WITH, ASSAULTING, OR THREATENING ANOTHER PERSON WITH ANY OFFENSE AGAINST HIS PERSON OR PROPERTY.
19. USE OF OBSCENE, ABUSIVE, OR THREATENING LANGUAGE, ACTION, OR GESTURE TO ANY INMATE, STAFF MEMBER, OR VISITORS.
32. VIOLATING ANY LAW OF THE COMMONWEALTH OF MASSACHUSETTS OR THE UNITED STATES.
33. ATTEMPTING TO COMMIT ANY OF THE ABOVE OFFENSES, MAKING PLANS TO COMMIT ANY OF THE ABOVE OFFENSES OR AIDING ANOTHER PERSON TO COMMIT ANY OF THE ABOVE OFFENSES SHALL BE CONSIDERED THE SAME AS THE COMMISSION OF THE OFFENSE ITSELF.

REPORTING OFFICER'S SIGNATURE: _____ TITLE: _____

# DEPARTMENT OF CORRECTION
## NOTICE OF DISCIPLINARY HEARING

TO: **JOSEPH SCHMITT**  I.D. #: **W-57126**

Re: Disciplinary Report #: **02-1134**  Date: **06/12/2002**

You have been charged with a disciplinary offense(s) which has been referred to the Hearing Officer for a hearing. A description of the offense(s) is contained in the attached Disciplinary Report. Your disciplinary hearing has been scheduled for:

**06/19/2002**

(Date of Hearing)

If you wish to be represented, request the presence of the reporting staff person, request other witnesses, and/or request a taped hearing, please fill out the attached Request for Representation/Witness Form. If you wish to request evidence, please fill out the attached Request for Evidence Form.

Notice Served By:_____ Date:_____ Time:_____

Inmate's Signature:_____ Date:_____ Time:_____

***When an inmate has been given copies of the above enumerated documents, but refuses to sign this acknowledgement, the staff person who delivered the documents shall complete the following:

I personally delivered copies of this Notice, Disciplinary Report, Request for Representation/ Witness Form, and Request for Evidence Form to: **JOSEPH SCHMITT**

(Inmate's Name)

and he refused to sign.

Staff Person's Signature: *C/O W. Andrade*  Date: 6/14/02
Print Name: *C/O W. Andrade*  Time: 8:30 pm

**The actual scheduling of the hearing may be delayed if circumstances require; however, you will be notified of the actual date of the re-scheduled hearing at least twenty-four (24) hours in advance of that date.

MCI Cedar Junction

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

C.A. No. 05-10571

Joseph Schmitt
    Plaintiff

v.

Carter Thomas, et al.,
    Defendants

## CERTIFICATION OF RECORD

I, Anthony Catalano, certify that the attached documents represent a true, accurate, and complete copy of the Disciplinary Report for Joseph Schmitt, Disciplinary Report Number 02-1223, as maintained in the Disciplinary Report files.

Signed under the pains and penalties of perjury this 28th day of February 2007.

_____
Anthony Catalano
Disciplinary Office

**EXHIBIT 2**

# MASSACHUSETTS DEPARTMENT OF CORRECTION
## MCI-CEDAR JUNCTION AT WALPOLE
### DISCIPLINARY REPORT

INMATE: Joseph Schmitt   ID#: W-57126   HOUSING UNIT: WWSU #107

DATE: June 20, 2002   D-REPORT NO.: 02-1223

OFFENSES(S) & CODE NO.: #2; #8; #19; #32; #33

MINOR_____  (MAJOR)_____  REFERRED TO DISTRICT ATTORNEY_____

MAJOR_____  REFER TO SPECIAL DDU HEARING OFFICER_____

DESCRIPTION OF OFFENSE(S):

On June 20, 2002 inmate Joseph Schmitt violated departmental rules by authoring a letter that was threatening in nature. Inmate Schmitt stated, "the nigger Carter Thomas is going to pay dearly for his bullshit. I'll have my justice soon enough". It should be noted inmate Schmitt is scheduled to be released in August, 2002.

HAS INMATE BEEN PLACED ON AWAITING ACTION STATUS? YES_____ NO_____

REPORTING STAFF PERSON'S SIGNATURE _____
Carter Thomas, C.O. IPS

DAYS OFF  F  /  S
SHIFT  7  /  3
(PLEASE PRINT NAME)

SHIFT COMMANDER'S SIGNATURE  Capt. Jos Jones  Date: 6/20/02

DISCIPLINARY OFFICER'S SIGNATURE _____  Date: 6/27/02

APPEAL RESULTS  All charges dismissed  GCD

REVIEWING AUTHORITY _____  DATE: 8-11-02

2. VIOLATING ANY DEPARTMENTAL RULE OR ANY OTHER RULE, REGULATION, OR CONDITION OF AN INSTITUTION OR COMMUNITY-BASED PROGRAM.
18. FIGHTING WITH, ASSAULTING, OR THREATENING ANOTHER PERSON WITH ANY OFFENSE AGAINST HIS PERSON OR PROPERTY.
19. USE OF OBSCENE, ABUSIVE, OR THREATENING LANGUAGE, ACTION, OR GESTURE TO ANY INMATE, STAFF MEMBER, OR VISITORS.
32. VIOLATING ANY LAW OF THE COMMONWEALTH OF MASSACHUSETTS OR THE UNITED STATES.
33. ATTEMPTING TO COMMIT ANY OF THE ABOVE OFFENSES, MAKING PLANS TO COMMIT ANY OF THE ABOVE OFFENSES, OR AIDING ANOTHER PERSON TO COMMIT ANY OF THE ABOVE OFFENSES, SHALL BE CONSIDERED THE SAME AS THE COMMISSION OF THE OFFENSE ITSELF.

REPORTING OFFICER'S SIGNATURE: _____     DATE 6/20/02

DEPARTMENT OF CORRECTION
NOTICE OF DISCIPLINARY HEARING

TO: JOSEPH SCHMITT                           I.D. #: W-57126

Re: Disciplinary Report #:   02-1223          Date: 06/20/2002


You have been charged with a disciplinary offense(s) which has been referred to the Hearing Officer for a hearing. A description of the offense(s) is contained in the attached Disciplinary Report. Your disciplinary hearing has been scheduled for:

07/04/2002

(Date of Hearing)


If you wish to be represented, request the presence of the reporting staff person, request other witnesses, and/or request a taped hearing, please fill out the attached Request for Representation/Witness Form. If you wish to request evidence, please fill out the attached Request for Evidence Form.

Notice Served By:_____ Date:_____ Time:_____

Inmate's Signature:_____ Date:_____ Time:_____


***When an inmate has been given copies of the above enumerated documents, but refuses to sign this acknowledgement, the staff person who delivered the documents shall complete the following:

I personally delivered copies of this Notice, Disciplinary Report, Request for Representation/ Witness Form, and Request for Evidence Form to:   JOSEPH SCHMITT
(Inmate's Name)

and he refused to sign.

Staff Person's Signature: C/O W. Andrade            Date: 6/27/02
Print Name: C/O W. Andrade                          Time: 8:00 pm

**The actual scheduling of the hearing may be delayed if circumstances require; however, you will be notified of the actual date of the re-scheduled hearing at least twenty-four (24) hours in advance of that date.

MCI Cedar Junction

6-27-02

Peter Allen:

**EXHIBIT 3**

RE: Harassment by Defendant Carter Thomas

    Be advised, that once again, your IPS CO Thomas is abusing the disciplinary system to obtain personal vengeance against me because it is my opinion that he is a "hunk of shit nigger" and is my intention to "make him pay dearly for his vindictive harassment."

    On 06-20-2002 said IPS CO/Defendant in several lawsuits filed by me wrote D-report 02-1223, because I exercised my 1st Constitutional Amendment right by expressing my opinions and expectations to an adult friend via mail.

    As the Superintendent of MCI-CJ and direct supervisor of the IPS I demand that you instruct IPS CO Carter Thomas to cease his harassment or I will without doubt file yet another lawsuit against you for Supervisorial Negligence and violation of my 1st and 8th Constitutional Amendment right. I'll also file suit against Carter Thomas, William Grossi and every other MCI-CJ public employees involved in this specific issue. I will not accept corruption and harassment!

Sincerely,

Joseph P. Schmitt

Joseph P. Schmitt W3712

CC: IPS File
    Julie E. Daniele