UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-cv-10571-RWZ

JOSEPH SCHMITT,
     Plaintiff,

v.

CARTER THOMAS, et al.,

     Defendants.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS TO ALLOW THE PLAINTIFF
LEGAL PHOTOCOPYING IN HIS PRESENCE AND
DEFENDANTS' MOTION FOR SANCTIONS.**

Now come the defendants and oppose plaintiff's "Motion to Compel Defendants to Allow the Plaintiff Legal Copying in His Presence." Defendants also hereby move for sanctions due to Schmitt's failure to abide by this Court's many warnings to cease filing frivolous and duplicative motions.

Schmitt has filed this <u>exact</u> same motion in five of the lawsuits pending before this Court, specifically: 06-cv-11862, 06-cv-10766, 06-cv-10569, 05-cv-10571 and 05-cv-10573. Schmitt should be sanctioned with the **dismissal** of his lawsuits for his repeated refusal to comply with this Court's Orders to cease filing frivolous and duplicative motions. In the alternative, all of Schmitt's future motions should be dismissed sua sponte with monetary sanctions imposed.

Schmitt has blatently disregarded the warning given by this Court in an Order dated February 5, 2007. <u>See</u> docket number 43. The Court stated that, "Plaintiff is not entitled to flood the court with multiple unrelated and frivolous filings and is hereby put on notice that in the future, this court will impose sanctions for repeated frivolous submissions, which may include dismissal of the action. As has been true in plaintiff's other actions, this action has been burdened by his

unreasonable motion practice."   Given Schmitt's defiance of this Court's repeated warnings, defendants move that Schmitt be sanctioned with the dismissal of this and all lawsuits pending before this Court.  In the alternative, defendants further move that all future motions by Schmitt be denied <u>sua</u> <u>sponte</u>, with further monetary sanctions imposed for his relentless filing of frivolous and meritless motions.  Schmitt's frivolous and duplicative motions continue to waste this Court's and the Commonwealth's time and resources.

Finally, defendants oppose plaintiff's request for an Order requiring that his legal work be copied in his presence.  The Department of Correction Library Services Policy, 103 CMR 478 does not require this, and it would be unfair to other residents who are also seeking photocopies, for Schmitt to receive special treatment.  Schmitt's paranoid and conclusory allegations about his photocopies being turned over to defendants' legal counsel are wholly without merit.

<u>CONCLUSION</u>

For the foregoing reasons, Schmitt's Motion to Compel Defendants to Allow the Plaintiff Legal Copy in His Presence should be denied.  Schmitt should be sanctioned with dismissal of this and all other lawsuits for his willful defiance of this Court's Orders to refrain from filing the same frivolous motions in all his pending lawsuits.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ Jody T. Adams
_____

DATED: April 24, 2007

Jody T. Adams, Counsel
B.B.O. # 633795
Department of Correction, Legal Division
70 Franklin Street, Suite 600
Boston, MA  02110-1300
(617) 727-3300 ext. 169

## <u>CERTIFICATE OF SERVICE</u>

I hereby state under the pains and penalties of perjury that I did this day serve a photocopy of the above document upon plaintiff (pro se) via first class mail.

Date:  4/24/07                          /s/ Jody T. Adams
                                        _____
                                         Jody T. Adams, Counsel