UNITED STATES DISTRICT COURT

JOSEPH P. SCHMITT, pro se.,
    Plaintiff,

v.                                    CIVIL ACTION NO. 2005-10571-RWZ

CARTER THOMAS, et al.,
    Defendants.

FILED
IN CLERKS OFFICE
2007 MAY -4 P 12:12
U.S. DISTRICT COURT
DISTRICT OF MASS.

PLAINTIFF'S OPPOSITION TO,
DEFENDANTS' RENEWED MOTION TO DISMISS

    Now comes the pro se Plaintiff and opposes the defendants renewed motion to dismiss.
    As grounds thereof, plaintiff states the following.
1.    Plaintiff has filed,"Plaintiff's Motion For Reconsideration Of Court's (Rya W. Zobel) Order Dated February 5,2007" on or about February 16,2007, which has yet to be answered by the Court. It is believed that the Court's decision is an error and shall be corrected by said Court, thus reinstating all defendants in this action.
2.    Plaintiff is filing an addendum to his above noted motion for reconsideration along with this instant motion.
3.    The defendants now allege that the disciplinary reports were dismissed. This matter raises very suspicious facts as to the integrity of the alleged copy of the disciplinary reports submitted by the defendants in their renewed motion to dismiss.
4.    Plaintiff's action is based upon disciplinary reports 02-1223 (exhibit "F" in complaint), 02-1134 (exhibit "G" in complaint), and 02-1288 (exhibit "H" in complaint). However, defendants renewed motion to dismiss only represents an alleged copy of disciplinary reports 02-1134 and 02-1223. Defendant mysteriously fail to include the letter for which defendant Thomas authored two disciplinary reports against the Plaintiff on June 12,2002 then again on June 20,2002.
5.    It is the contention of the defendants that there were no sanctions as a result of the disciplinary reports. However, it is very clear that the chilling of ones Constitutional First Amendment Right of Freedom of Speech is in itself an act of permanate damage. You can not yell fire in a crowded theater and then take your words back. As such, Carter Thomas did not only write the pro se Plaintiff one Disciplinary report for a letter authored to Joseph Chavez on May 30,2002 as shown in complaints exhibits "F" and "G", but did in fact author two disciplinary reports against the pro se Plaintiff for the exact same letter to his friend Joseph Chavez. This in itself is a clear showing of defendant Carter Thomas' true intent. The malicious, abusive and corrupt actions of a Department of Correction IPS Officer in the midst of conducting an investigation against the Plaintiff which has the intention and/or potentional to cause the Plaintiff to lose his liberty and freedom for the period of one day to the remainder of his natural life.
6.    Defendants attempt to deceive this Court by alleging that that the disciplinary reports had NO EFFECT on Plaintiff's rights as an inmate or on his status as a sexually dangerous person. The plaintiff's complaint before this Court, USDC-2006-cv-11862-RWZ,

contains exhibit "D" which are the Plaintiff SDP trial transcripts. A review of said transcripts, pages 1-96 through 1-129 clearly show that the disciplinary reports were in fact a subject of the Plaintiff's SDP trial and as such did have an impact upon said trial.

7. The fact that Plaintiff made unkind comments about Thomas Carter in his letter to Joseph Chavez is written matter fully and completely protected by the United States Constitution First Amendment.

8. Defendants, clearly attempt to grab the sympathy of this Court by the use of "UNDISPUTED FACTS" paragraph number 6. The fact that PLaintiff did or did not make statement (in his letter to Joseph Chavez not to any coorectional official) is protected by the First Amendment of the United States of America.

9. Defendants further attempt to gain sympathy by the use of paragraph number 7. And again, the fact that Plaintiff stated this in a letter intended for Joseph Chavez clearly makes any argument of defendants moot as this is protected speech, whether or not Carter Thomas approves or disapproves of Plaintiff's personal beliefs or hostile feelings.

10. Plaintiff has, beyond any and all doubt, established a claim upon which he is entitled relief. As such, defendants motion to dismiss the action is moot and must be struck down.

11. Defendants attempt to claim that Plaintiff has no claim for unconstitutional disciplinary reports because they were dismissed. Again, the fact that Thomas issued two disciplinary reports against Plaintiff for excersizing his guaranteed U.S. Constitutional Right of FREE SPEECH is enough to defeat this weak allegation. Plaintiff's permanate institutional records are forever tainted by these reports. Plaintiff's G.L.c. 123A SDP trial is forever tainted by these reports. Defendant Carter Thomas's actions were deliberate and intentional. Two vertually identical disciplinary reports attest to this fact. Plaintiff does not need to attempt to explain how the receip of the disciplinary reports for <u>racial</u> slurs or and other subject matter Plaintiff wishes to author pursuant to his GUARANTEED U.S. CONSTITUTIONAL FIRST AMENDMENT RIGHTS would effect the determination of whether or not he was SDP or not.

12. Defendants once again attempt to take the attention off the real issues of the action and divert it ever which way. In this attempt the defendants claim Plaintiff could not have been all that concerned about documents being used against him at his SDP trial given that shortly after the disciplinary reports by officer Thomas, he wrote a letter to Superintendent Peter Allen, dated June 27,2002, in which he stated, "your IPS CO THomas is abusing the disciplinary system to obtain personal vengeance against me because it is my opinion that he is a "hunk of shit nigger" and it is my intention to " make him pay dearly for his vindictive harassment." In response to this sorry attempt to obtain sympathy from the court, Plaintiff first reminds the Court that his SDP trial took place in very late 2005 and february 2006. Plaintiff did not know he was being reviewed for civil committemnt until well after the incidents of this action. And lastly, a review of the letter Plaintiff wrote to the Superintendent clearly shows that Plaintiff was simply explaining the facts already clearly indicated in previous letter and two disciplinary reports. The fact that PLaintiff did or did not clearly explain himself does not reduce the fact that Plaintiff was clearly trying to get the abusive actions of defendant Carter Thomas to stop.

13. As was the case in Schmitt v. Smith and Schmitt v. Mulvey, 2004-10717-RWZ and 2004-10451-RWZ, defendants do not have qualified

immunity in this matter.

CONLUSSION:

    For the reasons stated above, the defendants motion to dismiss must be struck down.

Dated: April 24, 2007

                              Respectfully filed,

                              Joseph P. Schmitt, pro se
                              Nemansket Corr. Facility
                              30 Administration Road
                              Bridgewater, Massachusetts
                              02324-3230