UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10571-RWZ

JOSEPH PETER SCHMITT

v.

THOMAS CARTER, et al.

ORDER

July 9, 2007

ZOBEL, D.J.

  Plaintiff was, until August 11, 2002, an inmate at MCI-Cedar Junction. Since then he has been civilly committed as a sexually dangerous person at the Bridgewater Treatment Center. In this case he complains about two disciplinary reports issued by officials at MCI-Cedar Junction for conduct committed at that institution. Defendants, several correction officers and officials at MCI-Cedar Junction and the Department of Corrections ("DOC") moved to dismiss the complaint the first time on August 31, 2006. (Docket # 29.) This motion was premised on three arguments: (1) that several defendants had not been timely served; (2) that the issue was moot as plaintiff was no longer incarcerated at MCI-Cedar Junction; and (3) that the complaint was barred by the doctrine of res judicata as plaintiff could have included it in any number of other cases in which he alleged unconstitutional disciplinary reports. The motion was allowed as to the three defendants who had not been served. (Docket # 43.) The court did not accept defendants' argument that the matter was moot but ruled that plaintiff

lacked standing to challenge the disciplinary policies and procedures at the institution in which he was no longer incarcerated.  The court implicitly overruled the objections based on res judicata and denied the motion without prejudice as to the three remaining defendants, DOC, Thomas Carter and Ernest Therrien because plaintiff alleged that the disciplinary reports had an effect on a future "M.G.L.c. 123A SDP Civil Committment (sic) Trial."  (Docket # 2, Complaint ¶ 30.)

Plaintiff has moved for reconsideration (Docket # 45) on the ground that the failure to make service was attributable entirely to the United States Marshal's Service which ignored plaintiff's several requests.  Defendants, too, seek a second bite at the apple, but they style their request "Motion to Dismiss (Renewed)."  (Docket # 46.)  Their new, not renewed, arguments rely on the fact that the disciplinary reports in issue were never prosecuted, indeed they were dismissed.  Defendants assert that under these circumstances there can be no violation of plaintiff's constitutional rights and that, in any event, defendants are entitled to qualified immunity.  Defendants' motion is allowed.

Exhibits to defendants' motion show that the disciplinary reports were dismissed and that no sanctions ever resulted therefrom.  (Docket # 46, Exs. 1-3.)  Plaintiff again suggests that, nonetheless, the reports had a potential effect on his civil commitment trial in which he was determined to be a sexually dangerous person, and he cites to the transcript of that trial in October 2005 which is an exhibit to the complaint in another of his cases, Schmitt v. Murphy, Civil Action 06-11862-RWZ.  According to the transcript, however, while the large number of disciplinary reports was a factor in the view of the

experts who testified (see Schmitt v. Murphy, Civil Action No. 06-11862-RWZ, Docket # 5, Trial Tr., vol. 2, Oct. 21, 2005, Testimony of Dr. Barbara Quinones at 21-22; Testimony of Dr. Niklos Tomich at 184-86), they relied almost entirely on plaintiff's conduct at the Bridgewater Treatment Center and the discipline imposed there, not at MCI-Cedar Junction.  (Id. Quinones Testimony at 23-33; Tomich Testimony at 184-86.) Furthermore, the specific reports which are the subject of this law suit were not individually identified as supporting the case against plaintiff by either expert.  Nor were the disciplinary reports a significant factor in the superior court justice's decision finding Mr. Schmitt a sexually dangerous person. See Commonwealth v. Schmitt, No. WOCV200201529, 2006 WL 2560313, *2-3 (Mass. Super. Jun. 9, 2006).  Thus, plaintiff has not only failed to show that he was damaged by the dismissed disciplinary reports in issue in this case, he has affirmatively shown that any potential damage never materialized.

Accordingly, the renewed motion to dismiss is allowed.  All remaining motions are denied as moot.

Judgment may be entered dismissing the complaint.


|  July 9, 2007  | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |