# MANDATE

# United States Court of Appeals
## For the First Circuit

05-10571
USDC-MABO
J. Zobel

No. 07-2177

JOSEPH P. SCHMITT,

Plaintiff, Appellant,

v.

THOMAS CARTER, ET AL.,

Defendants, Appellees.

Before

Torruella, <u>Circuit Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Howard, <u>Circuit Judge</u>.

JUDGMENT

Entered: May 16, 2008

    Plaintiff-appellant Joseph P. Schmitt brought a civil rights claim in the United States District Court for the District of Massachusetts against state prison officials, alleging that certain disciplinary citations issued against him while he was imprisoned violated his right of free speech. The citations in question were dismissed without action when Schmitt's prison term ended and he was transferred to a civil commitment facility for sexually dangerous persons. Even so, Schmitt maintains that he suffered a legally cognizable injury to his right of free speech because those dismissed citations were part of the factual record used against him in the state court hearing that resulted in his civil confinement.

    The district court ultimately dismissed Schmitt's claim because he failed to show that he was damaged by the disciplinary citations in question at his civil commitment hearing. It noted that the citations were not "a significant factor in the [Massachusetts] superior court justice's decision finding Mr. Schmitt a sexually dangerous person." Schmitt insists that the use of the citations in the civil commitment case against him violated

his rights, regardless of the particular evidentiary weight they were assigned by the superior court justice.

Even absent an injury resulting in substantial compensatory damages, there are times when a plaintiff can claim nominal damages for a constitutional violation under the federal civil rights laws. See Wagner v. City of Holyoke, 404 F.3d 504, 509 (1st Cir. 2005). In this case, however, Schmitt had a court hearing on his civil commitment at which he could have challenged the evidentiary use of the disciplinary citations in question based on his constitutional free-speech arguments. Schmitt did not do so. Having acquiesced in the evidentiary use to which these citations were put, he can hardly claim that said usage turned the dismissed citations into actionable violations of his constitutional rights. Schmitt is, in essence, trying to use federal civil rights law to raise a collateral challenge on an unpreserved evidentiary question that was for the state court civil commitment hearing in the first instance. The district court's determination that Schmitt has alleged no legally cognizable injury to his constitutional rights was appropriate.

We express no view on the defense claims of qualified immunity and lack of service of process.

The judgment is **affirmed**.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 6-9-08

By the Court:

/s/ Richard Cushing Donovan, Clerk.

cc:
Joseph P. Schmitt
Jody Adams Brenner